**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br><br>Defendants. | Case No.: 1:22-cv-00708<br><br>**DEFENDANT FAR AHEAD MARKETING'S POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Presentment Date: April 7, 2022<br>Time: 1:45 p.m.<br>Location: 1403<br><br>Hon. Sara L. Ellis<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Far Ahead Marketing, LLC is a Wyoming Limited Liability Company with its principal place of business in New York, New York. It has no members, employees, or contractors that work in Illinois. It has never done business in or directed business towards Illinois. Plaintiffs do not allege that Far Ahead had case related contacts with Illinois.

Yet Plaintiffs are attempting to sue Far Ahead in Illinois through their Complaint under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty). Because Far Ahead has no contacts, let alone minimum case related contacts, with this forum, Far Ahead respectfully requests that the Counts raised against it through the Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

**II.     ARGUMENT**

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. Fed.R.Civ.Proc. 12(b)(2). If a defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). And once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783.

Plaintiff's burden depends on whether an evidentiary hearing has been held. *Id.* at 782. When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* When the district court rules on a defendant's motion to dismiss based on the submission of written materials without an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id.* In evaluating whether the *prima facie* standard has been satisfied, factual disputes should be resolved in the plaintiff's favor. *Id.*

In a federal question case, when a defendant has sufficient minimum contacts with the United States to subject itself to the jurisdiction of the United States, however, does not have general or specific contacts sufficient to subject it to jurisdiction in Illinois, the "threshold question" becomes "whether the federal court in Illinois has been authorized to exert the full power of the nation." *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001); *see also Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (citing *Omni Capital Int'l v. Rudolf Wolff Co.*, 484 U.S. 97 (1987) and FRCP 4(k) to require a district judge to determine whether the state in which the district court tis located is authorized to exercise personal jurisdiction, even in federal question cases). The Defense of Trade Secrets Act does not permit nationwide service and thus does not permit this Court to exert the full power of the nation when determining whether it has personal jurisdiction. 18 U.S.C. § 1831 *et. seq.*

The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILL. COMP. STAT. 5/2-209(c). Thus, here, the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The key question is therefore whether the defendants have sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Each defendant must have purposefully availed itself of the forum state such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzemcz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Personal jurisdiction can be established through general or specific minimum contacts.

### A. **Far Ahead Has No Contacts With Illinois**

Often, the minimum contacts analysis can be complicated. Here, it is not. Contrary to the allegation in the Complaint at paragraph 16 (ECF Document # 1 "Complaint"), Far Ahead Marketing, LLC ("Far Ahead") is a Limited Liability Corporation incorporated under the laws of Wyoming. Declaration of Joshua Ogle ("Ogle Decl.") ¶ 3. Its main office and principal place of business is in New York, New York. Ogle Decl. ¶ 5. Its agent for service of process is Registered Agents, Inc., a corporation located in Sheridan, Wyoming. Ogle Decl. ¶ 6. Joshua Ogle, a citizen of the state of New York, is a Member of the LLC and its Manager. Ogle Decl. ¶¶ 1, 3.

Far Ahead does not maintain any offices in Illinois. Ogle Decl. ¶ 7. None of its members live in or are otherwise citizens of Illinois. Ogle Decl. ¶ 7. Far Ahead does not employ anyone in Illinois. Ogle Decl. ¶ 7. It does not and has not contracted for services with any independent contractors in Illinois. Ogle Decl. ¶ 4. It does not advertise for business in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts to perform services in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts to perform services for a company based in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts with an Illinois company for that company to perform services for Far Ahead. Ogle Decl. ¶ 7. It has not knowingly transacted any business with any entity in Illinois. Ogle Decl. ¶ 7.

Far Ahead does not have an agent for service of process designated in Illinois. Ogle Decl. ¶ 8. It does not maintain any bank accounts in Illinois. Ogle Decl. ¶ 8. It has never received funds, including wire transfers, from any entity, including any bank, located in Illinois. Ogle Decl. ¶ 8.

To the extent Far Ahead had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. Ogle Decl. ¶ 9. No representative of Far Ahead ever met with Smietana in Illinois, ever believed they were speaking with Smietana when he was in Illinois, and Far Ahead never entered a contract for services with any Plaintiff while any Plaintiff or Plaintiff representative was known to be in Illinois. Ogle Decl. ¶ 9. Other than Mr. Ogle, Far Ahead has not been engaged by, engaged, or had any relationship, business or otherwise, with any of the other named Plaintiffs. Ogle Decl. ¶ 10.

### B. Plaintiffs Do Not Allege Far Ahead Had Any Contact With Illinois

Indeed, other than falsely stating Far Ahead's state of organization and principal place of business, Plaintiffs' Complaint does not suggest otherwise. The Complaint acknowledges that Ogle is a citizen of the State of New York. Complaint ¶ 13. Plaintiffs allege that Plaintiff Skycoin Global Foundation Limited ("Skycoin") is a company organized under the laws of Singapore with a principal place of business in Singapore. Complaint ¶ 5. Plaintiff Symbolic Analytics ("Symbolic") is alleged to be a Delaware Corporation "in the United States." Complaint ¶ 6. And Plaintiff Smietana is simply alleged to be "an individual citizen of the United States" with no state citizenship alleged. Complaint ¶ 7.

The allegations in the Complaint that are specific to Far Ahead are contained under the heading "Joshua Ogle." Complaint ¶¶ 91-106. Those allegations show that even Plaintiffs admit that Far Ahead's alleged relationship to this case does involve contacts with Illinois. *See* Complaint ¶¶ 91-106. Plaintiffs admit that Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) retained Far Ahead. Complaint ¶ 95. They do not (and cannot) allege that this retention took place in Illinois or otherwise involved any contact with Illinois. *See*, Complaint ¶¶ 91-106. Plaintiffs similarly allege that Skycoin paid Far Ahead through wire transfers. Complaint ¶¶ 98, 100, 102-104, 106. Setting aside the fact that Far Ahead never received any wire transfers

from any Plaintiff, wire transfers from a Singaporean Corporation to a Wyoming LLC do not show any contacts with Illinois.

The only specific location mentioned in the Complaint, as it relates to Far Ahead, is Mr. Ogle's travel to China. Complaint ¶ 105. Like the alleged retention and false allegations regarding wire transfers, Mr. Ogle's trip to China does not establish minimum contacts with Illinois.

Plaintiffs' general allegations listed under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty) also do not suggest Far Ahead had any contact with, let alone minimum contacts with, Illinois. Plaintiffs' allegations contained in Count V (Complaint ¶¶ 190-194) are general in nature and do not show that Far Ahead had any contacts with Illinois. Plaintiffs do not include any allegations showing when, where, how, or specifically what Far Ahead did to engage in a Civil Conspiracy. These general allegations that do not include the time, place, or means for a Conspiracy do not show that Far Ahead had minimum contacts with Illinois. (Complaint ¶¶ 190-194).

Similarly, Plaintiffs' allegations contained in Count VI (Complaint ¶¶ 195-208) for Tortious Interference are general in nature and do not show that Far Ahead had any contacts with Illinois. Other than lumping Far Ahead together with all other Defendants, Plaintiff's allegations that relate to Count VI do not contain any specific allegations regarding Far Ahead. (Complaint ¶¶ 195-208). Plaintiffs do not allege that Far Ahead took any action in Illinois, that Far Ahead's actions affected Illinois in any way, or that Far Ahead was ever present in Illinois. (Complaint ¶¶ 195-208).

Plaintiffs' allegations contained in Count VIII (Complaint ¶¶ 216-228) for Violations of the Defend Trade Secrets Act are general in nature and do not show that Far Ahead engaged in any trade secret misappropriation let alone engaged in any tortious action in Illinois. Indeed, there are no allegations suggesting that Plaintiffs alleged trade secrets in an open-source project were held, maintained, or otherwise existed in Illinois. (Complaint ¶¶ 216-228). Setting aside Plaintiffs' failure to even identify the trade secret in an open-source project that is at issue, the Complaint

contains no allegations suggesting Far Ahead should have been named as a Defendant for this Count. (Complaint ¶¶ 216-228). As the Complaint alleges, Far Ahead is a marketing firm, its business is unrelated to Plaintiffs' business, and the Complaint contains no allegations that Far Ahead engaged in any actions related to any trade secrets in Illinois.

Plaintiffs' general allegations related to Count IX (Complaint ¶¶ 229-234) similarly do not implicate any contact between Far Ahead and Illinois. Far Ahead is not even specifically named under this count and the allegations supporting this claim do not appear to be related to Far Ahead. Thus, these general allegations cannot support the exercise of personal jurisdiction over Far Ahead.

Finally, Plaintiff's general allegations regarding Count XI (Complaint ¶¶ 244-251) for Breach of Fiduciary Duty do not support the exercise of personal jurisdiction over Far Ahead. The allegations do not identify any contracts or relationships arising out of contacts with Illinois. Nor do the allegations specifically state that Far Ahead had any contacts with Illinois. As noted above, the only relationships alleged are between Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) retained Far Ahead. Thus, these general allegations cannot support the exercise of personal jurisdiction over Far Ahead.

### III.   CONCLUSION

Because Far Ahead has no contacts with the State of Illinois, related or unrelated to this case, Plaintiffs' complaint against Far Ahead should be dismissed in its entirety for lack of personal jurisdiction.

Dated: April 1, 2022

MORELLO LAW, P.C.

By: /s/ Justin A. Morello
    JUSTIN A. MORELLO (CA SB# 239250)

Attorneys Specially Appearing for Defendant
Far Ahead Marketing, Inc.