UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br><br>Defendants. | Case No.: 1:22-cv-00708<br><br>DEFENDANT CATHERINE BYERLY'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION<br><br>Hon. Sara L. Ellis |

**DEFENDANT CATHERINE BYERLY'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

Now Comes defendant Catherine Byler, by and through her attorneys Cole Sadkin, LLC and in support of her MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION, states as follows:

**I.     INTRODUCTION**

Catherine Byerly is a resident of Florida and at all relevant times was a resident of Florida. She has not worked in Illinois, nor done work for any Illinois entities or businesses. Plaintiffs do not allege that Catherine Byerly had case related contacts with Illinois. Plaintiff's Complaint in fact states she is a resident of Florida.

Yet Plaintiffs are attempting to sue Catherine Byerly in Illinois through their Complaint under Count II (Fraud) Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty). Because Catherine Byerly has no contacts, let alone minimum case related contacts, with this forum, Catherine Byerly respectfully requests that the Counts raised against it through the Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II. ARGUMENT

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. Fed.R.Civ.Proc. 12(b)(2). If a defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). And once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783.

Plaintiff's burden depends on whether an evidentiary hearing has been held. *Id.* at 782. When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* When the district court rules on a defendant's motion to dismiss based on the submission of written materials without an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id.* In evaluating whether the *prima facie* standard has been satisfied, factual disputes should be resolved in the plaintiff's favor. *Id.*

In a federal question case, when a defendant has sufficient minimum contacts with the United States to subject itself to the jurisdiction of the United States, however, does not have general or specific contacts sufficient to subject it to jurisdiction in Illinois, the "threshold question" becomes "whether the federal court in Illinois has been authorized to exert the full power of the nation." *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001); *see also Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (citing *Omni Capital Int'l v. Rudolf Wolff Co.*, 484 U.S. 97 (1987) and FRCP 4(k) to require a district judge to determine whether the state in which the district court tis located is authorized to exercise personal jurisdiction, even in federal question cases). The Defense of Trade Secrets Act does not permit nationwide service and thus does not permit this Court to exert the full power of the nation when determining whether it has personal jurisdiction. 18 U.S.C. § 1831 *et. seq*.

The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILL. COMP. STAT. 5/2-209(c). Thus, here, the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The key question is therefore whether the defendants have sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Each defendant must have purposefully availed itself of the forum state such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzemcz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Personal jurisdiction can be established through general or specific minimum contacts.

    A.    **Catherine Byerly Has No Contacts With Illinois**

Often, the minimum contacts analysis can be complicated. Here, it is not. Plaintiffs assert the allegation in the Complaint at paragraph 25 (ECF Document # 1 "Complaint"), that Catherine Byerly is a resident of Florida. Catherine Byerly does not and has never lived in Illinois. ( See paragraph 2 of Byerly Declaration attached hereto as Exhibit 1). Byerly has not performed any work nor done any business in Illinois, nor for any entities that do business in Illinois (Byerly Declaration Paragraph 3). All work she performed related to any of the entities and/or people in the present litigation was performed from Florida. (Byerly Declaration Paragraph 4)

To the extent Byerly had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. (Byerly Declaration Paragraph 5). Catherine Byerly did not meet with anybody in Illinois with respect to this case, nor believed she was speaking to Smietana or Skycoin while they were in Illinois.

### B. Plaintiffs Do Not Allege Catherine Byerly Had Any Contact With Illinois

The Complaint acknowledges that Byerly is a citizen of the State of Florida. Complaint ¶ 25. Plaintiffs allege that Plaintiff Skycoin Global Foundation Limited ("Skycoin") is a company organized under the laws of Singapore with a principal place of business in Singapore. Complaint ¶ 5. Plaintiff Symbolic Analytics ("Symbolic") is alleged to be a Delaware Corporation "in the United States." Complaint ¶ 6. And Plaintiff Smietana is simply alleged to be "an individual citizen of the United States" with no state citizenship alleged. Complaint ¶ 7.

The allegations in the Complaint that are specific to Byerly are contained under the heading "Facts Common to all counts." Complaint ¶¶ 35-90. Plaintiff alleges Byerly among others stole access to Skycoin's media accounts (Complaint Paragraph 70). Plaintiff next alleges

that Byerly again among others changed passwords ((Complaint Paragraph 81). Finally Plaintiff alleges in paragraphs 83-90 unauthorized expenses by various people including Byerly.

Those allegations show that even Plaintiffs admit that Byerly's alleged relationship to this case does involve contacts with Illinois. None of the aforementioned allegations allege that Byerly performed any work in Illinois or in any way related to Illinois. Catherine Byerly was located in Florida, any and all activities performed by her were in Florida. There are no contacts with Illinois by Byerly alleged in the complaint.

Plaintiffs' general allegations listed under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty) also do not suggest Byerly had any contact with, let alone minimum contacts with, Illinois. Plaintiffs' allegations contained in Count V (Complaint ¶¶ 190-194) are general in nature and do not show that Byerly had any contacts with Illinois. Plaintiffs do not include any allegations showing when, where, how, or specifically what Byerly did to engage in a Civil Conspiracy. These general allegations that do not include the time, place, or means for a Conspiracy do not show that Byerly had minimum contacts with Illinois. (Complaint ¶¶ 190-194).

Similarly, Plaintiffs' allegations contained in Count VI (Complaint ¶¶ 195-208) for Tortious Interference are general in nature and do not show that Byerly had any contacts with Illinois. Other than lumping Byerly together with all other Defendants, Plaintiff's allegations that relate to Count VI do not contain any specific allegations regarding Byerly. (Complaint ¶¶ 195-208). Plaintiffs do not allege that Byerly took any action in Illinois, that Byerly's actions affected Illinois in any way, or that Byerly was ever present in Illinois. (Complaint ¶¶ 195-208).

Plaintiffs' allegations contained in Count VIII (Complaint ¶¶ 216-228) for Violations of the Defend Trade Secrets Act are general in nature and do not show that Byerly engaged in any trade secret misappropriation let alone engaged in any tortious action in Illinois. Indeed, there are no allegations suggesting that Plaintiffs alleged trade secrets in an open-source project were held, maintained, or otherwise existed in Illinois. (Complaint ¶¶ 216-228). Setting aside Plaintiffs' failure to even identify the trade secret in an open-source project that is at issue, the Complaint contains no allegations suggesting Byerly should have been named as a Defendant for this Count. (Complaint ¶¶ 216-228). As the Complaint alleges, Byerly was a contractor engaged to perform marketing services, and the Complaint contains no allegations that Byerly engaged in any actions related to any trade secrets in Illinois.

Plaintiffs' general allegations related to Count IX (Complaint ¶¶ 229-234) similarly do not implicate any contact between Byerly and Illinois. Byerly is not even specifically named under this count and there no allegations specific to Byerly. These general allegations cannot support the exercise of personal jurisdiction over Byerly.

Finally, Plaintiff's general allegations regarding Count XI (Complaint ¶¶ 244-251) for Breach of Fiduciary Duty do not support the exercise of personal jurisdiction over Byerly. The allegations do not identify any contracts or relationships arising out of contacts with Illinois. Nor do the allegations specifically state that Byerly had any contacts with Illinois. As noted above, the only relationships alleged are between Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) and Byerly as a "contractor". Thus, these general allegations cannot support the exercise of personal jurisdiction over Byerly.

**III.    CONCLUSION**

Catherine Byerly is and at all relevant times has been a resident of Florida. All work performed by her with reference to the litigation, entities and individuals involved was performed in Florida. She has not had any contact with Illinois. Plaintiff has not alleged she had any contact with Illinois. Plaintiffs complaint against defendant Catherine Byerly should be dismissed due to a lack of personal jurisdiction over Catherine Byerly.

Wherefore, defendant Catherine Byerly, by and through her attorneys, Cole Sadkin, LLC, requests this Honorable Court dismiss Catherine Byerly as a defendant pursuant to Federal Rule of Civil Procedure 12b2 due to lack of personal jurisdiction or any other relief this Court deems appropriate.


COLE SADKIN, LLC


By: /s/ Dean Barakat
    DEAN BARAKAT

Attorneys for Defendant Catherine Byerly



Dated: May 18, 2022

**COLE SADKIN LLC**
Mason S. Cole
Dean Barakat
1652 W Belmont, Ste 1
Chicago, IL 60657
P: (312) 380-7132
mcole@colesadkin.com
dbarakat@colesadkin.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES | Case No.:   1:22-cv-00708<br><br>**DEFENDANT CATHERINE BYERLY'S DECLARATION IN SUPPORT OF HER MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Hon. Sara L. Ellis |

**DECLARATION OF
CATHERINE BYERLY**

I, Catherine Byerly state as follows:

1. I am over eighteen and a resident of the State of Florida. I submit this declaration in support of my Federal Rule of Civil Procedure Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in the lawsuit titled *Brandon Smietana et al v. Bradford Stephens, et al,* pending in the United States District Court for the Northern District of Illinois, Case No. 1:22-cv-00708. I have

personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

1. By making this declaration in support of that motion, I am not consenting the personal jurisdiction of the Northern District of Illinois. Indeed, this declaration is being submitted to show that, just like I do not have any contacts with Illinois, Far Ahead does not have any contacts with the Northern District of Illinois.

2. I do not currently live in, nor have I ever lived in Illinois.

3. I have not performed any work, nor done any business in Illinois, nor for any individuals or corporations that primarily do business in Illinois.

4. Any work I performed with regard to any of the entities and/or individuals in the present litigation was performed from Florida.

5. To the extent I had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. I never met with Smietana in Illinois, never believed I spoke with Smietana or any Skycoin individuals when they were in Illinois.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of May 2022, at Polk County, Florida.

_Catherine Byerly_
Catherine Byerly