## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMIETANA and<br>SKYCOIN GLOBAL FOUNDATION LIMITED,<br>a Singapore company, and SYMBOLIC<br>ANALYTICS INC. a Delaware Corporation | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No.: 1:22-cv-00708 |
| | ) | |
| BRADFORD STEPHENS,<br>AARON KUNSTMAN,<br>HARRISON GEVIRTZ, f/k/a "HaRRo",<br>RYAN EAGLE, ANDREW YOUNG,<br>FAR AHEAD MARKETING,<br>JOEL WAYNE CUTHRIELL f/k/a "JOEL",<br>MORGAN PECK, TRISTAN GREENE,<br>BRYAN CLARK, CATHERINE BYERLY,<br>STEVEN LEONARD, JOSH OGLE, and<br>UNKNOWN INDIVIDUALS AND COMPANIES | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Honorable Sara L. Ellis |
| | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO DEFER BRIEFING DEFENDANTS' RULE 12 MOTIONS TO PERMIT DISCOVERY AND FOR LEAVE OF COURT TO ISSUE DISCOVERY

NOW COME Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA") (collectively "Plaintiffs"), by their counsel, and hereby move this Honorable Court to enter their Motion to Defer Briefing Defendants' Rule 12(b)(2) Motions to Permit Discovery and for Leave of Court to Issue Discovery. In support of this Motion, Plaintiffs submit the accompanying Memorandum.

1

DATED June 17, 2022                                              Respectfully submitted,

                                                                /s/        Michael C. Goode
                                                                Michael C. Goode


Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
Lawoffice_mcgoode@yahoo.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON SMIETANA and<br>SKYCOIN GLOBAL FOUNDATION LIMITED,<br>a Singapore company, and SYMBOLIC<br>ANALYTICS INC. a Delaware Corporation | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No.: 1:22-cv-00708 |
| BRADFORD STEPHENS,<br>AARON KUNSTMAN,<br>HARRISON GEVIRTZ, f/k/a "HaRRo",<br>RYAN EAGLE, ANDREW YOUNG,<br>FAR AHEAD MARKETING,<br>JOEL WAYNE CUTHRIELL f/k/a "JOEL",<br>MORGAN PECK, TRISTAN GREENE,<br>BRYAN CLARK, CATHERINE BYERLY,<br>STEVEN LEONARD, JOSH OGLE, and<br>UNKNOWN INDIVIDUALS AND COMPANIES | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Sara L. Ellis |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS TO DEFER BRIEFING DEFENDANTS' RULE 12 MOTIONs TO PERMIT DISCOVERY AND FOR LEAVE OF COURT ISSUE DISCOVERY

NOW COME Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL

FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a

Delaware Corporation ("SA") (collectively "Plaintiffs"), by their counsel and submit the following

Memorandum in support of their Motion to Defer Briefing Defendants' Rule 12 Motions to Permit

Discovery and for Leave of Court to Issue Discovery. In support, Plaintiffs state as follows:

## INTRODUCTION

Plaintiffs respectfully request the Court grant their motion deferring briefing of Defendant Far Ahead Marketing ("FAM") and Catherine Byerly's ("Byerly") respective Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction by allowing Plaintiffs to first issue discovery, including requests to admit, interrogatories, and document production. The motions to dismiss, including the attached declarations, made certain material misrepresentations that affect the facts and merits of this case. Because the defendants in this case are heavily related to each other, it is crucial to first issue and answer discovery to determine the accurate facts before responding to any dispositive motions affecting the merits of this case. Granting Plaintiffs leave to issue discovery and deferring briefing of the motions is in the best interest of justice and judicial efficiency.

## STATEMENT OF FACTS

1.      Plaintiffs filed their Complaint at Law on February 8, 2022. See *Exhibit A – Complaint.*

2.      The Complaint contains 13 counts against the defendants, including RICO, civil conspiracy, and Violations of the Defend Trade Secret Act. *Id.*

3.      On or about March 12, 2022, the Summons and Complaint were served upon several of the defendants, including Defendant Ogle ("Ogle"). See *Exhibit B – Certificate of Service.*

4.      On April 1, 2022, Defendant Far Ahead Marketing ("FAM") filed its Motion to Dismiss for Lack of Personal Jurisdiction. See *Exhibit C – FAM MTD.*

5.      FAM's Motion was accompanied by a Declaration signed by Defendant Ogle. See Declaration attached to *Exhibit C.*

6.      Josh Ogle is the owner of FAM, and upon information and belief he is the sole employee of FAM.

7.      On May 13, 2022, prior to submitting a joint status report, Plaintiffs' counsel spoke with Justin Morello ("Morello"), counsel for FAM. Morello informed Plaintiffs' counsel that the wrong Josh Ogle may have been served. However, upon questioning Morello regarding further information on Ogle, Morello stated that he does not know anything about Ogle, where he is located, or how he can be contacted.

8.      On May 18, 2022, Defendant Byerly filed her Motion to Dismiss for Lack of Personal Jurisdiction. See *Exhibit D –MTD Byerly.*

9.      On June 8, 2022, Plaintiffs filed a Motion for Extension of Time for Service of Process, requesting a 6-month enlargement of time to locate and serve five remaining defendants whom service has yet to be effectuated upon. See *Exhibit E – Motion for Extension.*

**ARGUMENT**

**I.      Discovery Must First Be Issued in Order For Plaintiffs To Adequately Respond To Defendants' Rule 12 Motions To Dismiss.**

Defendant Far Ahead Marketing and Defendant Byerly both filed motions to dismiss on the basis of a lack of personal jurisdiction.  Plaintiffs believe that there are sufficient contacts with the State of Illinois to for this Court to have personal jurisdiction over Defendants; however, Plaintiffs require discovery from Defendants in order to adequately respond to the present motions.

The Court faced a similar issue in *Teamsters Local Union No. 357 v. Republic Airline, Inc.*, when deciding whether to grant the plaintiffs' motion seeking leave to conduct discovery after the defendants filed a motion to dismiss for lack of subject matter jurisdiction. No. 1:15-cv-01066-WTL-MJD, 2015 U.S. Dist. LEXIS 118274 (S.D. Ind. Sep. 4, 2015). The court granted the plaintiffs' motion, stating that "as Plaintiff bears the ultimate burden of proof on the issue of

subject matter jurisdiction, the Court finds this [motion] to be reasonable request. In fact, to deny Plaintiff the ability to challenge Defendants' declarations could be construed as an abuse of discretion." *Id.* (citing to *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999) (holding the district court abused its discretion by relying upon an affidavit from defendant's manager as to subject matter jurisdiction "when plaintiff had no real opportunity to contest the allegation . . . Given its source and content, in the circumstances the affidavit was not by itself credible, and the trial court erred in relying upon it without further inquiry.")).

Similar to the case at hand, the defendants in *Teamster* filed a motion to dismiss based on lack of jurisdiction and accompanied their motion with a declaration. *Id.* Although Byerly and FAM submitted motions to dismiss based on lack of personal jurisdiction, rather than subject-matter jurisdiction, the burden of proof remains on the plaintiff in the same manner the court in *Teamster* described. Here, Plaintiffs have discovered several discrepancies between the assertions in the affidavits and Plaintiffs' prior knowledge. Therefore, it would be greatly prejudicial for the Court to rely solely on FAM and Byerly's motions and declarations without first allowing Plaintiffs the ability to issue written discovery and depose the affiants.

## II. The Rule 12 Motions To Dismiss And Declarations Contain Inaccuracies Which Require Plaintiffs To First Issue Discovery So That The Misrepresentations Can Be Addressed And The Motions Then Be Responded To.

As alleged throughout the Complaint, Defendants in this matter often acted in concert with one another. Therefore, evidence relating to one Defendant will most likely have an effect on another and is relevant in this matter. A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Hammond v. Trans World Airlines, Inc.*, No. 89 C 8398, 1991 U.S. Dist. LEXIS 6868 (N.D. Ill. May 21, 1991). *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 251, 254 (N.D.Ill. 1978)

(quoting 8 Wright & Miller, Federal Practice & Procedure, § 2008 at 46-47 (1970)). The current Rule 12 motions filed by Defendants FAM and Byerly, certain inaccuracies, which hinder Plaintiffs from adequately responding to the respective motions to dismiss.

### a. Catherine Byerly

Defendant Byerly submitted a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. See Dkt #20. The motion claims that Illinois is not the proper forum because she has not had any contacts, let alone minimum contacts, related to Illinois. *Id.* In support of her motion, Byerly included a signed declaration, declaring that she has never performed any work or done any business in Illinois, *or for any individuals or corporations that primarily do business in* Illinois, and further that she never spoke with any Skycoin individuals while they were in Illinois. *Id.* The declaration included an oath stating that "under penalty of perjury under laws of the United Sates of America that the foregoing is true and correct." *Id.*

However, Byerly engaged in business with Skycoin and was party to contracts with businesses who primarily do business in Illinois. Defendant Byerly's affidavit seems to be at odds with her involvement with Skycoin and other businesses within Illinois. Since the Court relies on declarations submitted by Plaintiffs and Defendants in such motions to make its determination, it is crucial that the veracity of those declarations be scrutinized. To promote judicial efficiency and allow Plaintiffs to sufficiently respond to the motion, the Court should grant Plaintiffs' motion to issue discovery prior to responding to the motion.

### b. FAM & Josh Ogle

Defendant FAM also submitted a motion to dismiss for lack of personal jurisdiction. See *Exhibit B.* Similar to Byerly, Defendant FAM's certain assertions in its motion and in the

declaration seem to be incorrect, which hinder Plaintiffs from properly responding without first issuing discovery. FAM claims that it did not have any contacts with Illinois and therefore the forum is improper. *Id.* Conversely, FAM is owned and solely operated by Defendant Josh Ogle, who signed the declaration attached to FAM's motion. Moreover, Ogle is a named defendant in this suit and was served by Plaintiffs in March of 2022 but has yet to appear or file any responsive pleadings. Plaintiffs even had a conversation with FAM's counsel, Justin Morello, who informed Plaintiffs that the wrong Ogle may have been served. Upon further questioning, regarding accepting waiver of service of summons or obtaining the correct contact information of Ogle, Morello informed Plaintiffs that he does not have any information on Ogle or how to contact him. However, as previously stated, Ogle personally signed the declaration attached to FAM's motion to dismiss, which was prepared by Morello.

Again, based on Plaintiffs' personal relationships, communications, and records with FAM and Ogle, Plaintiffs have reason to believe that there are inaccuracies in Defendant FAM's motion to dismiss and accompanying affidavit. Plaintiffs have knowledge that Ogle, while a representative of FAM, and FAM had contacts with Illinois and other Illinois Defendants, but would need discovery in order to adequately respond to the motion to dismiss.

These inaccuracies, combined with the intermingling of defendants and their relationships, further effectuates the necessity of discovery prior to responding to any such motions for the sake of justice and judicial efficiency.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant their Motion to Defer Briefing Defendants' Rule 12(b)(2) Motions to Permit Discovery and for Leave of Court to Issue Discovery.

DATED June 17, 2022                                    Respectfully submitted,

                                                       /s/ Michael C. Goode
                                                       Michael C. Goode


Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
Lawoffice_mcgoode@yahoo.com

# <u>EXHIBIT A</u>

**Plaintiffs' Complaint at Law**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMIETANA and | ) | |
| SKYCOIN GLOBAL FOUNDATION LIMITED, | ) | |
| a Singapore company, and SYMBOLIC | ) | |
| ANALYTICS INC.   a Delaware Corporation | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| BRADFORD STEPHENS, | ) | |
| AARON KUNSTMAN, | ) | |
| HARRISON GEVIRTZ, f/k/a "HaRRo", | ) | **JURY DEMANDED** |
| RYAN EAGLE, ANDREW YOUNG, | ) | |
| FAR AHEAD MARKETING, | ) | |
| JOEL WAYNE CUTHRIELL f/k/a "JOEL", | ) | |
| MORGAN PECK, TRISTAN GREENE, | ) | |
| BRYAN CLARK, CATHERINE BYERLY, | ) | |
| STEVEN LEONARD, JOSH OGLE, and | ) | |
| UNKNOWN INDIVIDUALS AND COMPANIES | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COME Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN

GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS,

INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael

C. Goode, for their Complaint against Defendants, Bradford Stephens, Aaron Kunstman, Harrison

Gevirtz f/k/a "HaRRo", Ryan Eagle, Andrew Young, Far Ahead Marketing, Joel Wayne Cuthriell

f/k/a "JOEL", f/k/a "Caribou", Morgan Peck, Tristan Greene, Bryan Clark, Catherine Byerly,

Steven Leonard, Josh Ogle, and *UNKNOWN INDIVIDUALS AND COMPANIES,* states as

follows:

## **PARTIES**

1.      SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company ("Skycoin"), is a consortium of related entities involved in the development of software, hardware, design, manufacturing and services operating under the consumer brand name "Skycoin", which includes Skycoin Global Foundation, a Singapore Company ("SGF"), Skycoin Foundation, a Singapore Company ("SF"), Symbolic Analytics Inc., a Delaware Corporation ("SA"), Shellpay China, a Chinese Company, as well as other entities that are responsible for regional operations or management of specific aspects of Skycoin's global operations.

2.      Skycoin created 100 million Skycoin Tokens during its launch in 2013, which were distributed and traded on various exchanges by 2017.

3.      The peak market capitalization of all existing Skycoin Tokens reached $5 Billion U.S. Dollars in January 2018.

4.      Defendants Bradford Stephens ("Stephens") and Harrison Gervitz ("Gervitz"), recognizing the success of Skycoin, devised a plan and scheme to defraud, extort and steal money and assets from Skycoin in concert with some or all of the other named Defendants in this Complaint.

5.      Plaintiff Skycoin Global Foundation Limited (hereinafter "Skycoin") is a private company organized under the laws of Singapore, having a principal place of business located at 2 Venture Drive, #11-31, Vision Exchange, Singapore.

6.      Plaintiff Symbolic Analytics (hereinafter "SA") is a private company organized under the laws of Delaware in the United States.

2

7.     Plaintiff Brandon Smietana ( hereinafter "Smietana" or "Synth"), is an individual citizen of the United States of America who is the Chief Software Architect and authorized representative of Skycoin Global Foundation and Symbolic Analytics.

8.     Defendant Bradford Stephens (hereinafter "Stephens"), is an individual citizen of the State of Illinois, U.S.A and residing in the City of Chicago.

9.     Defendant Ryan Eagle (hereinafter "Eagle"), is an individual citizen of the State of Illinois, U.S.A. and residing in Buffalo Grove.

10.    Defendant Harrison Gevirtz (hereinafter "Gevirtz" or HaRRo) is an individual citizen of either the State of New York or the State of California in the U.S.A.

11.    On information and belief, at all relevant times herein, Gevirtz has been the super administrator and/or owner of *blackhatsworld.com*, a hacking website. Gevirtz is involved in all activities of Stephens, by Stephens own admission.

12.    Defendant Andrew Young ( hereinafter "Young"), is an individual citizen of the State of New York in the U.S.A. and is believed to be residing therein.

13.    Defendant Joshua Ogle ( hereinafter "Ogle"), is an individual citizen of the State of New York.  On information and belief, Ogle is the owner of Far Ahead Marketing.

14.    Defendant  Steven Leonard (hereinafter "Leonard"), is an individual citizen of the State of New York who maintains his residence in the State of Florida. Pursuant to Fed. R. Civ. P. 11(b)(3), the factual contentions in this paragraph have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or during discovery.

15.    On information and belief, Defendant Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou" ( hereinafter "Cuthriell"), is an individual citizen of the State of Oklahoma.

16.     Defendant Far Ahead Marketing ( hereinafter "FAM") is a company organized under the laws of the State of California but maintains its principal place of business in Chicago, Illinois and New York.

17.     On information and belief, at all relevant times herein, FAM has been owned and/or controlled by Josh Ogle.

18.     Defendant Aaron Kunstman,( hereinafter "Kuntsman"), is an individual citizen of the State of Wisconsin who is residing in the City of Milwaukee.

19.     "Sudo" is a network of similarly named Telegram accounts, operated by a minimum of four persons. At least one of these persons is known to be Kuntsman. Bradford Stephens is widely believed to also be one of the account operators. The other two or more operators are currently unknown.

20.     Defendant Eagle Web Assets, Inc. ( hereinafter "EWA") is an Illinois corporation with its principal place of business in Cook County, Illinois and was involuntarily dissolved on August 9, 2013.

21.     On information and belief, despite being dissolved, Eagle and/or Gevirtz continued doing business as EWA.

22.     At all relevant times herein, Eagle continued to serve as registered agent for EWA, and EWA maintained a registered office, in Cook County, Illinois.

23.     At all relevant times, Defendant Eagle was the founder, President, Secretary and a Director of EWA.

24.     On information and belief, at all relevant times, EWA has been owned and/or controlled by Defendants Eagle and/or Gevirtz.

25.     Defendant Catherine Byerly (hereinafter "Byerly") is a resident of Florida.

4

26.     Defendant Tristian Greene (hereinafter "Greene") is a privately paid freelance journalist and is a resident of Chicago.

27.     Defendant Bryan Clarke (hereinafter "Clarke") is a privately paid freelance journalist and is a resident of New York.

28.     Defendant Morgan Peck ( hereinafter "Peck") is a privately paid freelance journalist and a resident of New York.

## JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) since the district courts have original jurisdiction of all civil actions arising under the laws of the United States and Plaintiff has asserted a claim under federal law, 18 U.S.C. § 1964 (RICO).

30.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(a)(2) and 1332(a)(3) given that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and in addition thereto, this civil action is between (a) citizens of different States (28 U.S.C. § 1332(a)(1)),(b) citizens of a State and a citizen or subject of a foreign state who are not domiciled in the same state (29 U.S.C. § 1332(a)(2)), and/or (c) citizens of different States and in which a citizen or subject of a foreign state is an additional party (28 U.S.C. § 1332(a)(3)).

31.     This Court has subject matter jurisdiction over this matter pursuant to Plaintiff's federal trade secret claim pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§1836-39 et seq., and 28 U.S.C. §1331 and §1343.

32.     This Court may exercise supplemental subject matter jurisdiction over Count II through Count VI and Count VIII through Count XIII pursuant to 28 U.S.C. §§ 1367 because the claims arise out of the same core or nucleus of operative fact as the other claims and are so related to those claims that they form part of the same case or controversy.  The Plaintiffs also have a common interest in one or more of the claims.

33.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(1) because several of the Defendants reside in the Northern District of Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) considering that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in said district.

34.     Venue is likewise proper in this judicial district pursuant to 18 U.S.C. § 1965. Section 1965(b) of RICO provides that process may be served in "any judicial district of the United States" when required by the "ends of justice" and courts have held that such "nationwide service of process" provisions also confer personal jurisdiction over a defendant in any judicial district as long as the defendant has minimum contacts with the United States. The Defendants have minimum contacts with the State of Illinois and the United States.

## FACTS COMMON TO ALL COUNTS

35.     On or about January 8, 2018, Plaintiffs entered into discussions with Defendant Stephens  and Defendant Gervirtz to develop, launch and manage a comprehensive marketing and brand awareness program for Skycoin, including, but not limited to, revamping the Skycoin website, performing search engine optimization services ("SEO") and generating positive publicity for Skycoin (the "Marketing Program").

36.     On or about January 8, 2018, Stephens represented himself to be the owner of Smolder LLC, a marketing startup company and the company to whom the payments would be made.

37.     Unbeknownst to Plaintiffs, Defendants Stephens and Gervitz were prohibited from engaging in activities such as the Marketing Program pursuant to an FTC Order (*Federal Trade Commission v. CPA TANK, INC., VITO GLAZERS, EAGLE WEB ASSETS INC., and RYAN EAGLE*, Case No: 14-cv-1239 dated February 19, 2014).

38.     At all relevant times herein, Defendants were aware of the fact that, under this Order, payments could not be made to them for marketing activities.

39.     Defendants, Stephens and Gervitz, failed to inform Plaintiffs of the existence of that Order, and violated that Order by offering to provide marketing services to Plaintiffs.

40.     If Plaintiffs had known about the existence of the FTC Order and/or Defendants had not lied and concealed the FTC Order, Plaintiffs would not have entered into the Agreement with Stephens and Gervitz.

41.     Plaintiffs reached an agreement with Stephens and Gervitz to implement the Marketing Program, and as part and parcel of that agreement, paid Bradford and Gervirtz $107,948.00 ($66,258.00 in the form of four (4) Bitcoins and $41,690.00 in the form of 1,100 Skycoin) (the "Initial Payment").  This Initial Payment included an expense budget for an upcoming industry conference in Las Vegas, Nevada.  There was an explicit agreement that any expense in excess of $1,000.00 would require prior approval from Skycoin.

42.     In addition to the aforementioned payments, Plaintiffs paid approximately $800,000.00 in Skycoin tokens to Defendants Stephens and Gervitz for an internet advertising campaign. through their alias Smolder.

43.     Shortly after the Initial Payment, Stephens submitted two additional invoices for certain work allegedly performed by Byerly totaling approximately $14,752.44 dollars. (the "Byerly Payment)

44.     On or about January 12, 2018, Stephens and Defendant Byerly notified Plaintiffs of a potential crisis they discovered that would critically impact Skycoin's business, marketing, and internet presence.  As represented by Stephens and Byerly, an unknown third party was presumably targeting Sycoin by linking pornographic blogs and other harmful spam content to Skycoin's website.  Linking this undesired content to Skycoin's website would function to decrease Skycoin's website's ranking precipitously in search engines and irrevocably destroy Skycoin's image, reputation and internet presence.

45.     In order to combat the internet assault by these third parties, Stephens and Gervitz indicated that an additional $38,000.00 would be required.

46.     On or about January 14, 2018 and January 19, 2018, Skycoin paid Stephens and Gervitz $38,000.00 to combat the internet assault as was requested.

47.     In early February of 2018, Skycoin learned that in actuality, there was no third party.  Setphens and Gervitz actually instigated the attack themselves as a fraudulent means to extract additional funds from Skycoin.  The invoices submitted by Stephens and Gervitz were fabricated.  Gervitz's and Stephens' attack on the Skycoin website damaged Skycoin's search engine optimization (SEO) ranking and effectively significantly reduced internet traffic to Plaintiff's website.

48.     As part of the Marketing Program, Skycoin made the following payments to Stephens and Gervitz during January of 2018:

8

    a.    On January 11, 2018. $842,400.00 in the form of 20,000 Skycoin tokens for the Marketing Program budget;

    b.    On January 13, 2018, $14,314.00 in the form of one (1) Bitcoin as a budget for a conference in Miami, Florida;

    c.    On January 16, 2018, $121,337.00 in the form of 3,899 Skycoin tokens as part of the Marketing Program budget; and

    d.    On January 18, 2018, $23,212.00 in the form of two (2) Bitcoins and $80,929.00 in the form of 2,625 Skycoin tokens for labor cost to Stephens and Gervitz for their employees performing work on the Marketing Program.

    e.    On January 19, 2018, $56,457 in the form of four (4) Bitcoins and $14,679 in the form of 1.30 Bitcoin in two separate payments, for the Marketing Program and to fight off the attacks by third parties on Skycoin's website.  These services were never performed.

49.    In late January to early February of 2018, Stephens demanded that Skycoin pay $100,000.00 per month to ward off the third party SEO attacks on Skycoin's website.  Stephens later increased this $100,000.00 per month demand to $300,000.00 per month in order to quell the attacks.

50.    In early February of 2018, Symbolic Analytics had received deficient invoices which were highly suggestive of fraud.  Upon determining that there may be fraud involved in Defendants' billings, Plaintiffs discontinued all additional payments.

51.    On or about February 8, 2018, Gevirtz made statements to Skycoin's IT staff suggesting that he controlled the computers performing the SEO attacks and that they could be stopped and the links damaging Skycoin's website could be removed if the Plaintiffs paid them the money demanded.

9

52.     Gevirtz made statements to Skycoin's IT staff suggesting that he controlled the computers performing the SEO attacks and that they could be stopped and the links damaging Skycoin's website could be removed if the Plaintiffs paid them the money demanded.

53.     Plaintiffs did not pay these amounts demanded by Stephens.

### DEFENDANTS' EXTORTION

54.     Upon refusal by Skycoin to pay Stephens the monthly payments requested, in or around February of 2018, Stephens and Gervitz met Smietana in Shanghai, China, and in association with Eagle, who was participating by Zoom, threatened to have Skycoin delisted from all exchanges including, for example, Bittrex and Binance, unless Smietana agreed to pay them $30,000,000.00 in Bitcoin and $1,000,000.00 in U.S. Dollars.

55.     Defendants' threats included statements that failure to comply would result in Skycoin's destruction and the price of Skycoin being driven to zero.

56.     Stephens and Gervitz demanded that Stephens be made COO and be put in control of management of the company.

57.     Defendants further demanded that Plaintiffs make Gervirtz CFO and put him in charge of all company accounts in order to create a new company controlled by Gervirtz and Stephens and transfer all assets over to the new company.

58.     Smietana, in fear of Stephens's and Gervitz's threats of financial destabilization of Skycoin, capitulated to their demands, and initiated the first of three (3) extortion payments on or about February 9, 2018, in the amount of $127,000.00 (the "Extortion Payments").

59.     Added factors contributing to Smietana's agreement to pay the Extortion Payments were Gervitz's allusions to connections to organized crime cartels in Eastern Europe

that would employ "unconventional debt collection" methods should Smietana not accede to their demands.

60.     On or about February 22, 2018, Stephens ended his Marketing Program engagement with Plaintiffs under pressure from Skycoin's advisory board because of his association with Gervitz and the discovery of the fraudulent invoicing and business practices.

61.     Plaintiffs requested a refund of the unspent prepayments made for the Marketing Program, however, Stephens and Gervitz refused to return any of said money.

62.     In and around the time Stephens and Gervitz demanded the Extortion Payments from Smietana, they also attempted to hostilely seize control of Skycoin.  Specifically, Stephens and Gervitz threatened to orchestrate the publication of a series of negative and damaging articles through various print and online media sources unless Smietana made Stephens COO of Skycoin and put Gervitz in charge of payroll and accounting. Effectively, a plot to allow Stephens and Gervirtz to take over the company and its assets.

63.     In furtherance of this conspiracy and plan to take over Skycoin, Stephens paid journalist Tristian Greene to write and publish the article entitled "Skycoin: Anatomy of a cryptocurrency scam," February 15, 2018 - 10:47 pm UTC (https://thenextweb.com/news/anatomy-of-a-cryptocurrency-scam-in-the-wild) under an anonymous name.

64.     This negative article caused severe damage to the price of Skycoin Token and to Skycoin's reputation. Stephens openly admitted that he was responsible for paying the journalist to publish the article, but went to Skycoin's investors and claimed that Smietana had ordered him to have a negative article published to intentionally destroy the price of Skycoin Token. Stephens attempted to organize a management and investor revolt, to transfer control of the

11

company to Stephens and Gervirtz, under the pretense that actions Stephens had performed were in fact performed by Smietana.

65.     Greene later cited that same article in another negative Skycoin article on "The Next Web" on "Exclusive: We suspected this shady cryptocurrency project was a scam. Now we're sure of it." [Update] Published March 8, 2018 - 3:22 am UTC, (https://thenextweb.com/news/exclusive-we-suspected-this-shady-cryptocurrency-project-was-a-scam-now-were-sure-of-it).

66.     A key part of Skycoin's business plan was to be listed on the Bittrex Exchange. The Bittrex Exchange is a world-wide trading platform that facilitates real-time order execution of crypto currencies, such as Skycoin.

67.     Skycoin devoted significant resources to obtain a Bittrex listing, which had been negotiated through a third party.

68.     Knowing that Skycoin was about to obtain a Bittrex listing, on or about February 25, 2018, Stephens told Smietana that unless Smietana paid Gervitz, Adam Young, Ryan Eagle and Stephens, he would go to Bittrex and provide them with damaging information about Skycoin to prevent Skycoin from being listed on Bittrex.

69.     Smietana refused to pay the money demanded by Stephens, and Stephens did, in fact, provide untrue damaging information to Bittrex which ultimately led to Skycoin not being listed on the Bittrex Exchange.

70.     Between February 26th 2018 through March 9, 2018, Stephens, Gervirtz and Byerly stole access to Skycoin's media accounts, including but not limited to, Skycoin's Shopify store, Twitter account, Linkedin account, Slack channel account, and accounts

12

associated with the operation of Skycoin's website. These media accounts were an integral and necessary component of Skycoin's business.

71.     On or about October 18, 2018, Stephens and Gervitz demanded over $150,000.00 for return of Skycoins stolen computer-based assets and media accounts.

72.     On or about May 24, 2018, Binace announced that it would list Skycoin on its exchange. Binance holds itself out as the "world's largest crypto exchange" and is a trading platform where customers can buy and sell cryptocurrencies. It is highly desirable for cryptocurrencies to be listed on the Binance exchange.

73.     On or about June 12, 2018, when Smietana refused to succumb to Stephens' extortion demands, Stephens, Gervitz and Eagle conspired with Yan Xiandong, Li Min, Sam Sing Fond and Sun Fei (hereinafter collectively referred to as the "Assailants") in a plot to kidnap Smietana and his girlfriend, and steal $30,000,000.00 that Stephens claimed he was due from Skycoin.

74.     In furtherance of the conspiracy, the Assailants invaded Smietana's home where they violently beat and tortured Smietana and his pregnant girlfriend for approximately six (6) hours in order to gain access to Smietana's computer systems, Skycoin'ss source code, Skycoin intellectual property, company accounts for operation of bussiness, and cryptocurrency wallets.

75.     Under threats of further violence and death, Smietana provided the passwords to his computer. The Assailants stole the18.88 Bitcoin with a market value of $139,160.33 and 6,466 Skycoin with a market value of $81,018.98, totalling $220,179.31.

76.     During the siege and home invasion, the Assailants called Stephens and complained that they did not find the thousands of Bitcoin promised to them.

## DEFENDANTS' THEFT OF ACCOUNTS

13

77. Prior to Stephens' separation from Skycoin, upon notice of his departure, the company made a list of all accounts to which Stephens had authorized access and terminated his access to those accounts.

78. Skycoin staff contacted Stephens requesting that he return all company assets, company accounts and to provide accounting statements of expenditures so that Plaintiffs could calculate how much unspent money was due to the company.

79. Symbolic Analytics staff and members of Skycoin contacted Stephens requesting that he return all company assets, company accounts and to provide accounting statements of expenditures so that Plaintiffs could calculate how much unspent money was due to the company.

80. Stephens acknowledged that there were unspent funds due back to Plaintiffs, however, instead of returning the money due, Stephens hacked into the various company accounts and began to engage in a series of extortion and fraudulent acts against Skycoin.

81. Stephens, Gervitz and Bryley changed the passwords to some of the company accounts, locked Skycoin and Symbolic Analytics out of them, and then attempted to extort the Company for an additional $150,000.00. In addition, Stephens and Gervitz refused to return the unspent money that was prepaid and allocated for marketing services. The amount due back to the Company was in excess of $800,000.00.

82. Plaintiffs incurred considerable expense to regain access to the stolen accounts and to migrate the content to the reacquired accounts. Those accounts included, but are not limited to, the Medium Account, Shopify, Twitter, Skycoin Telegram; @Skycoin Rewards, Facebook and Linkedin.

**DEFENDANTS' UNAUTHORIZED EXPENSES**

14

83.     Defendants Stephens, Gervitz, and Byerly engaged in various schemes to defraud Skycoin and attempted to invoice unapproved, non-business related costs including a Las Vegas prostitute orgy, unsubstantiated ATM withdrawals, personal entertainment costs and what is believed to be money for the purchase of drugs. These expenses were neither approved by Skycoin nor related to any legitimate business activities. (See Exhibit D)

84.     For example, Stephens sent invoices to Skycoin totaling $50,000.00 for cash payments to prostitutes for two days in Las Vegas. Despite several requests, Defendants refused to produce ATM receipts for the $50,000.00 expense, could not explain how the cash was used, could not show that the expenses were business related, could not justify the amount spent and could not produce receipts for any "cash payments."

85.     Defendants Stephens, Gervitz and Bryley billed Symbolic Analytics for subcontractors without seeking prior authorization from Plaintiffs for such payments.

86.     Upon information and belief, defendants Stephens, Gervitz and Byerly engaged in a scheme to defraud by invoicing full time rates for subcontractors employed part time and even invoicing company for non-existent persons.

87.     Defendants Stephens, Gervitz, and Bryley billed for subcontractors work that not only both pre-dated and post-dated the Marketing Program, but which also included full time rates for part time work and also included invoicing from nonexistent subcontractors.

88.     Defendants Stephens, Gervitz  and Byerly billed for invalid date periods, such as submitting invoices for billing periods prior to the Marketing Program and work performed for billing periods after the termination of their relationship with Skycoin.

89.     Defendants Stephens, Gervitz  and Byerly attempted to bill for costs which had not been submitted to the company for preapproval and made misrepresentations to Skycoin

15

staff, including Skycoin's head of event, who was responsible for event budgets. Stevens made

misrepresentations and claimed that expenses had received approval and that the company had

been notified of the expenses, when in fact this was false.

90.     Defendants Stephens, Gervitz  and Byerly attempted to bill the company for

unapproved "events" on non-existent dates. Additionally there were several other strong

indicators that many or all of the claimed expenses were fraudulent or manufactured.

## JOSHUA OGLE

91.     Joshua Ogle is the owner of Far Ahead Marketing ("FAM") and co-founder of

the original agency who contracted with Skycoin on or about May 19, 2019, to provide certain

advertising services including Facebook Advertisements.

92.     In 2019, Stephens, Gervirtz, Kuntsman, and Ogle engaged in a conspiracy to

defraud Skycoin. They engaged a wikipedia moderator, to delete Skycoin's wikipedia page in a

rigged "vote for deletion" where all users voting against deletion, were banned.

93.     Upon information and belief, Defendants then messaged Smietana on Telegram

and offered a "Wikipedia Protection Package" costing $180,000 a year, to "protect" Skycoin's

wikipedia page against deletion. Company refused payment. As a result, Skycoin's wikipedia

page was in-fact deleted.

94.     Upon information and belief, after the deletion of Skycoin's wikipedia article,

Joshua Ogle, an associate  of Stephens and Gervitz, approached Skycoin and Smietana and

offered marketing services to restore Skycoin's wikipedia page, if Skycoin retained Ogle's

marketing firm.

95.     Skycoin and Symbolic Analytics retained Joshua Ogle's marketing firm, without

knowing at this time, his relationship and cooperation with Stephens, Gervirtz and Kuntsmants.

In fact, Ogle denied at this time having any contact or relationship with these persons. However, the company later discovered Stephens had previously stated in writing that Gervirtz was "best friends" with Ogle and that Ogle had made misrepresentations about his personal relationships and conflicts of interest.

96.     Ogle knew that we could not have made payments to his marketing firm, had he not made misrepresentations and had conflicts of interests been honestly disclosed. Ogle therefore made misrepresentations in order to obtain payments that would not have otherwise been made.

97.     Upon evidence and belief, Company later received communications showing that Ogle was cooperating and assisting Kuntsman and Stephens in an extortion racket against Skycoin. Ogle approached the company and claimed that he was a "neutral third party" and that he could negotiate and "resolve" the extortion situation. The communications indicate that Ogle was in fact acting in collusion with Kuntsm and Stephens to convince the company to pay the extortion demands, while making misrepresentations to the company about his conflict of interests and lying about, concealing and denying his personal relationships with the involved persons.

98.     Skycoin paid FAM $15,000.00 by wire transfer for such advertising services, however, the work was never performed.

99.     Ogle made numerous misrepresentations about the nature of the services provided in order to defraud Skycoin and Symbolic Analytics. For instance, Ogle invoiced for and provided "reports" showing a "youtube advertising campaign", however there was no indication or evidence that the advertisements were actually ever performed.

17

100.    On or about June 9, 2019, Skycoin paid FAM $16,000.00 by wire transfer for marketing placements in United States mainstream magazines and other online publications.

101.    Ogle arranged a "paid placements" arrangement, where Ogle would recruit journalists and arrange payments to these journalists for the publication of articles for the promotion of Skycoin. As part of FAM's marketing plan for Skycoin, Ogle introduced Smietana to journalist Morgan Peck ("Peck") in New York in June of 2019.

102.    On or about July 9, 2019, Skycoin paid FAM an additional $10,000.00 by wire transfer for Facebook advertising.   This Facebook advertising was never placed.

103.    On or about July 10, 2019, Skycoin paid FAM $5,000.00 by wire transfer for two press releases.  Ogle made numerous misrepresentations about the press releases and claimed that the press releases were through his personal contacts and the company paid for a "premium" package with additional circulation in higher tier media outlets, but Ogle performed the press releases with a commercial distribution services, instead of providing the type of press release distribution that was agreed upon and paid for. This appears to be a scheme to defraud the company by substituting the press release service purchased for a service sub-standard to what was agreed to and paid for.

104.    On or about September 18, 2019, Skycoin paid FAM $41,000.00 by wire transfer to review its marketing activities in China and to provide guidance on appropriate advertising strategies.  The guidance was to include a report with advice and recommendations regarding the marketing and promotion of Skycoin.

105.    To provide such advice, Ogle flew to China, reviewed Skycoin's operations, however, no written report was provided.  Ogle then demanded more money and claimed that he

18

would need to fly back to Shanghai and that several tens of thousands of dollars were needed to provide the marketing strategy report.

106.    In October of 2019, Skycoin paid FAM $40,000.00 by wire transfer for bus stop advertising.  Bus stop advertisements are ads that are placed on benches and the areas around the benches people use while waiting for public transportation.  These bus stop advertisements were in fact never placed.

## BINANCE DELISTING

107.    In and around June of 2020, because Smietana refused to capitulate to his extortion demands, Stephens, in conjunction with Kuntsman and others embarked upon a scheme and plan to delist Skycoin from Binance and effectively destroy Skycoin's reputation and depress Skycoin tokens' market value.

108.    In furtherance of this plan and scheme, Stephens solicited other individuals to make false complaints against Skycoin in order to have Binance delist Skycoin from the exchange.  The false complaints they directed others to make to Binance to achieve the delisting are as follows:

    a.  That Skycoin sells Skycoin tokens customers outside of the Binance exchange but after receiving the funds, never sends those customers the Skycoin tokens for which they paid;

    b.  That individuals from Skycoin would privately meet with customers and accept payment for Skycoin tokens at 15% below market value;

    c.  After customers consummated such side transactions, they would immediately "dump" the Skycoin tokens on the market;

    d.  That Smietana would request that customers privately pay him $1,000,000.00 in Bitcoin or cash for discounted Skycoin tokens that they could then "dump" on the market immediately and achieve a $150,000.00 profit; and

    e.   That Smietana and Skycoin launders money through customers by promising them an immediate 15%-20% profit through the unauthorized purchase of Skycoin tokens.

109.    Upon evidence and belief, Cuhriell and other persons were hired to harass Skycoin and interfere with Skycoin's relationships with exchanges and partners corporations, made public statements in Telegram channels bragging that they had paid journalists to publish articles to slander the company, and even publicly discussed the type and content of false reports that needed to be made against Skycoin in order to achieve a delisting from Binance.

110.    As part of his plan and scheme to have Skycoin delisted from Binanace, Stephens, Kuntsmen and Cuthriell also orchestrated having several individuals send repeated complaints to Binance that included allegations of drug use, criminal charges against Smietana and other baseless allegations.

111.    As further evidence of the conspiracy, Cuthriel publicly congratulated all those involved in the delisting of Skycoin with the exclamation of "Nice work team" and "PARTY TIME."

## COUNT I: VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

112.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 112 of this Count I as if fully set forth herein.

113.    This Count is brought by S.A. only.

114.    The Defendants in this count are Stephens, Gervitz, Kuntsman and Cuthriell. Each of the Defendants in this count are "persons" pursuant to 18 U.S.C. §1961(3).

20

115.     As detailed above, these Defendants have conspired to commit a years-long and ongoing pattern of racketeering through their association with each other parties organized under the common purpose of extortion and racketeering activities against Skycoin and SA. Moreover, their association has been ongoing for years for the purpose of obtaining money from and trying to destroy S.A.  Accordingly, this group of Defendants and non-Defendants constitutes an association-in-fact enterprise.

116.     Defendants engaged in a four year campaign of harassment, fraud, extortion and violent threats against both Smietana, SA and "Skycoin".

117.     Upon knowledge and belief, Kunstsmans. Stephens and associates approached Skycoin's competitors and Smietana's personal enemies and received money, to fund a full time harassment and extortion operation, whose operations went on continuously over nearly a four year period and which engaged in dozens of varied and extensive scams, extortion rackets, protection rackets and various types of fraud targeted against SA, Skycoin and Smietana.

118.     Upon knowledge and belief, This operation includes up to 8 persons full time staff, up to 50 persons recruited on a per task basis for specific operations, dedicated IT managers for operation of "bot nets" of hundreds of computer accounts used against Skycoin and Smietana in extortion threats. The operation also included a campaign of hacking Skycoin's corporate accounts, engaging in protection rackets, as well as bribing journalists to write false statements against Skycoin and then blackmailing and extorting the company to stop these acts of harassment.

119.     This enterprise was operated as a full time "marketing operation" and method of generating income and paying salary for its members and all income so derived originated in

21

extortion, marketing manipulation or the solicitation of competitors of Skycoin and/or personal enemies of Smietana.

120.    The persons so engaged in this enterprise openly and publicly admitted that their objective was to "Destroy Skycoin" and to drive the price of Skycoin Token to zero.

121.    Upon evidence and belief, the enterprise even engaged in and induced violent criminal acts against Smietana's person and violent theft of SA's property, in retaliation for failure to pay extortion demands.

122.    Defendants knew they were engaged in racketeering acts. Kuntsmans in private messages explicitly told persons "I am extorting Smietan for $1,000,000" and offered "a cut" to anyone who participated in the enterprise.

123.    These acts of attempted or successful racketeering were multiple, consistently performed by the same persons and occurred continuously for over nearly four years to date and are still on-going.

124.    This enterprise affects interstate commerce in that its members are located in different states and nations and work together to achieve a common purpose.  It has been responsible for sending significant sums of money through the wires across state lines.

125.    The frauds detailed above also constitute violations of the wire fraud statute, 18 U.S.C. §1343.  The wire fraud violations are based upon many communications and wire transfers between these Defendants in Illinois and Wisconsin and S.A. in Nevada, California, Singapore and China.  These violations formed various schemes to defraud S.A. of money.

126.    In addition, the extortion schemes detailed above constitute violations of the 18 U.S.C. §1951, the Hobbs Act, which prohibits the obtaining of property through the use of fear, force or violence.

22

127.     The theft of trade secrets alleged above violates 18 U.S.C. §1832, which is a form of "racketeering activity."

128.     Taken together, these "predicate acts" constitute a pattern of racketeering activity pursuant to 18 U.S.C. §1961(5).  Specifically, this is an "open pattern" as it is the regular way the Defendants and the enterprise do business and will not stop without judicial intervention.  In short, S.A. will continue to be harmed by further extortion and extortion attempts in the future.

129.     Under 18 U.S.C. §1962(c), it is unlawful for any person to conduct or participate in the conduct of the affairs of an enterprise that is engaged in or affects interstate or foreign commerce through a pattern of racketeering activity.

130.     18 U.S.C §1962(d) states, in pertinent part: "It shall be unlawful for any person to conspire to violate subsection (c) of this section." As detailed above, the Defendants have agreed to the commission of the schemes and have executed the schemes by virtue of an agreement to conduct an ongoing campaign against S.A. Therefore, the Defendants have violated 18 U.S.C. §1962(d) by agreeing to violate 18 U.S.C. §1962(c), by participating in the affairs of the association-in-fact enterprise through a pattern of racketeering activity.

131.     The Defendants are jointly and severally liable for damages.

132.     This pattern of racketeering has damaged S.A. in excess of  $75,000.   These damages were directly and proximately caused by the Defendants' pattern of racketeering against SA.

133.     Accordingly, S.A. demands judgment against each of the Defendants for three times its damages plus prejudgment interest pursuant to 18 U.S.C. §1964(c), a permanent injunction against the Defendants restraining them from further racketeering activity against

S.A. or its officers or employees pursuant to 18 U.S.C. §1964(a), costs, attorneys' fees and any other relief deemed appropriate.

134.    S.A. requests a jury trial.

## COUNT II: FRAUD
## Against Bradford Stephens, Harrison Gevirtz f/k/a "HaRRo," and Catherine Byerly

135.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 135 of this Count II as if fully set forth herein.

136.    Defendants, Stephens and Gevirtz approached Plaintiffs and advertised themselves as a legitimate advertising and marketing firm.  With Stephens, Gervitz, Young and Eagle as "business partners" involved in every aspect of the "business".

137.    Defendants would later learn that these persons came from a company "EWA" which had a history of litigation and that these persons were under an FTC order for fraudulent marketing practices.

138.    Defendants Stephens, Gevirtz, and Byerly represented to Plaintiff Smietana that they would provide advertising and marketing services, including web design, online advertising, conference events, and display advertising.

139.    Defendants Stephens and Gevirtz represented to Plaintiff Smietana that they would provide advertising, web design, and marketing services for Plaintiffs in return for payment.

140.    In reality, Defendants Stephens and Gevirtz had no intention of providing any advertising, web design, or marketing of any kind for Plaintiffs.

141.    Defendants Stephens, Gevirtz, and Byerly, in fact, did not provide any advertising or marketing services for Plaintiffs.

24

142.    Defendants Stephens, Gevirtz, and Byerly never provided any web design services on behalf of Plaintiffs.

143.    In reliance upon the representations of Defendants Stephens, Gevirtz, and Byerly Plaintiffs paid Defendants Stephens, Gevirtz, and Byerly approximately $800,000.00 for their services and the costs of advertising and marketing.

144.    When asked, Defendants represented to Plaintiff Smietana that they had no prior lawsuits that had been filed against them.

145.    These representations were knowingly false when made.

146.    In fact Defendants Stephen's business partners's Gevirtz, Eagle, and Young had an extensive history of litigation and had been named in multiple lawsuits and were subject to an FTC for fraudulent marketing practices.

147.    Following the payment of the initial $800,000.00, Defendants Stephens, Gevirtz, and Byerly requested additional money including an additional $60,000.00.

148.    These statements made by Defendants Stephens, Gevirtz, and Byerly were false when made.

149.    Defendants Stephens, Gevirtz, and Byerly made these representations to Plaintiff Smietana and other Skycoin staff with the intent to induce and  defraud Plaintiffs.

150.    Defendants created scenarios and orchestrated crisis, making  numerous misrepresentations, solely for the purpose of soliciting more money as payment in what has the appearance of a scheme to defraud.

151.    Defendants Stephens, Gevirtz, Eagle, Byerly, and Young made the following misrepresentations and/or omissions upon which Plaintiffs justifiably relied to their detriment:

a. Lied about, concealed and denied history of litigation against defendant's associates, business partners and former corporations;

b. Failed to inform Plaintiffs of the FTC Order and government sanctions against their former company, even when explicitly asked about any history of litigation prior to payment and contract negotiation.

c. Falsely represented that an unknown third party was presumably targeting Sycoin by linking pornographic blogs and other harmful spam content to Skycoin's website;

d. Falsely agreed to seek written pre-approval from the company for incurred expenses;

e. Falsely represented that they would provide marketing and advertisement services to Plaintiffs

f. Falsely representing that they would provide web design services to Plaintiffs;

g. Falsely represented the expenses and costs of said marketing and advertising;

152.    Plaintiffs relied upon the representations of Defendants Stephens, Gevirtz, and Byerly and paid the requested amounts to Defendants.

153.    As a direct and proximate result of Defendants Stephens, Gevirtz, and Byerly's improper actions, Plaintiffs have sustained substantial economic damage through loss of business, loss of revenue, loss of contracts, loss of market visibility, and damage to their reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of

Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against

Defendants Stephens, Gevirtz, and Byerly for an amount in excess of $75,000.00, and for such

other and further relief as this Court may deem just and fair on the premises.

## COUNT III: FRAUD
### Against Josh Ogle

154.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and

for Paragraph 154 of this Count III as if fully set forth herein.

155.    Joshua Ogle is the owner of Far Ahead Marketing ("FAM") who contracted with

Skycoin on or about May 19, 2019, to provide certain advertising services including Facebook

Advertisements.

156.    Joshua Ogle, individually and as agent, servant, or employee of FAM,

represented that he would provide advertising services, including Facebook Advertisements,

marketing placements in United States mainstream magazines and other online publications,

press releases, bus stop advertisements, and strategic marketing advice.

157.    These statements were false when made and Defendant Ogle knew them to be

false when made.

158.    Skycoin paid FAM $15,000.00 by bitcoin for such advertising services, however,

the work was never performed.

159.    On or about June 9, 2019, Skycoin paid FAM $16,000.00 by bitcoin for

marketing placements in United States mainstream magazines and other online publications.

160.    As part of FAM's marketing plan for Skycoin, Ogle introduced Smietana to

journalist Morgan Peck ("Peck") in New York in June of 2019.  In a dinner meeting with Peck,

27

Ogle and Smietana, Peck confirmed that she would be handling the paid placements for FAM and Ogle.

161.    On or about July 9, 2019, Skycoin paid FAM an additional $10,000.00 by bitcoin for Facebook advertising.   This Facebook advertising was never placed.

162.    On or about July 10, 2019, Skycoin paid FAM $5,000.00 by bitcoin for two press releases.  The press releases never occurred.

163.    On or about September 18, 2019, Skycoin paid FAM $41,000.00 by bitcoin  to review its marketing activities in China and to provide guidance on appropriate advertising strategies.

164.    To provide such advice, Ogle flew to China and reviewed Skycoin's operations. However, no written recommendations were ever provided.  Instead, Ogle and FAM's only advice was to turn over all of Skycoin's marketing exclusively to FAM.

165.    On or about September 18, 2019, Skycoin paid FAM $12,000.00 by wire transfer to create and distribute six (6) press releases.

166.    In October of 2019, Skycoin paid FAM $40,000.00 by wire transfer for bus stop advertising.  Bus stop advertisements are ads that are placed on benches and the areas around the benches people use while waiting for public transportation.  These bus stop advertisements were never placed.

167.    Defendant Joshua Ogle, individually and as agent, servant, or employee of FAM, and Defendant Far Ahead Marketing, individually and by and through its agents, servants, or employees, made the following misrepresentations and/or omissions upon which Plaintiffs justifiably relied to their detriment:

      a.    Misrepresented that they would be providing advertising services to Plaintiff;

28

    b.   Misrepresenting the need for additional funds to pay for advertisements that were never placed;

    c.   Misrepresented that they would provide press releases of the type agreed upon and in the method agreed upon;

    d.   Misrepresented that they would provide Facebook advertising; and

    e.   Misrepresented the cost of the advertisements that they were allegedly placing.

168.    Plaintiffs relied upon the representations of Defendant Joshua Ogle, individually and as agent, servant, or employee of FAM, and Defendant Far Ahead Marketing, individually and by and through its agents, servants, or employees, and paid the requested amounts to those Defendants.

169.    As a direct and proximate result of Defendant Joshua Ogle's, and Defendant Far Ahead Marketing's improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against Defendant Joshua Ogle, individually and as agent, servant, or employee of FAM, and Defendant Far Ahead Marketing, individually and by and through its agents, servants, or employees, for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

29

**COUNT IV: FRAUD**
**Against Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou"**

170.     Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 170 of this Count IV as if fully set forth herein.

171.     On or about January 8, 2018, Plaintiffs entered into an agreement with Defendant Stephens, Defendant Gevirtz, Defendant Kunstman, and Defendant Cuthriell wherein these Defendants agreed to provide marketing services for Plaintiffs.

172.     Following that agreement, Defendants Stephens, and Gevirtz defrauded Plaintiffs by failing to provide the contracted services, creating false "threats," and extorting funds from Plaintiffs through coercion.  Once discovered, Plaintiffs attempted to distance themselves from Defendants. However, in retaliation Defendants Bradford Stephens ("Stephens"), Aaron Kunstman ("Kunstman"), Harrison Gevirtz f/k/a "HaRRo" ("Gevirtz"), and Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou" ("Cuthriell") began making false profiles and applications with false information in order to further defraud Plaintiffs out of approximately $2,000,000.00 worth of Skycoin product.

173.     Plaintiffs offered a reward program to entice customers to their business.

174.     In order to obtain a reward, each participant is required to submit an application which conformed to S.A.'s terms and conditions.

175.     Each customer is only allowed to have one active Skywire rewards account within a single one month period.

176.     Each customer is allowed  to claim rewards for up to 8 Skywire nodes in a one month period.

177.    Only one instance of the "Skywire Node" software can be run on a single physical computer.

178.    Each customer may operate only a single reward program account within a one month period

179.    Each computer claiming a reward must be a physically separate and independent computer.

180.    It is a violation of the rewards program terms and service, for a user to run more than one Skywire node per physical computer.

181.    Defendants, Cuthriell and Stephens, developed software, to run over 300 "nodes" on a single physical computer, to defraud the rewards program.

182.    Relying on the misrepresentations, S.A. provided these persons rewards to which they were not entitled,  totaling approximately $1-$3 million, the precise amount is unknown as they have continued to submit these bogus applications.  It is a regular method of the conspirators' business to harass S.A. in this and other ways, and they will not stop without judicial intervention.

183.    Plaintiffs relied upon the information provided in those online applications and profiles.

184.    Had Plaintiffs known that these profiles and applications were being generated and submitted by Defendants Stephens, Kunstman, Gevirtz, and Cuthriell repeatedly in order to accumulate Skycoin under false pretenses, Plaintiffs would not have provided the Skycoin to Defendants Stephens, Kunstman, Gevirtz, and Cuthriell.

185.    Defendants Stephens, Kunstman, Gevirtz, and Cuthriell made these repeated false representations to Plaintiffs through these applications and profiles even though they knew

31

that these statements were false and made under false pretenses with an intent to induce Plaintiffs into providing the $2,000,000.00 in Skycoin.

186.     Defendants Stephens, Kunstman, Gevirtz, and Cuthriell have at all relevant times and still continue to perpetuate and deliberately conceal this fraud from Plaintiffs.

187.     Defendants Stephens, Kunstman, Gevirtz, and Cuthriell have engaged in a scheme to defraud Plaintiffs by consistently attempting to conceal this fraud and continue to submit false applications and profiles to Plaintiffs.

188.     As a direct and proximate result of Defendants Stephens, Kunstman, Gevirtz, and Cuthriell's improper actions and misrepresentations, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

189.     Plaintiffs relied upon the accuracy and truthfulness of the submitted applications and profiles, and, had Plaintiffs been aware that the representations of Defendants Stephens, Kunstman, Gevirtz, and Cuthriell were false, Plaintiffs would not have acted as they did.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against Defendants STEPHENS, KUNSTMAN, GEVIRTZ, AND CUTHRIELL for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

## COUNT V:  CIVIL CONSPIRACY
### Against All Defendants

190. Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 190 of this Count V as if fully set forth herein.

191. Defendants, Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Ryan Eagle, Andrew Young, Far Ahead Marketing, Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou", Morgan Peck, Tristan Greene, Bryan Clark, Catherine Byerly, Steven Leonard, Josh Ogle, and *UNKNOWN INDIVIDUALS AND COMPANIES* (collectively "Defendants") met and conspired with one another to defraud Plaintiffs, tortiously interfere with their business relationships, commit various acts of wire fraud, computer fraud, and convert Plaintiffs' property surreptitiously.

192. Defendants worked in concert with one another to accomplish this fraud as evidenced by their various communications and concerted acts against Plaintiffs.

193. On information and belief, Defendants intended to defraud Plaintiffs out of their money, their product, and to tortiously interfere with their business relationships.

194. As a direct and proximate result of DEFENDANTS' improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

## COUNT VI: TORTIOUS INTERFERENCE
**Against Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Ryan Eagle, Andrew Young, Far Ahead Marketing, Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou", Tristan Greene, Bryan Clark, Catherine Byerly, Steven Leonard, Josh Ogle, and *UNKNOWN INDIVIDUALS AND COMPANIES***

195.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 195 of this Count VI as if fully set forth herein.

196.    Plaintiff SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company ("Skycoin"), is a consortium of related entities involved in the development of software, hardware, design, manufacturing and services operating under the consumer brand name "Skycoin", which includes Skycoin Global Foundation, a Singapore Company ("SGF"), Skycoin Foundation, a Singapore Company ("SF"), Symbolic Analytics Inc., a Delaware Corporation ("SA"), Shellpay China, a Chinese Company.

197.    Plaintiff Symbolic Analytics is a private company that provides support for Skycoin.

198.    Plaintiff Brandon Smietana is the Chief Software Architect and authorized representative of Skycoin Global Foundation and Symbolic Analytics.

199.    These three Plaintiffs developed business relationships and contracts with various vendors and customers since its launch in 2013.

200.    Skycoin sells non-fungible electronic products that fluctuate in value based upon the market rates on specific internet exchanges.

201.    For Skycoin to do business, it must participate in these internet exchange markets, such as, but not limited to, Bittrex, Binance, Kraken, Poloniex and Bifinix, in order to sell its goods.

34

202.   Defendants, Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Ryan Eagle, Andrew Young, Far Ahead Marketing, Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou", Morgan Peck, Tristan Greene, Bryan Clark, Catherine Byerly, Steven Leonard, Josh Ogle, and *UNKNOWN INDIVIDUALS AND COMPANIES,* orchestrated various schemes to undermine the reputation of Plaintiffs and cause these internet exchange markets, specifically, Bittrex and Binance, to remove Plaintiffs' products from their exchanges (known as "Delisting").

203.   Defendants were fully aware of Plaintiffs' position within these  internet exchange markets.

204.   Defendants were fully aware that Plaintiffs' Skycoin product must be sold on these internet exchange markets.

205.   Defendants were fully aware that Plaintiffs had agreements and/or expected agreements with these internet exchange markets.

206.   Defendants, nonetheless, acted in concert to cause these internet exchange markets to remove Plaintiffs' Skycoin products from those markets.

207.   At all relevant times herein, Defendants intended to cause harm to Plaintiffs' reputation and finances in order to interfere with their relationships with these internet exchange markets, along with their customers and vendors.

208.   As a direct and proximate result of DEFENDANTS' improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a

35

Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

## COUNT VII: CONVERSION
### Against Steve Leonard

209.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 209 of this Count VII as if fully set forth herein.

210.    Defendant Steve Leonard became aware that Plaintiff, Symbolic Analytics, owned in excess of 180 Bitcoins.

211.    Defendant Steve Leonard converted over 180 Bitcoin owned by Symbolic Analytics and stole that electronic currency without permission or authority.

212.    Upon evidence and belief, Steven Leonard was induced into engaging in this conversion as well as the attempted theft of Skycoin's website as part of a conspiracy by Kuntsman and Stephenss, to recruit disgruntled Skycoin employees in an attempt to cause damage to Skycoin and to induce extortion payments.

213.    Since its conversion, Defendant Leonard has not returned the amount of Bitcoin stolen despite repeated requests for him to do so.

214.    Plaintiff, Symbolic Analytics, is the rightful owner of that Bitcoin.

215.    As a direct and proximate result of DEFENDANT LEONARD'S improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

36

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

### COUNT VIII: Violations of the Defend Trade Secrets Act
### Against All Defendants

216.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 216 of this Count VIII as if fully set forth herein.

217.    As part of Plaintiffs' business, Plaintiffs developed hardware and software that worked in conjunction with each other to provide customers with the ability to use and "mine" Skycoins, while also allowing customers to make initial coin offerings.

218.    The hardware designs were proprietary and only known to Skycoin officers.

219.    The software and corresponding source code allowed Plaintiffs network and programs to generate, sell, and transfer Skycoin tokens to customers.

220.    Defendants surreptitiously broke into Plaintiffs' source code and computers, misappropriated the source code for their own use and stole the hardware designs in the hopes of taking over Plaintiffs' business.

221.    As set forth above, Defendants have misappropriated and used Plaintiffs' Trade Secret source code and proprietary software architecture, including without limitation confidential information relating to Plaintiffs' proprietary architecture design, proprietary software, and internal software methodology ("Plaintiffs' Trade Secrets").

37

222.    Plaintiffs' Trade Secrets were sufficiently secret and maintained so that only Plaintiffs' principal, Brandon Smietana, was privy to each and every trade secret and their collective uses.

223.    Plaintiffs' Trade Secrets are sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from their disclosure or use.

224.    Plaintiffs have at all relevant times taken steps that are reasonable under the circumstances to maintain the secrecy and confidentiality of their Trade Secrets.

225.    Defendants attained these trade secrets of Plaintiffs by breaching Plaintiffs' software and source code in order to use and disseminate Plaintiffs' Trade Secrets.

226.    Defendants were fully aware that the information comprising Plaintiffs' Trade Secrets were secret, confidential, and maintained in such a way as to prevent disclosure to third parties, and specifically competitors.

227.    Defendants violated the Defend Trade Secrets Act by and through the following acts and omissions:

a.  Utilizing Plaintiffs' Trade Secrets in Defendants' products, equipment, and within its industry;

b.  Misappropriating Plaintiffs' proprietary hardware designs;

c.  Misappropriating Plaintiffs' source code;

d.  Divulging Plaintiffs' Trade Secrets to third parties; and

e.  Using improper means to access and misappropriate Plaintiffs' source code.

38

228.     As a direct and proximate result of DEFENDANTS' improper actions, Plaintiffs

have sustained damage economically through loss of business, loss of revenue, loss of contracts,

loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL

FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a

Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C.

Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for

an amount in excess of $75,000.00, and for such other and further relief as this Court may deem

just and fair on the premises.

## COUNT IX: UNJUST ENRICHMENT
### Against All Defendants

229.     Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and

for Paragraph 229 of this Count IX as if fully set forth herein.

230.     Defendants were provided approximately $860,000.00 in funds to provide

marketing, advertising, and web design services to Plaintiffs.

231.     Defendants also obtained approximately $2,000,000.00 in Skycoin product

through false reward applications.

232.     These funds and goods were not earned and Plaintiffs received no equivalent

value for them in return.

233.     It would be unconscionable and against fundamental principles of justice, equity

and good conscience for Defendants to retain the benefit from those funds, which were paid by

Plaintiffs without receiving any benefit in return.

39

234.     As a direct and proximate result of DEFENDANTS' improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

## COUNT X: DEFAMATION
## Against Morgan Peck

235.     Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 235 of this Count X as if fully set forth herein.

236.     On Aug 18, 2021 an article submitted by Morgen Peck was published in The New Yorker.  Exhibit "A."

237.     In that article, Morgen Peck lied about Smietana's injuries, even though Peck had copies of the court proceedings and Smietana had provided his personal medical records to Peck.

238.     Morgen Peck lied about public documents such as court documents, in order to defame Smietana. Peck claimed that the persons who assaulted Smietana did not serve jail time, even though she admitted to Smietana that she had copies of the court records and knew that the assailants were arrested and in fact served jail time.

239.     Kuntsman has publicly stated that Morgen Peck acted with malice, that she had a personal vendetta against Smietana. Kuntsman and other defendants in communications with

40

Peck also made statements that Morgen Peck acted with malice and stated that she received payments from the subjects of the article.

240.    Defendant Peck went on to suggest that Plaintiff Smietana had been lying and exaggerating about past events.

241.    Defendant Peck also attacked Plaintiffs' business in that same article.

242.    These statements made by Defendant Peck in the attached article were false when made and Defendant Peck knew or should have known that such statements were false.

243.    As a direct and proximate result of DEFENDANT PECK's improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

## COUNT XI: BREACH OF FIDUCIARY DUTY
### Against All Defendants

244.    Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 244 of this Count XI as if fully set forth herein.

245.    At various times Defendants Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Ryan Eagle, Andrew Young, Far Ahead Marketing, Joel Wayne

Cuthriell f/k/a "JOEL", f/k/a "Caribou", Tristan Greene, Bryan Clark, Catherine Byerly, Steven

Leonard, and Josh Ogle were acting as contractors hired by Plaintiffs to perform certain duties.

246.    Per that relationship and agreement, Defendants were to adhere to the terms of

the agreements and provide the services promised.

247.    Defendants instead engaged in various schemes to defraud Plaintiffs.

248.    Defendants did not provide the promised services to Plaintiffs, despite Plaintiffs

having paid for those services.

249.    Defendants had a duty to adhere to the terms of the agreements and to provide

Plaintiffs with the promised services.

250.    Defendants breached that duty by failing to adhere to the terms of the agreements

and failing to provide Plaintiffs with the promised services.

251.    As a direct and proximate result of DEFENDANTS' improper actions, Plaintiffs

have sustained damage economically through loss of business, loss of revenue, loss of contracts,

loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL

FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a

Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C.

Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for

an amount in excess of $75,000.00, and for such other and further relief as this Court may deem

just and fair on the premises.

## COUNT XII: BREACH OF CONTRACT
### Against Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou"

42

252.     Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 252 of this Count XII as if fully set forth herein.

253.     On or about January 8, 2018, Plaintiffs entered into an agreement with Defendant Smolder, LLC, Defendant Stephens, Defendant Gevirtz, Defendant Kunstman, and Defendant Cuthriell wherein these Defendants agreed to provide marketing services for Plaintiffs.

254.     Following that agreement, Defendants Smolder, Stephens, and Gevirtz failed to provide the contracted services, creating false "threats," and extorting funds from Plaintiffs through coercion.

255.     Defendants did not adhere to the terms of the Agreement despite payment.

256.     Plaintiffs, at all times relevant herein, fully performed on their obligations under the Agreements with Defendants.

257.     Defendants failed to provide any advertising or marketing services to Plaintiffs during the duration of the contract.

258.     Defendants breached their obligations under the contract through the following acts or omissions:

    a.   failing to provide advertising services;

    b.   Failing to provide marketing services;

    c.   failing to use the funds provided for the advertising or marketing services;

    d.   failing to provide web design services;

    e.   failing to use funds to effectuate any web design;

    f.   failing to stay within the bounds of the expense budget; and

    g.   attempting to extort additional funds outside of the contract terms.

43

259.     As a direct and proximate result of DEFENDANTS' improper actions, Plaintiffs have sustained damage economically through loss of business, loss of revenue, loss of contracts, loss of market visibility, and loss of reputation.

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court enter a judgment against DEFENDANTS for an amount in excess of $75,000.00, and for such other and further relief as this Court may deem just and fair on the premises.

### COUNT XIII: Violations 720 ILCS 5/12-7.1
### Against Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo"

260.     Plaintiffs repeat and reallege Paragraphs 1 through 111 of this Complaint as and for Paragraph 260 of this Count XIII as if fully set forth herein.

261.     On information and belief, during the years 2019 – 2021, Defendants Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo," through various internet media and in person made numerous antisemetic statements and threats of death, kidnapping, and other acts of violence against Plaintiff Brandon Smietana.

262.     All of these threats were based on Smietana's religion and Jewish heritage.

263.     Defendants also discussed Plaintiff as a "Jew coin" and other similar hate speech, which Plaintiff perceived as a direct threat due to his being Jewish.

264.     Defendants posted these messages on various social media platforms and also made said threats directly to Plaintiff.

44

WHEREFORE, Plaintiffs, BRANDON SMIETANA ("Smietana"), by and through his

attorneys, The Law Office of Michael C. Goode, respectfully pray that this Honorable Court

enter a judgment against DEFENDANTS, Defendants Bradford Stephens, Aaron Kunstman,

Harrison Gevirtz f/k/a "HaRRo," for an amount in excess of $75,000.00, punitive damages, and

for such other and further relief as this Court may deem just and fair on the premises.


Respectfully Submitted,

**BRANDON SMIETANA,**
**SKYCOIN GLOBAL FOUNDATION**
**LIMITED, and SYMBOLIC ANALYTICS**


By:_____/s/Michael C. Goode_____
One of Their Attorneys


Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
lawoffice_mcgoode@yahoo.com

45

ILND 44 (Rev. 04/13/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | **IMMIGRATION** | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application | | |
| | | | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. Previous Bankruptcy Matters (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ Yes   ☐ No

## IX. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

## X. This case (check one box)    ☐ Is not a refiling of a previously dismissed action    ☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

      (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of  filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

      (c)  Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an  attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are  included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take  precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin**. Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.     **Previous Bankruptcy Matters**  For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

VIII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

 IX.     **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

X.      **Refiling Information.** Place an "X" in one of the two boxes indicating if the case is or is not a refiling of a previously dismissed action. If it is a refiling of a previously dismissed action, insert the case number and judge.

      **Date and Attorney Signature.** Date and sign the civil cover sheet.

Rev. 1 - 04/13/2016

# <u>EXHIBIT B</u>

## Josh Ogle Certificate of Service of Summons

## CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT**          **Case #: 22-cv-00708**
**NORTHERN DISTRICT OF ILLINOIS**

**Brandon Smietana, et al**

vs.                                                          Plaintiff

**Bradford Stephens, et al**

                                                             Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Complaint; Civil Cover Sheet**

PARTY SERVED:   **JOSHUA OGLE**

METHOD OF SERVICE:   **Personal Service** - By personally delivering copies to **JOSHUA OGLE**

DATE & TIME OF DELIVERY:   **3/12/2022 at 2:43 PM**

ADDRESS, CITY AND STATE:   **20326 COHASSET ST. #3, WINNETKA, CA 91306**

DESCRIPTION:   Race: **White**   Sex: **Male**   Age: **36**
Height: **5'11"**   Weight: **175**   Hair: **Brown**   Glasses: **No**

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 3/14/2022.

Signature: _____
Jim Sands
Registration No: 914

CLIENT: **Michael C. Goode & Company**   Job #: **487425**
FILE #:

# EXHIBIT C

**Defendant FAM Motion to Dismiss**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation | Case No.: 1:22-cv-00708 |
| Plaintiffs, | **DEFENDANT FAR AHEAD MARKETING'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES | Presentment Date: April 7, 2022<br>Time: 1:45 p.m.<br>Location: 1403<br><br>Hon. Sara L. Ellis |
| Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Far Ahead Marketing, LLC (improperly named as Far Ahead Marketing) will and hereby does move this Court for an order dismissing all Counts against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Through that this motion, Far Ahead Marketing, LLC requests to be completely dismissed from this case. This motion is made under the Federal Rules of Civil Procedure 12(b)(2) and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Joshua Ogle and attached exhibits, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing should the Court order oral argument.

PLEASE TAKE NOTICE THAT on April 7, 2022 at 1:45 p.m. or as soon thereafter as Far Ahead Marketing, LLC may be heard, it will appear through its Counsel of Record that is specially appearing on its behalf to present the above referenced motion, before the Honorable Judge Sara L. Ellis of the U.S. District Court of the Northern District of Illinois, Eastern Division, 219 South Dearborn St., Chicago, Illinois to present the above referenced Motion.

Dated: April 1, 2022

MORELLO LAW, P.C.

By: /s/ Justin A. Morello
    JUSTIN A. MORELLO (CA SB# 239250)

Attorneys Specially Appearing for Defendant
Far Ahead Marketing, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation | Case No.: 1:22-cv-00708 |

BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation

               Plaintiffs,

      v.

BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES

               Defendants.

Case No.:     1:22-cv-00708

**DEFENDANT FAR AHEAD MARKETING'S POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

Presentment Date:   April 7, 2022
Time:              1:45 p.m.
Location:          1403

Hon. Sara L. Ellis

**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**

## I.      INTRODUCTION

Far Ahead Marketing, LLC is a Wyoming Limited Liability Company with its principal place of business in New York, New York. It has no members, employees, or contractors that work in Illinois. It has never done business in or directed business towards Illinois. Plaintiffs do not allege that Far Ahead had case related contacts with Illinois.

Yet Plaintiffs are attempting to sue Far Ahead in Illinois through their Complaint under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty). Because Far Ahead has no contacts, let alone minimum case related contacts, with this forum, Far Ahead respectfully requests that the Counts raised against it through the Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.   **ARGUMENT**

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. Fed.R.Civ.Proc. 12(b)(2). If a defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). And once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783.

Plaintiff's burden depends on whether an evidentiary hearing has been held. *Id.* at 782. When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* When the district court rules on a defendant's motion to dismiss based on the submission of written materials without an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id.* In evaluating whether the *prima facie* standard has been satisfied, factual disputes should be resolved in the plaintiff's favor. *Id.*

In a federal question case, when a defendant has sufficient minimum contacts with the United States to subject itself to the jurisdiction of the United States, however, does not have general or specific contacts sufficient to subject it to jurisdiction in Illinois, the "threshold question" becomes "whether the federal court in Illinois has been authorized to exert the full power of the nation." *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001); *see also Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (citing *Omni Capital Int'l v. Rudolf Wolff Co.*, 484 U.S. 97 (1987) and FRCP 4(k) to require a district judge to determine whether the state in which the district court tis located is authorized to exercise personal jurisdiction, even in federal question cases). The Defense of Trade Secrets Act does not permit nationwide service and thus does not permit this Court to exert the full power of the nation when determining whether it has personal jurisdiction. 18 U.S.C. § 1831 *et. seq.*

The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILL. COMP. STAT. 5/2-209(c). Thus, here, the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The key question is therefore whether the defendants have sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Each defendant must have purposefully availed itself of the forum state such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzemcz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Personal jurisdiction can be established through general or specific minimum contacts.

### A.    <u>Far Ahead Has No Contacts With Illinois</u>

Often, the minimum contacts analysis can be complicated. Here, it is not. Contrary to the allegation in the Complaint at paragraph 16 (ECF Document # 1 "Complaint"), Far Ahead Marketing, LLC ("Far Ahead") is a Limited Liability Corporation incorporated under the laws of Wyoming. Declaration of Joshua Ogle ("Ogle Decl.") ¶ 3. Its main office and principal place of business is in New York, New York. Ogle Decl. ¶ 5. Its agent for service of process is Registered Agents, Inc., a corporation located in Sheridan, Wyoming. Ogle Decl. ¶ 6. Joshua Ogle, a citizen of the state of New York, is a Member of the LLC and its Manager. Ogle Decl. ¶¶ 1, 3.

Far Ahead does not maintain any offices in Illinois. Ogle Decl. ¶ 7. None of its members live in or are otherwise citizens of Illinois. Ogle Decl. ¶ 7. Far Ahead does not employ anyone in Illinois. Ogle Decl. ¶ 7. It does not and has not contracted for services with any independent contractors in Illinois. Ogle Decl. ¶ 4. It does not advertise for business in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts to perform services in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts to perform services for a company based in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts with an Illinois company for that company to perform services for Far Ahead. Ogle Decl. ¶ 7. It has not knowingly transacted any business with any entity in Illinois. Ogle Decl. ¶ 7.

Far Ahead does not have an agent for service of process designated in Illinois. Ogle Decl. ¶ 8. It does not maintain any bank accounts in Illinois. Ogle Decl. ¶ 8. It has never received funds, including wire transfers, from any entity, including any bank, located in Illinois. Ogle Decl. ¶ 8.

To the extent Far Ahead had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. Ogle Decl. ¶ 9. No representative of Far Ahead ever met with Smietana in Illinois, ever believed they were speaking with Smietana when he was in Illinois, and Far Ahead never entered a contract for services with any Plaintiff while any Plaintiff or Plaintiff representative was known to be in Illinois. Ogle Decl. ¶ 9. Other than Mr. Ogle, Far Ahead has not been engaged by, engaged, or had any relationship, business or otherwise, with any of the other named Plaintiffs. Ogle Decl. ¶ 10.

**B.      Plaintiffs Do Not Allege Far Ahead Had Any Contact With Illinois**

Indeed, other than falsely stating Far Ahead's state of organization and principal place of business, Plaintiffs' Complaint does not suggest otherwise. The Complaint acknowledges that Ogle is a citizen of the State of New York. Complaint ¶ 13. Plaintiffs allege that Plaintiff Skycoin Global Foundation Limited ("Skycoin") is a company organized under the laws of Singapore with a principal place of business in Singapore. Complaint ¶ 5. Plaintiff Symbolic Analytics ("Symbolic") is alleged to be a Delaware Corporation "in the United States." Complaint ¶ 6. And Plaintiff Smietana is simply alleged to be "an individual citizen of the United States" with no state citizenship alleged. Complaint ¶ 7.

The allegations in the Complaint that are specific to Far Ahead are contained under the heading "Joshua Ogle." Complaint ¶¶ 91-106. Those allegations show that even Plaintiffs admit that Far Ahead's alleged relationship to this case does involve contacts with Illinois. *See* Complaint ¶¶ 91-106. Plaintiffs admit that Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) retained Far Ahead. Complaint ¶ 95. They do not (and cannot) allege that this retention took place in Illinois or otherwise involved any contact with Illinois. *See*, Complaint ¶¶ 91-106. Plaintiffs similarly allege that Skycoin paid Far Ahead through wire transfers. Complaint ¶¶ 98, 100, 102-104, 106. Setting aside the fact that Far Ahead never received any wire transfers

from any Plaintiff, wire transfers from a Singaporean Corporation to a Wyoming LLC do not show any contacts with Illinois.

The only specific location mentioned in the Complaint, as it relates to Far Ahead, is Mr. Ogle's travel to China. Complaint ¶ 105. Like the alleged retention and false allegations regarding wire transfers, Mr. Ogle's trip to China does not establish minimum contacts with Illinois.

Plaintiffs' general allegations listed under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty) also do not suggest Far Ahead had any contact with, let alone minimum contacts with, Illinois. Plaintiffs' allegations contained in Count V (Complaint ¶¶ 190-194) are general in nature and do not show that Far Ahead had any contacts with Illinois. Plaintiffs do not include any allegations showing when, where, how, or specifically what Far Ahead did to engage in a Civil Conspiracy. These general allegations that do not include the time, place, or means for a Conspiracy do not show that Far Ahead had minimum contacts with Illinois. (Complaint ¶¶ 190-194).

Similarly, Plaintiffs' allegations contained in Count VI (Complaint ¶¶ 195-208) for Tortious Interference are general in nature and do not show that Far Ahead had any contacts with Illinois. Other than lumping Far Ahead together with all other Defendants, Plaintiff's allegations that relate to Count VI do not contain any specific allegations regarding Far Ahead. (Complaint ¶¶ 195-208). Plaintiffs do not allege that Far Ahead took any action in Illinois, that Far Ahead's actions affected Illinois in any way, or that Far Ahead was ever present in Illinois. (Complaint ¶¶ 195-208).

Plaintiffs' allegations contained in Count VIII (Complaint ¶¶ 216-228) for Violations of the Defend Trade Secrets Act are general in nature and do not show that Far Ahead engaged in any trade secret misappropriation let alone engaged in any tortious action in Illinois. Indeed, there are no allegations suggesting that Plaintiffs alleged trade secrets in an open-source project were held, maintained, or otherwise existed in Illinois. (Complaint ¶¶ 216-228). Setting aside Plaintiffs' failure to even identify the trade secret in an open-source project that is at issue, the Complaint

contains no allegations suggesting Far Ahead should have been named as a Defendant for this Count. (Complaint ¶¶ 216-228). As the Complaint alleges, Far Ahead is a marketing firm, its business is unrelated to Plaintiffs' business, and the Complaint contains no allegations that Far Ahead engaged in any actions related to any trade secrets in Illinois.

Plaintiffs' general allegations related to Count IX (Complaint ¶¶ 229-234) similarly do not implicate any contact between Far Ahead and Illinois. Far Ahead is not even specifically named under this count and the allegations supporting this claim do not appear to be related to Far Ahead. Thus, these general allegations cannot support the exercise of personal jurisdiction over Far Ahead.

Finally, Plaintiff's general allegations regarding Count XI (Complaint ¶¶ 244-251) for Breach of Fiduciary Duty do not support the exercise of personal jurisdiction over Far Ahead. The allegations do not identify any contracts or relationships arising out of contacts with Illinois. Nor do the allegations specifically state that Far Ahead had any contacts with Illinois. As noted above, the only relationships alleged are between Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) retained Far Ahead. Thus, these general allegations cannot support the exercise of personal jurisdiction over Far Ahead.

## III.   CONCLUSION

Because Far Ahead has no contacts with the State of Illinois, related or unrelated to this case, Plaintiffs' complaint against Far Ahead should be dismissed in its entirety for lack of personal jurisdiction.


Dated: April 1, 2022                          MORELLO LAW, P.C.


                                              By: /s/ Justin A. Morello
                                              _____
                                                 JUSTIN A. MORELLO (CA SB# 239250)

                                              Attorneys Specially Appearing for Defendant
                                              Far Ahead Marketing, Inc.

DocuSign Envelope ID: 1AC7576C-5DC8-44BF-B4B1-178AF4EBC920

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation | Case No.:  1:22-cv-00708 |
| Plaintiffs, | **DECLARATION OF JOSHUA OGLE IN SUPPORT OF DEFENDANT FAR AHEAD MARKETING'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES | Presentment Date:  April 7, 2022<br>Time:  1:45 p.m.<br>Location:  1403<br><br>Hon. Sara L. Ellis<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| Defendants. | |

## DECLARATION OF JOSHUA OGLE

I, Joshua Ogle, declare as follows:

1.        I am over eighteen and a resident of the State of New York. I submit this declaration in support of Far Ahead Marketing, LLC's Federal Rule of Civil Procedure Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in the lawsuit titled *Brandon Smietana et al v. Bradford Stephens, et al,* pending in the United States District Court for the Northern District of Illinois, Case No. 1:22-cv-00708. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. By making this declaration in support of that motion, I am not consenting the personal jurisdiction of the Northern District of Illinois. Indeed, this declaration is being submitted to show that, just like I do not have any contacts with Illinois, Far Ahead does not have any contacts with the Northern District of Illinois.

3. Far Ahead Marketing, LLC ("Far Ahead") is a Limited Liability Corporation incorporated under the laws of Wyoming. Attached as Exhibit A to this Declaration is a true and correct copy of Far Ahead's Limited Liability Company, Articles of Incorporation filed with the Wyoming Secretary of State on October 14, 2011. Since the filing of those articles, Far Ahead has been a Wyoming Limited Liability Company.

4. I am a Member of Far Ahead and its Manager.

5. Far Ahead's main office and principal place of business is in New York, New York.

6. Far Ahead's agent for service of process is Registered Agents, Inc., a corporation located in Sheridan, Wyoming.

7. Far Ahead does not maintain any offices in Illinois. None of its members live in or are otherwise citizens of Illinois. Far Ahead does not employ anyone in Illinois. It does not and has not contracted for services with any independent contractors in Illinois. It does not advertise for business in Illinois. It has never entered any contracts to perform services in Illinois. It has never entered any contracts to perform services for a company based in Illinois. It has never entered any contracts with an Illinois company for that company to perform services for Far Ahead. It has not knowingly transacted any business with any entity in Illinois. Simply put, Far Ahead does not engage in any business in Illinois or specifically directed at Illinois.

8. Far Ahead does not have an agent for service of process designated in Illinois. It does not maintain any bank accounts in Illinois. It has never received funds, including wire transfers, from any entity, including any bank, located in Illinois. Far Ahead does not contract for or receive services from any Illinois entity or individual.

9. To the extent Far Ahead had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. No representative of Far Ahead ever met with

Smietana in Illinois, ever believed they were speaking with Smietana when he was in Illinois, and Far Ahead never entered a contract for services with any Plaintiff while any Plaintiff or Plaintiff representative was known to be in Illinois.

10.     Aside from me, Far Ahead has not been engaged by, engaged, or had any relationship, business or otherwise, with any of the other named Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of April 2022, at New York, New York.

DocuSigned by:

9807670259F14E9...

Joshua Ogle

# Exhibit A



**Wyoming Secretary of State**
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: business@state.wy.us

Max Maxfield, WY Secretary of State
FILED: 10/14/2011 03:32 PM
ID: 2011-000609955

# Limited Liability Company
# Articles of Organization

1. Name of the limited liability company:

Far Ahead Marketing, LLC

2. Name and physical address of its registered agent:
*(The registered agent may be an individual resident in Wyoming, a domestic or foreign entity authorized to transact business in Wyoming, having a business office identical with such registered office. **The registered agent must have a physical address in Wyoming.** A Post Office Box or Drop Box is not acceptable. If the registered office includes a suite number, it must be included in the registered office address.)*

Corporation Service Company
1821 Logan Avenue
Cheyenne, WY 82001

3. Mailing address of the limited liability company:

1 Irving Place, G18G
New York, NY 10003

4. Principal office address:

1 Irving Place, G18G
New York, NY 10003

Signature: _____
*(Shall be executed by an organizer.)*

Date: 10 / 7 / 2011
*(mm/dd/yyyy)*

Print Name: Amanda J. Beren

Contact Person: Amanda J. Beren

Daytime Phone Number: 888-449-2638    Email: aberen@corpnet.com

## Other Requirements:

- An annual report will be due annually on the first day of the anniversary month of formation. If not paid within sixty (60) days from the due date, the entity will be subject to dissolution/revocation.

LLC-ArticlesOrganization - Revised 07/01/2010

Received
Secretary of State
Wyoming



Wyoming Secretary of State
State Capitol Building, Room 110
200 West 24th Street
Cheyenne, WY 82002-0020
Ph. 307.777.7311
Fax 307.777.5339
Email: business@state.wy.us

# Consent to Appointment by Registered Agent

I, **Corporation Service Company**
*(name of registered agent)*
, registered office located at

**Corporation Service Company
1821 Logan Avenue
Cheyenne, WY 82001**

voluntarily consent to serve

**\*** *(registered office physical address, city, state & zip)*

as the registered agent for _____
*(name of business entity)*

I hereby certify that I am in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

Signature: _____
*(Shall be executed by the registered agent.)*

Date: **10/6/11**
*(mm/dd/yyyy)*

Print Name: **Lamont W Jones, Assistant VP** Daytime Phone: **(888) 449-2638**

Title: _____ Email: **aberen@corpnet.com**

Registered Agent Mailing Address
(if different than above):

---

**\*If this is a new address, complete the following:**

Previous Registered Office(s): _____

I hereby certify that:
- After the changes are made, the street address of my registered office and business office will be identical.
- This change affects every entity served by me and I have notified each entity of the registered office change.
- I certify that the above information is correct and I am in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

Signature: _____
*(Shall be executed by the registered agent.)*

Date: _____
*(mm/dd/yyyy)*

Checklist
☐ Submit one **originally signed** consent to appointment and one exact photocopy.

RAConsent – Revised 10/21/2009

# <u>EXHIBIT D</u>

**Defendant Byerly Motion to Dismiss**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation | Case No.:     1:22-cv-00708 |
| Plaintiffs, | **DEFENDANT CATHERINE BYERLY'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES | Hon. Sara L. Ellis |
| Defendants. | |

## DEFENDANT CATHERINE BYERLY'S  MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Now Comes defendant Catherine Byler, by and through her attorneys Cole Sadkin, LLC and in support of her MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION, states as follows:

## I.      INTRODUCTION

Catherine Byerly is a resident of  Florida and at all relevant times was a resident of Florida. She has not worked in Illinois, nor done work for any Illinois entities or businesses. Plaintiffs do not allege that Catherine Byerly had case related contacts with Illinois. Plaintiff's Complaint in fact states she is a resident of Florida.

Yet Plaintiffs are attempting to sue Catherine Byerly in Illinois through their Complaint under Count II (Fraud) Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty). Because Catherine Byerly has no contacts, let alone minimum case related contacts, with this forum, Catherine Byerly respectfully requests that the Counts raised against it through the Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.    ARGUMENT

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. Fed.R.Civ.Proc. 12(b)(2). If a defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). And once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783.

Plaintiff's burden depends on whether an evidentiary hearing has been held. *Id.* at 782. When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* When the district court rules on a defendant's motion to dismiss based on the submission of written materials without an evidentiary hearing, the plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id.* In evaluating whether the *prima facie* standard has been satisfied, factual disputes should be resolved in the plaintiff's favor. *Id.*

In a federal question case, when a defendant has sufficient minimum contacts with the United States to subject itself to the jurisdiction of the United States, however, does not have general or specific contacts sufficient to subject it to jurisdiction in Illinois, the "threshold question" becomes "whether the federal court in Illinois has been authorized to exert the full power of the nation." *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001); *see also Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (citing *Omni Capital Int'l v. Rudolf Wolff Co.*, 484 U.S. 97 (1987) and FRCP 4(k) to require a district judge to determine whether the state in which the district court tis located is authorized to exercise personal jurisdiction, even in federal question cases). The Defense of Trade Secrets Act does not permit nationwide service and thus does not permit this Court to exert the full power of the nation when determining whether it has personal jurisdiction. 18 U.S.C. § 1831 *et. seq.*

The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILL. COMP. STAT. 5/2-209(c). Thus, here, the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The key question is therefore whether the defendants have sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Each defendant must have purposefully availed itself of the forum state such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzemcz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Personal jurisdiction can be established through general or specific minimum contacts.

A. <u>**Catherine Byerly Has No Contacts With Illinois**</u>

Often, the minimum contacts analysis can be complicated. Here, it is not. Plaintiffs assert the allegation in the Complaint at paragraph 25 (ECF Document # 1 "Complaint"), that Catherine Byerly is a resident of Florida. Catherine Byerly does not and has never lived in Illinois. ( See paragraph 2 of Byerly Declaration attached hereto as Exhibit 1). Byerly has not performed any work nor done any business in Illinois, nor for any entities that do business in Illinois (Byerly Declaration Paragraph 3). All work she performed related to any of the entities and/or people in the present litigation was performed from Florida. (Byerly Declaration Paragraph 4)

To the extent Byerly had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. (Byerly Declaration Paragraph 5). Catherine Byerly did not meet with anybody in Illinois with respect to this case, nor believed she was speaking to Smietana or Skycoin while they were in Illinois.

## B.  <u>Plaintiffs Do Not Allege Catherine Byerly Had Any Contact With Illinois</u>

The Complaint acknowledges that Byerly is a citizen of the State of Florida. Complaint ¶ 25. Plaintiffs allege that Plaintiff Skycoin Global Foundation Limited ("Skycoin") is a company organized under the laws of Singapore with a principal place of business in Singapore. Complaint ¶ 5. Plaintiff Symbolic Analytics ("Symbolic") is alleged to be a Delaware Corporation "in the United States." Complaint ¶ 6. And Plaintiff Smietana is simply alleged to be "an individual citizen of the United States" with no state citizenship alleged. Complaint ¶ 7.

The allegations in the Complaint that are specific to Byerly are contained under the heading "Facts Common to all counts." Complaint ¶¶ 35-90. Plaintiff alleges Byerly among others stole access to Skycoin's media accounts (Complaint Paragraph 70). Plaintiff next alleges

that Byerly again among others changed passwords ((Complaint Paragraph 81). Finally Plaintiff alleges in paragraphs 83-90 unauthorized expenses by various people including Byerly.

Those allegations show that even Plaintiffs admit that Byerly's alleged relationship to this case does involve contacts with Illinois. None of the aforementioned allegations allege that Byerly performed any work in Illinois or in any way related to Illinois. Catherine Byerly was located in Florida, any and all activities performed by her were in Florida. There are no contacts with Illinois by Byerly alleged in the complaint.

Plaintiffs' general allegations listed under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty) also do not suggest Byerly had any contact with, let alone minimum contacts with, Illinois. Plaintiffs' allegations contained in Count V (Complaint ¶¶ 190-194) are general in nature and do not show that Byerly had any contacts with Illinois. Plaintiffs do not include any allegations showing when, where, how, or specifically what Byerly did to engage in a Civil Conspiracy. These general allegations that do not include the time, place, or means for a Conspiracy do not show that Byerly had minimum contacts with Illinois. (Complaint ¶¶ 190-194).

Similarly, Plaintiffs' allegations contained in Count VI (Complaint ¶¶ 195-208) for Tortious Interference are general in nature and do not show that Byerly had any contacts with Illinois. Other than lumping Byerly together with all other Defendants, Plaintiff's allegations that relate to Count VI do not contain any specific allegations regarding Byerly. (Complaint ¶¶ 195-208). Plaintiffs do not allege that Byerly took any action in Illinois, that Byerly's actions affected Illinois in any way, or that Byerly was ever present in Illinois. (Complaint ¶¶ 195-208).

Plaintiffs' allegations contained in Count VIII (Complaint ¶¶ 216-228) for Violations of the Defend Trade Secrets Act are general in nature and do not show that Byerly engaged in any trade secret misappropriation let alone engaged in any tortious action in Illinois. Indeed, there are no allegations suggesting that Plaintiffs alleged trade secrets in an open-source project were held, maintained, or otherwise existed in Illinois. (Complaint ¶¶ 216-228). Setting aside Plaintiffs' failure to even identify the trade secret in an open-source project that is at issue, the Complaint contains no allegations suggesting Byerly should have been named as a Defendant for this Count. (Complaint ¶¶ 216-228). As the Complaint alleges, Byerly was a contractor engaged to perform marketing services, and the Complaint contains no allegations that Byerly engaged in any actions related to any trade secrets in Illinois.

Plaintiffs' general allegations related to Count IX (Complaint ¶¶ 229-234) similarly do not implicate any contact between Byerly and Illinois. Byerly is not even specifically named under this count and there no allegations specific to Byerly. These general allegations cannot support the exercise of personal jurisdiction over Byerly.

Finally, Plaintiff's general allegations regarding Count XI (Complaint ¶¶ 244-251) for Breach of Fiduciary Duty do not support the exercise of personal jurisdiction over Byerly. The allegations do not identify any contracts or relationships arising out of contacts with Illinois. Nor do the allegations specifically state that Byerly had any contacts with Illinois. As noted above, the only relationships alleged are between Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) and Byerly as a "contractor". Thus, these general allegations cannot support the exercise of personal jurisdiction over Byerly.

### III.    CONCLUSION

Catherine Byerly is and at all relevant times has been a resident of Florida. All work performed by her with reference to the litigation, entities and individuals involved was performed in Florida. She has not had any contact with Illinois. Plaintiff has not alleged she had any contact with Illinois. Plaintiffs complaint against defendant Catherine Byerly should be dismissed due to a lack of personal jurisdiction over Catherine Byerly.

Wherefore, defendant Catherine Byerly, by and through her attorneys, Cole Sadkin, LLC, requests this Honorable Court dismiss Catherine Byerly as a defendant pursuant to Federal Rule of Civil Procedure 12b2 due to lack of personal jurisdiction or any other relief this Court deems appropriate.

COLE SADKIN, LLC

By: /s/ Dean Barakat

   DEAN BARAKAT

Attorneys for Defendant Catherine Byerly

Dated: May 18, 2022

**COLE SADKIN LLC**
Mason S. Cole
Dean Barakat
1652 W Belmont, Ste 1
Chicago, IL 60657
P: (312) 380-7132
mcole@colesadkin.com
dbarakat@colesadkin.com

# **EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation | Case No.:      1:22-cv-00708 |
| Plaintiffs, | |
| v. | **DEFENDANT  CATHERINE BYERLY'S DECLARATIONIN SUPPORT OF HER MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION** |
| BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES | Hon. Sara L. Ellis |

## DECLARATION OF
## CATHERINE BYERLY

I, Catherine Byerly state as follows:

1. I am over eighteen and a resident of the State of Florida. I submit this declaration in support of  my Federal Rule of Civil Procedure Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in the lawsuit titled *Brandon Smietana et al v. Bradford Stephens, et al,* pending in the United States District Court for the Northern District of Illinois, Case No. 1:22-cv-00708. I have

personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

1.  By making this declaration in support of that motion, I am not consenting the personal jurisdiction of the Northern District of Illinois. Indeed, this declaration is being submitted to show that, just like I do not have any contacts with Illinois, Far Ahead does not have any contacts with the Northern District of Illinois.

2.  I do not currently live in, nor have I ever lived in Illinois.

3.  I have not performed any work, nor done any business in Illinois, nor for any individuals or corporations that primarily do business in Illinois.

4.  Any work I performed with regard to any of the entities and/or individuals in the present litigation was performed from Florida.

5.  To the extent I had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. I never met with Smietana in Illinois, never believed I spoke with Smietana or any Skycoin individuals when they were in Illinois.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of May 2022, at Polk County, Florida.

Catherine Byerly

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION AT CHICAGO**

| | |
|---|---|
| BRANDON SMIETANA, et al, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) Case No.: 1:22-CV-00708 |
| BRADFORD STEPHENS, et al., | ) |
| | ) Honorable Judge Sara L. Ellis |
| *Defendants.* | ) |
| | ) |

---

**NOTICE OF FILING**

TO:    Michael C. Goode
          Michael C. Goode & Co.
          111 West Washington St, Ste 1750
          Chicago, IL 60602
          lawoffice_mcgoode@yahoo.com

PLEASE TAKE NOTICE THAT on May 18, 2022, the undersigned caused the following

**DEFENDANT CATHERINE BYSERLY'S MOTION TO DISMISS UNDER FEDERAL**

**RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION,**

to be electronically filed with the Northern District of Illinois Clerk of the Court, a copy of which

is attached.

                                          Respectfully Submitted,

                                          /s/ Dean Barakat
                                          *One of Plaintiff's Attorneys*

**Cole Sadkin, LLC**
Mason S Cole

Dean Tattoles
Dean Barakat
Mark Johnson
1652 W Belmont Ave, Ste 1
Chicago, IL 60657
P: (312) 548-8610
ARDC: 6255594
dbarakat@colesadkin.com

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that on May 18, 2022 she electronically filed the aforementioned documents, pleadings, or papers with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all CM/ECF participants.

/s/ Rebecca Bach

Rebecca Bach

# <u>EXHIBIT E</u>

**Plaintiffs' Motion for Extension of Time for Service of Process**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDON SMIETANA and )
SKYCOIN GLOBAL FOUNDATION LIMITED, )
a Singapore company, and SYMBOLIC )
ANALYTICS INC. a Delaware Corporation )
)
        Plaintiffs, )
)
v. )
)    Case No.: 1:22-cv-00708
)
BRADFORD STEPHENS, )
AARON KUNSTMAN, )
HARRISON GEVIRTZ, f/k/a "HaRRo", )    Honorable Sara L. Ellis
RYAN EAGLE, ANDREW YOUNG, )
FAR AHEAD MARKETING, )
JOEL WAYNE CUTHRIELL f/k/a "JOEL", )
MORGAN PECK, TRISTAN GREENE, )
BRYAN CLARK, CATHERINE BYERLY, )
STEVEN LEONARD, JOSH OGLE, and )
UNKNOWN INDIVIDUALS AND COMPANIES )
)
)
)
        Defendants. )

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
## FOR SERVICE OF PROCESS ON DEFENDANTS

NOW COME the Plaintiffs, BRANDON SMIETANA ("Smietana") and SKYCOIN

GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS,

INC., a Delaware Corporation ("SA") (collectively "Plaintiffs"), by and through their attorney,

respectfully move this Honorable Court for entry of an Order granting an enlargement of time of

six (6) months in which to effectuate service of process upon Defendants, Andrew Young,

Morgan Peck, Bryan Clark, Steven Leonard and Harrison Gevirtz, and in support states as

follows:

1

1.    Plaintiffs filed their Complaint at Law on February 8, 2022.

2.    Defendant, Bradford Stephens was served and counsel has appeared on his behalf.

3.    Defendant, Ryan Eagle, was served and counsel has appeared on his behalf.

4.    Defendant, Far Ahead Marketing, was served and counsel has appeared on his behalf.

5.    Defendant, Joel Wayne Cuthriell was served March 12, 2022 and a default motion is forthcoming.

6.    Defendant, Aaron Kuntsman, was served March 16, 2022, and a default motion is forthcoming.

7.    Defendant, Tristan Greene, was served May 9, 2022 and a default motion is forthcoming.

8.    Defendant, Catherine Byerly, was served March 11, 2022 and counsel has appeared on her behalf.

9.    Service has yet to be effectuated upon Defendant, **Andrew Young**, who Plaintiffs believe also uses an alias of Adam C. Young. (See Exhibit "A") despite multiple attempts at service, an Alias Summons has to be re-issued and service effectuated.

10.    Service has yet to be effectuated upon Defendant, **Morgan Peck,** who Plaintiffs believe resides in New York, and service is in the process of being effectuated (See Group Exhibit "B"). An Alias will be re-issued as success of process server's attempts dictates.

11.    Service has yet to be effectuated upon Defendant, **Bryan Clark**, who, upon information and belief, resides in either Baja California, Mexico or Tijuana, Mexico. A Subpoena was sent to Defendant, Bryan Clark's employer for his address, but counsel for his employer has objected to said Subpoena (See Exhibit "C"). As Defendant, Bryan Clark, is

believed to reside out of the country, and plaintiff is diligently attempting to locate Defendant to effectuate service of process on him, additional time is needed.

12.    Service has yet to be effectuated upon Defendant, **Steven Leonard**, who, upon information from his Uncle, resides in Singapore. (See Exhibit "D"). As Defendant, Steven Leonard, is believed to reside out of the country, plaintiff is diligently attempting to locate Defendant to effectuate service of process on him.

13.    Service has yet to be effectuated upon Defendant, **Harrison Gevirtz**, despite multiple attempts. An Alias Summons is to be re-issued at what Plaintiffs believe is his current address. (See Exhibit "E").

14.    The Plaintiffs request a 6 month enlargement of time to locate and serve Defendants, Andrew Young, Morgan Peck, Bryan Clark, Steven Leonard and Harrison Gevirtz.

WHEREFORE, Plaintiffs, pay that this Honorable Court enter an Order granting an additional six (6) months enlargement of time in which to effectuate service of process upon Defendants, Andrew Young, Morgan Peck, Bryan Clark, Steven Leonard and Harrison Gevirtz, or for whatever other relief this Honorable Court deems appropriate.

DATED: June 8, 2022                                    Respectfully submitted,


                                                       ____/s/Michael C. Goode_____

Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
Phone: (312) 541-1331
Lawoffice_mcgoode@yahoo.com

# EXHIBIT A

## CERTIFICATE OF NON SERVICE

ED STATES DISTRICT COURT
THERN DISTRICT OF ILLINOIS

Case #: 22-cv-00708

**Brandon Smietana, et al**

Plaintiff

**vs.**

**Bradford Stephens, et al**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be witness therein.

Affiant states s(he) attempted to serve **Andrew Young**, at **3165 Glengrove Dr, Rochester Hills, MI 48309**, with the **Summons & Complaint; Civil Cover Sheet** and after due search, careful inquiry and diligent attempts, was unable to effect service for the following reasons:

03/22/2022     06:15 PM     The residence is currently under refurbishment. There was a contractor present who gave me a phone number to the homeowner. I called and spoke with the female homeowner who said she bought the property some time ago. Defendant is not known.

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 3/16/2022.

Signature: *Keith Ingram*

Keith Ingram

CLIENT: **Michael C. Goode & Company**
FILE #:

Job #: 487419

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## SUMMONS IN A CIVIL CASE

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

|  |  |
|---|---|
| CASE NUMBER: | 22-cv-00708 |

V.

ANDREW YOUNG, et al.,

|  |  |
|---|---|
| ASSIGNED JUDGE: | Hon. Sara L. Ellis |
| DESIGNATED MAGISTRATE JUDGE: | Hon. Jeffrey Cole |

TO: (Name and address of Defendant)

Andrew Young
3165 Glengrove Drive
Rochester Hills, MI  48309

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                    Date                          *Signature of Server*


                                        _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Home Job Search Invoice Search Logout

**General Information**

- ClientBarney & Karamanis, LLP
- Contact PersonBonnie Luttrell
- Client Ref #
- Judicial Tracking #493003
- Received Date05/11/2022
- Documents to be served
- Court Date/Time -

**Case Information**

- Case Number
- Plaintiff
- Defendant
- Serve ToAdam Christopher Young (skip trace)
- Service Address3165 Glengrove Dr Rochester Hills, MI 48309

**Service Information**

- StatusClosed
- Date/Time Served05/11/2022 - 6:12 AM
- Method of ServiceSkip Trace
- Person Served
- Relationship
- Service Comments
- DescriptionAge: , Sex: , Race/Skin Color: , Height: , Weight: , Hair: , Glasses: No
- Process ServerRobert D Fairbanks

**Service Attempts**

- Date/TimeNote

**Message Area**

Submit

- Date/TimeFromMessage

**Attachments**

- Judicial Affidavit
- Invoice #: 279605 | Total Amount Due: (Pay Now)
  Date Billed: 05/11/2022 | Total Payments:

## Adam Christopher Young

Age 38

Lives in Rochester Hills, MI

Show less contact info

### Recent addresses

3165 Glengrove Dr
Rochester Hills, MI 48309

Dates seen Nov 2004 - Mar 2022

6145 E Cave Creek Rd Unit 104
Cave Creek, AZ 85331

7116 Placid Pointe Ct SE
Caledonia, MI 49316

### Recent phone numbers

(248) 230-7752
(248) 648-8865

Is this accurate?

◁ I N T E L I U S

Phone Report

# (248) 762-0668

Link to Report

Report Created

Feb 11, 2022

intelius.com/dashboard



# Disclaimer

Intelius IS NOT A CREDIT REPORTING AGENCY ("CRA") FOR PURPOSES OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 USC §§ 1681 et seq. AS SUCH, THE ADDITIONAL PROTECTIONS AFFORDED TO CONSUMERS, AND OBLIGATIONS PLACED UPON CREDIT REPORTING AGENCIES, ARE NOT CONTEMPLATED BY, NOR CONTAINED WITHIN, THESE TERMS.

You may not use any information obtained from this report in connection with determining a prospective candidate's suitability for:

Health insurance or any other insurance

Credit and/or loans

Employment

Education, scholarships or fellowships

Housing or other accommodations

Benefits, privileges or services provided by any business establishment.

The information provided by this report has not been collected in whole or in part for the purpose of furnishing consumer reports, as defined in the FCRA. Accordingly, you understand and agree that you will not use any of the information you obtain from this report as a factor in: (a) establishing an individual's eligibility for personal credit, loans, insurance or assessing risks associated with existing consumer credit obligations; (b) evaluating an individual for employment, promotion, reassignment or retention (including employment of household workers such as babysitters, cleaning personnel, nannies, contractors, and other individuals); (c) evaluating an individual for educational opportunities, scholarships or fellowships; (d) evaluating an individual's eligibility for a license or other benefit granted by a government agency or (e) any other product, service or transaction in connection with which a consumer report may be used under the FCRA or any similar state statute, including, without limitation, apartment rental, check-cashing, or the opening of a deposit or transaction account. You also agree that you shall not use any of the information you receive through this report to take any "adverse action," as that term is defined in the FCRA; you have appropriate knowledge of the FCRA; and, if necessary, you will consult with an attorney to ensure compliance with these Terms.

# Personal Information

This section contains known aliases, birth information, and potential imposters gleaned from public records.

## POSSIBLE OWNER

Adam C Young

## KNOWN ALIASES

Adam Christopher Young

## OTHER PEOPLE POSSIBLY ASSOCIATED WITH THIS NUMBER

Adam C Young

## OWNER HISTORY

| Owner Name | Address |
| --- | --- |
| Adam C Young | 6145 E Cave Creek Rd Unit 104, Cave Creek, AZ 85331-8700 |
| Adam C Young | |

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## ALIAS SUMMONS IN A CIVIL CASE

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

V.

ANDREW YOUNG, a/k/a ADAM C. YOUNG

CASE NUMBER: 22-cv-000708

ASSIGNED JUDGE: Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE: Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Andrew Young
a/k/a Adam C. Young
6145 E. Cave Creek Rd., Unit 104
Cave Creek, AZ 85331

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____ 21 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

THOMAS G. BRUTON, CLERK

(By) DEPUTY CLERK



June 8, 2022

DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        *Date*                                  *Signature of Server*


                                        _____
                                                  *Address of Server*


(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

 Gmail

Bonnie Lynn <blgoodelaw@gmail.com>

_____

1 message

_____

**Judicial Attorney Services, Inc.** <office@processserver.pro>          Tue, May 31, 2022 at 4:15 PM
To: Bonnie Lynn <blgoodelaw@gmail.com>

Will do, Joan



Illinois - Indiana - Arizona - Delaware
*New check payment mailing address: PO Box 583, Geneva, IL 60134
p: (630) 221-9007 or (877) 659-3448
w: www.ProcessServer.pro
office locations

On Tue, May 31, 2022 at 2:53 PM Bonnie Lynn <blgoodelaw@gmail.com> wrote:
  Can they make a few more tries later in evening?  I have to assume these are two working professionals (gone during day).

  On Tue, May 31, 2022 at 12:43 PM Judicial Attorney Services, Inc. <office@processserver.pro> wrote:
    Morgen Peck:

    Attempt : 05/18/2022 1:57 PM - Multi unit building.  No names on bell.  No doorman. No answer at door.

    Attempt : 05/20/2022 6:18 PM - No answer at door.

    Attempt : 05/23/2022 9:38 AM - No answer at the door. Only answer is on the 3rd fl and they don't know who lives on 5th fl



Illinois - Indiana - Arizona - Delaware
*New check payment mailing address: PO Box 583, Geneva, IL 60134
p: (630) 221-9007 or (877) 659-3448
w: www.ProcessServer.pro
office locations

On Tue, May 31, 2022 at 12:11 PM Bonnie Lynn <blgoodelaw@gmail.com> wrote:
  Can you give me a service update on Morgan Peck?

  On Sun, May 22, 2022 at 11:57 AM Judicial Attorney Services Inc. <office@processserver.pro> wrote:
    **Judicial Attorney Services, Inc. has sent you the past due invoice(s) for the following case:**

    **Judicial Tracking #:** 488696
    **Invoice #:** 278025
    **Case:** Brandon Smietana, et al v. Bradford Stephens, et al
    **Case #** 22-cv-00708
    **Client Ref #**

    **Judicial Tracking #:** 488516

**Invoice #:** 278630
**Case:** Brandon Smietana, et al v. Bradford Stephens, et al
**Case #** 22-cv-00708
**Client Ref #**
**Judicial Tracking #:** 488868
**Invoice #:** 278630
**Case:** Brandon Smietana, et al v. Bradford Stephens, et al
**Case #** 22-cv-00708
**Client Ref #**

To make payment with a Visa, Mastercard, Discover, American Express or eCheck (ACH), please click here to be transferred to the secure payment server.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

*ALIAS* **SUMMONS IN A CIVIL CASE**

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

V.

BRADFORD STEPHENS, et al.,

CASE NUMBER: 22-cv-00708

ASSIGNED JUDGE: Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE: Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Morgan Peck
76 Canal Street, 5th Floor
New York, NY 10002

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                              Date                          *Signature of Server*

                                      _____
                                      *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF NON SERVICE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Case #: 22-cv-00708

| | |
|---|---|
| **Brandon Smietana, et al** | |
| | Plaintiff |
| **vs.** | |
| **Bradford Stephens, et al** | |
| | Defendant |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

### Summons & Complaint; Civil Cover Sheet

03/25/2022    01:55 PM    This is a 6 story, 67 unit building (The Arthur NYC). Unknown per door man. Never heard of the defendant before. No unit number provided.

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 3/25/2022.

Signature: _____
Husam Naser
Registration No: 2034396

CLIENT: **Michael C. Goode & Company**
FILE #:

Job #: **488696**

 Gmail

Bonnie Lynn <blgoodelaw@gmail.com>

## Service on Morgan Peck - Our file # 487426
1 message

**Judicial Attorney Services Inc.** <office@processserver.pro>                    Tue, Mar 15, 2022 at 5:52 AM
To: blgoodelaw@gmail.com

Attempt: 03/14/2022 1:46 PM Unknown per tenants on the 2nd and 3rd fl

Also spoke to the manager of the salon on the ground floor and the defendant is unknown

Sincerely,

Bob Fairbanks
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
Phone: (630) 221-9007
office@ProcessServer.pro

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

V.

BRADFORD STEPHENS, et al.,

CASE NUMBER:     22-cv-00708

ASSIGNED JUDGE:     Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE:   Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Morgan Peck
76 Canal Street, 5th Floor
New York, NY  10002

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

THOMAS G. BRUTON, CLERK

(By) DEPUTY CLERK

March 9, 2022

DATE

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                         Date                                    *Signature of Server*

                                                    _____
                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT C

GATTEY LAW OFFICE, P.C.
Scott D. Gattey (Bar No. 180875)
830 Old County Road
Belmont, CA 94002
(650) 596-7123 tel
scott@gatteylaw.com

Attorney for Third Party
GRAPHITE GROWTH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

SMIETANA, ET AL,

               PLAINTIFF

v.

BRYAN CLARK, ET AL

             DEFENDANTS.

**CASE NO. 22-CV-00708**

**THIRD PARTY GRAPHITE GROWTH, INC'S OBJECTIONS TO SUBPOENA ISSUED BY PLAINTIFF**

---

    Graphite Growth, Inc. ("Graphite") submits the following objections to the Subpoena served by Plaintiff on Graphite ("Subpoena").

## OBJECTIONS

    1.  Graphite asserts these Objections with respect to each and every document request contained in the Subpoena.

    2.  Graphite objects to the extent the subpoena seeks to have documents produced in Illinois, well outside the 100-mile limitation set forth in Federal Rule of Civil Procedure 45.

    3.  Graphite objects that the subpoena was not signed or dated.

    4.  Graphite objects that the subpoena did not provide adequate time for compliance.

    5.  Graphite generally objects to the Subpoena in its entirety and to each individual document request included therein, to the extent that the categories of documents in each and

1    every request set forth in the Subpoena are vague, ambiguous and overbroad and as such

2    Graphite is not able to respond.

3       6.  Graphite generally objects to the Subpoena in its entirety and to each individual document

4    request included therein, on the ground that compliance with the Subpoena would impose an

5    undue burden on Graphite because the scope of the Subpoena is overbroad.

6       7. Graphite generally objects to the Subpoena in its entirety and to each individual

7    document request included therein, on the ground that the Subpoena requests documents the

8    production of which would require Graphite disclose private, trade secret, proprietary and

9    confidential information.  The subpoena is also defective in that it does not indicate that prior

10   notice was given to the employee whose records are sought and as is required under

11   California law.

12      8. Graphite generally objects to the Subpoena in its entirety and to each individual

13   document request included therein, on the ground that the Subpoena requests materials that

14   likely have already been produced by the parties in the above-captioned matter.

15

16   DATED:  May 25, 2022                    GATTEY LAW OFFICE, P.C.

17                                           By:_____

18                                              Scott D. Gattey

19                                           Attorney for Third Party
                                             Graphite Growth, Inc.

20

21

22

23

24

25

26

27

28

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois ▾

BRANDON SMIETANA, SKYCOIN GLOBAL et al.

_____
*Plaintiff*

v.

BRYAN CLARK, et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 22-cv-00708

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Graphite Growth, Inc., 51 Sharon Street, San Francisco, CA 94114 - Attn: HR Director
Graphite Growth, Inc. c/o 1505 Corporation1823VCORP SERVICES CA, INC.330 N BRAND BLVD 700
GLENDALE, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Copy of the most current personnel file, containing last known residential address of employee, Bryan Clark.

| Place: Michael C. Goode<br>111 W. Washington Street, Suite 1750<br>Chicago, IL 60602 OR EMAIL:blgoodelaw@gmail.com ← *address of Bryan Clark to ?* | Date and Time:<br><br>05/26/2022 BY 1PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Michael C. Goode
111 W. Washington Street, Suite 1750, Chicago, IL. 60602 _____, who issues or requests this subpoena, are:
mcgoode@yahoo.com; bonnielynn@goodelaw.com    (312) 541-1331

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-00708

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    05/09/2022

_____
*Server's signature*

Bonnie Luttrell, Paralegal
*Printed name and title*
Michael C. Goode Law Offices
111 W. Washington Stret, Suiet 1750
Chicago, IL. 60602

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Print | Close Window

**Subject:** Re: NEED HOME ADDRESSES FOR TWO JOURNALISTS THAT WRITE FOR NY POST & 1 other
**From:** "Judicial Attorney Services, Inc." <office@processserver.pro>
**Date:** Tue, Mar 22, 2022 6:21 am
**To:**

From what I can tell, Bryan Clark is probably in Mexico and I don't have the resources to locate him outside of the U.S.



Illinois - Indiana - Arizona - Delaware
*New check payment mailing address: PO Box 583, Geneva, IL 60134
p: (630) 221-9007 or (877) 659-3448
w: www.ProcessServer.pro
office locations

On Fri, Mar 18, 2022 at 4:09 PM
I show Bryan Clark can be in San Deigo, Baja California or Tijuana

Bonnie

-------- Original Message --------
Subject: Re: NEED HOME ADDRESSES FOR TWO JOURNALISTS THAT WRITE FOR NY POST & 1 other
From: "Judicial Attorney Services, Inc." <office@processserver.pro>
Date: Fri, March 18, 2022 4:00 pm
To:

I have no way to track anyone outside of the U.S. I will see what I can find out about Bryan Clark.

Thanks,

Bob



Illinois - Indiana - Arizona - Delaware
*New check payment mailing address: PO Box 583, Geneva, IL 60134
p: (630) 221-9007 or (877) 659-3448
w: www.ProcessServer.pro
office locations

On Fri, Mar 18, 2022 at 3:58 PM <
Bryan Clark:   https://www.howtogeek.com/author/bryanclark/     NEED ADDRESS TO SERVE HIM AT.

Tristan Greene -  I believe he's in
Amsterdam.... https://anewstip.com/journalist/profile/dv2-4d18ba14/?tab=tweets

and Steven Leonard - lives in Singapore. (Not a journalist)

Bonnie ___

Copyright © 2003-2022. All rights reserved.

# EXHIBIT D



Bonnie Lynn <blgoodelaw@gmail.com>

## Service on Steven Leonard - Our file # 487427

1 message

**Judicial Attorney Services Inc.** <office@processserver.pro>                    Sun, Mar 13, 2022 at 5:10 AM
To: blgoodelaw@gmail.com

Attempt: 3/12/2022 1:20 PM I spoke to the defendants uncle, Dave Buccellato, who said the defendant currently lives in Singapore.


Sincerely,

Bob Fairbanks
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
Phone: (630) 221-9007
office@ProcessServer.pro

Print | Close Window

Subject: **Re: SKYCOIN**
From: **"Judicial Attorney Services, Inc." <office@processserver.pro>**
Date: **Tue, May 10, 2022 6:48 am**
To: ☐
Attach: **Screen Shot 2022-05-10 at 6.45.52 AM.png**

For Steven Leonard, his SSN last reports him in 2020 at the address we attempted:

| 4324 85TH AVENUE CIR E PARRISH, FL 34219-1904 | Household Listing | 01/01/2015 - 11/30/2020 |
|---|---|---|
| | Experian | 06/19/2017 - 10/08/2020 |
| | Experian Gateway | 06/19/2017 - 10/08/2020 |

With no addresses being reported after November 2020, it would make sense that he is out of the country. I did not find any utilities or vehicles registered to him.

What is the last known address for Adam Young?

Bob



JUDICIAL
ATTORNEY
SERVICES INC.

Illinois - Indiana - Arizona - Delaware
*New check payment mailing address: PO Box 583, Geneva, IL 60134
p: (630) 221-9007 or (877) 659-3448
w: www.ProcessServer.pro
office locations

On Mon, May 9, 2022 at 12:39 PM

I need a skip on:

Steven Andrew Leonard DOB: 9/2/88 (he is the one I believe is in Singapore - but am hoping he has utilities here somewhere and I can get substitute service)

Adam Christopher Young, DOB: 5/10/84 -

Bonnie

Copyright © 2003-2022. All rights reserved.

## CERTIFICATE OF NON SERVICE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**                    **Case #: 22-cv-00708**

**Brandon Smietana, et al**

Plaintiff

**vs.**

**Bradford Stephens, et al**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be witness therein.

Affiant states s(he) attempted to serve **Steven Leonard**, at **4324 85th Avenue Circle E, Parrish, FL 34219**, with the **Summons & Complaint; Civil Cover Sheet** and after due search, careful inquiry and diligent attempts, was unable to effect service for the following reasons:

03/12/2022    01:20 PM    I spoke to the defendants uncle, Dave Buccellato, who said the defendant currently lives in Singapore.

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 3/14/2022.

Signature: _____

Howard Glenn Finley

CLIENT: **Michael C. Goode & Company**                                                Job #: **487427**
FILE #:

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

<table>
<tr><td></td><td>CASE NUMBER:</td><td>22-cv-00708</td></tr>
</table>

V.

STEVEN LEONARD, et al.,

ASSIGNED JUDGE: Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE: Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Steven Leonard
4324 85th Avenue Cir E
Parrish, FL 34219

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                         *Signature of Server*

                                      _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT E

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## ALIAS SUMMONS IN A CIVIL CASE

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

V.

HARRISON GEVIRTZ, et al.

CASE NUMBER:  22-cv-000708

ASSIGNED JUDGE:  Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE:  Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Harrison Gevirtz
18362 N. 94th Place
Scottsdale, AZ  85255

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL.  60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
        Date                *Signature of Server*


        _____
        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Print | Close Window**

Subject: **Re: Service on Harrison Gevirtz - Our file # 489419**
From: **"Judicial Attorney Services, Inc." <office@processserver.pro>**
Date: **Wed, May 04, 2022 2:44 pm**
To: **Bonnie Lynn <blgoodelaw@gmail.com>**
Cc: **bonnie@bkchicagolaw.com, florence@bkchicagolaw.com, JAMES@bkchicagolaw.com**
Attach: **Screen Shot 2022-05-04 at 2.43.20 PM.png**
   **Screen Shot 2022-05-04 at 2.43.58 PM.png**

It's true.  His SSN has not reported here since 2020:

| 19 10TH ST APT 1133 SAN FRANCISCO, CA 94103 SAN FRANCISCO | Experian Experian Gateway Equifax Household Listing | 11/19/2013 - 10/13/2020 11/19/2013 - 10/13/2020 02/01/2014 - 09/30/2020 01/01/2019 - 12/31/2019 |

Here is what coming us as current:

| 18362 N 94TH PL SCOTTSDALE, AZ 85255-6001 MARICOPA COUNTY | Experian Experian Gateway Vehicle Equifax | 01/01/2021 - 03/09/2022 01/01/2021 - 03/09/2022 04/01/2021 - 01/01/2022 01/01/2021 - 01/31/2021 |



**JUDICIAL ATTORNEY SERVICES INC.**
**Illinois - Indiana - Arizona - Delaware**
*New check payment mailing address: PO Box 583, Geneva, IL 60134
p: (630) 221-9007 or (877) 659-3448
w: www.ProcessServer.pro
office locations

On Wed, May 4, 2022 at 2:27 PM Bonnie Lynn <blgoodelaw@gmail.com> wrote:
I can't say I really believe this security guard who states on 4/23 that they didn't live there for 6 months.  You would think they would have been told that on 4, 8, 4/13, 4/15 and 4/19......

Can you skip this guy and see if you come up with utilities moved or a new address in last 6 months?

---------- Forwarded message ---------
From: **Bonnie Lynn <blgoodelaw@gmail.com>**
Date: Wed, May 4, 2022 at 1:30 PM
Subject: Fwd: Service on Harrison Gevirtz - Our file # 489419
To: <bonnie@bkchicagolaw.com>

---------- Forwarded message ---------
From: **Judicial Attorney Services Inc. <office@processserver.pro>**
Date: Wed, Apr 27, 2022 at 2:03 PM
Subject: Service on Harrison Gevirtz - Our file # 489419
To: <blgoodelaw@gmail.com>

Please see the attached.

Sincerely,

Bob Fairbanks
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187

# CERTIFICATE OF NON SERVICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case #: 22-cv-00708

**Brandon Smietana, et al**

Plaintiff

**vs.**

**Bradford Stephens, et al**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be witness therein.

Affiant states s(he) attempted to serve **Harrison Gevirtz**, at **18362 N. 94th Place, Scottsdale, AZ 85255**, with the **Alias Summons & Complaint; Civil Cover Sheet** and after due search, careful inquiry and diligent attempts, was unable to effect service for the following reasons:

| | | |
|---|---|---|
| 05/09/2022 | 04:46 PM | This is a gated community. Gevirtz is not listed on the call box. After gaining entrance, there was no answer and no vehicles. There is a barking dog inside. |
| 05/11/2022 | 08:42 AM | No answer and no dogs. There is a Ring bell and no response |
| 05/14/2022 | 04:09 PM | No answer. There is white Tesla Sedan in the driveway. Unfortunately, it was backed up against the garage door, so I could not get a license plate number. I rechecked the gate call box and confirmed Harrison's name is not in there. No one responded to the ring doorbell or numerous knocks on the front door |

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 5/14/2022.

Signature: _____

Keith E Blanchard
Registration No: MC-8694

CLIENT: **Michael C. Goode & Company**
FILE #:

Job #: 492800

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

                    V.

HARRISON GEVIRTZ, et al.,

*ALIAS* **SUMMONS IN A CIVIL CASE**

CASE NUMBER:     22-cv-00708

ASSIGNED JUDGE:     Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE: Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Harrison Gevirtz
18 - 10th Street, Apt. 1133
San Francisco, CA  94103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

AO 440  (Rev. 05/00)  Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

| *Check one box below to indicate appropriate method of service* |
|---|

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
    discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                Date                      *Signature of Server*

                                  _____
                                  *Address of Server*

_____
(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF NON SERVICE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Case #: 22-cv-00708

**Brandon Smietana, et al**

vs.

Plaintiff

**Bradford Stephens, et al**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: that s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be witness therein.

Affiant states s(he) attempted to serve **Harrison Gevirtz**, at **18-10th St., #1133, San Francisco, CA 94103**, with the **Alias Summons & Complaint; Civil Cover Sheet** and after due search, careful inquiry and diligent attempts, was unable to effect service for the following reasons:

| | | |
|---|---|---|
| 04/08/2022 | 03:10 PM | Front desk called up to unit, no response. Would not allow access. |
| 04/13/2022 | 06:30 PM | Front desk called up to unit, no response. Would not allow access. |
| 04/15/2022 | 02:05 PM | Front desk called up to unit, no response. Would not allow access. |
| 04/19/2022 | 12:36 PM | Was allowed access to the unit. Knocked and rang bell, no response. |
| 04/23/2022 | 08:33 PM | Security said that the subject has not lived there for 6 months. Mentioned that he is still in the system, has not been removed. Leasing office 415-552-NEMA. |



Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

I declare under penalties of perjury that the information contained herein is true and correct. Executed on 4/27/2022.

Signature: _____

Evan Weissman

Registration No: 1483 San Francisco County

CLIENT: **Michael C. Goode & Company**
FILE #:

Job #: 489419

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

V.

HARRISON GEVIRTZ, et al.,

*ALIAS* SUMMONS IN A CIVIL CASE

CASE NUMBER: 22-cv-00708

ASSIGNED JUDGE: Hon. Sara L. Ellis

DESIGNATED
MAGISTRATE JUDGE: Hon. Jeffrey Cole

TO: (Name and address of Defendant)

Harrison Gevirtz
18 - 10th Street, Apt. 1133
San Francisco, CA 94103

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, IL 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

_____

☐ Other (specify): _____

_____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                 Date          *Signature of Server*

                                   _____
                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

4/5/22, 10:51 AM
Gmail - Judicial Attorney Services has completed your request for service
Case 1:22-cv-00708 Document #32 Filed 06/26/22 Page 136 of 138 PageID #1962

 Gmail

Bonnie Lynn <blgoodelaw@gmail.com>

## Judicial Attorney Services has completed your request for service
1 message

**Judicial Attorney Services Inc.** <office@processserver.pro>
To: blgoodelaw@gmail.com

*alexandra*

Sun, Mar 27, 2022 at 6:21 AM

**NOTE: THIS IS AN AUTOMATED MESSAGE - SAVE FOR IMPORTANT
STATUS LINKS**

**Judicial Attorney Services, Inc. has completed service on the following case(s):**

**Judicial Job #:** 488696
**Client Ref #:**
**Case:** Brandon Smietana, et al v. Bradford Stephens, et al
**Case #:** 22-cv-00708

**Service Date:** 03/25/2022 at 01:55 PM
**Method of Service:** Non Service
**Party Being Served:** Harrison Gevirtz
**Person Served:** ,
**Service Address:** 245 W. 25th St., New York, NY 10001 — *Apt 66.*
**Description:**

*18 10th St
Apt 1133

San Fran
CA
94103*

**Server Name:** Husam Naser
**Server License #:** 2034396

**Service Comments:**
-----------------------------------------------------------------------------------

The affidavit(s) are typically emailed and/or mailed out within 1 business day (if originals are required). You can log into your account at JudicialStatus.com to view and printout affidavit(s), obtain invoices and check prior payments.

Your account login information is below:

**User Name:**
**Password:**

If prepayment was not sent or a balance is due on this service you may pay by Visa, Mastercard, American Express or Discover. Please click here to be transferred to the secure payment page. We also accept electronic payment through Chase QuickPay or any Zelle supported bank to this email address.

If you have any questions, please do not hesitate to contact us.

Sincerely,

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
Phone: (630) 221-9007
office@ProcessServer.pro

*5447 Haines Rd N
Saint Petersburg, FL
33714*

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

BRANDON SMIETANA and SKYCOIN
GLOBAL FOUNDATION LIMITED and
SYMBOLIC ANALYTICS INC.

CASE NUMBER:      22-cv-00708

V.

ASSIGNED JUDGE:    Hon. Sara L. Ellis

HARRISON GEVIRTZ, f/k/a "HaRRo", et al.,

DESIGNATED
MAGISTRATE JUDGE:   Hon. Jeffrey Cole

       TO: (Name and address of Defendant)

Harrison Gevirtz, f/k/a "HaRRo"
245 W 25th St
New York, NY 10001

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

     Michael C. Goode, Esq.
     Michael C. Goode & Company
     111 W. Washington Street, Suite 1750
     Chicago, IL. 60602

an answer to the complaint which is herewith served upon you, _____21_____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                    *Signature of Server*


_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.