UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br><br>Defendants. | Case No.: 1:22-cv-00708<br><br>**DEFENDANT CATHERINE BYERLY'S** Reply in support of her MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION<br><br>Hon. Sara L. Ellis |

### DEFENDANT CATHERINE BYERLY'S REPLY FOR HER MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Now Comes defendant Catherine Byerly, by and through her attorneys Cole Sadkin, LLC and in reply for her MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION, states as follows:

Catherine Byerly filed a 12(b)(2) Motion to Dismiss. This Court set forth a briefing schedule on this motion as well as other Motions to Dismiss, including defendants Eagle and Stephens 12(b)(6) Motions to Dismiss. In response to the Stephens and Eagle motions, plaintiffs' response indicated a request to amend their complaint.

In response to Byerly's present motion, plaintiffs' response is a request for additional time to respond and conduct discovery. It is unclear if this is a motion or the response to the present motion. To the extent this is Plaintiffs' response to Byerly's Motion to Dismiss, it does not overcome the motion, nor merit additional discovery or a delay in ruling on the motion.

Defendant Byerly set forth the compelling facts as to why this Court does not have jurisdiction over her and should dismiss her from this litigation. Plaintiffs only substantive response is that defendant Byerly did work for Skycoin and there were contracts involved with individials or entities that had Illinois contacts. Plaintiffs have not attached any contracts or documents of any kind to their pleading, nor plead that defendant Byerly had any contacts with Illinois.

In addition, plaintiffs fail to allege that plaintiffs Skycoin, Smietana nor Symbolic Analytics had any connection to Illinois. There are no allegations whatsoever that defendant Byerly had any contacts with Illinois, nor that any of her work involved Illinois. Plaintiffs only respond with guess, conjecture and speculation.

Byerly's Motion lays out that plaintiffs' complaint contains no allegations that Byerly's actions or activities had anything whatsoever to do with Illinois. Plaintiffs' complaint contains no allegations, plaintiffs set forth no additional facts or evidence to support jurisdiction over Defendant Byerly. Plaintiff makes vague reference to "contracts" and working with other defendants.

Defendant Byerly clearly, succinctly, sufficiently and with detail set forth that plaintiffs have failed to allege sufficient contacts with Illinois by defendant Byerly. Plaintiffs' response does not offer any actual facts or evidence to overcome Byerly's motion to dismiss.

Finally, plaintiff is apparently requesting discovery to overcome this motion. Defendant Byerly, objects to this inappropriate request. Plaintiffs should not be allowed to undertake a fishing expedition and keep Byerly in the litigation. Plaintiffs' complaint and allegations do not confer jurisdiction over defendant Byerly. Mere innuendo, guess and conjecture should not keep this Court from ruling on Byerly's Motion.

## **CONCLUSION**

Catherine Byerly is and at all relevant times has been a resident of Florida. All work performed by her with reference to the litigation, entities and individuals involved was performed in Florida. She has not had any contact with Illinois. Plaintiff has not alleged she had any contact with Illinois. Plaintiffs' complaint against defendant Catherine Byerly should be dismissed due to a lack of personal jurisdiction over Catherine Byerly.

Wherefore, defendant Catherine Byerly, by and through her attorneys, Cole Sadkin, LLC, requests this Honorable Court dismiss Catherine Byerly as a defendant pursuant to Federal Rule of Civil Procedure 12b2 due to lack of personal jurisdiction or any other relief this Court deems appropriate.

COLE SADKIN, LLC

By: /s/ Dean Barakat
    DEAN BARAKAT

Attorneys for Defendant Catherine Byerly

Dated: June 30, 2022

**COLE SADKIN LLC**
Mason S. Cole
Dean Barakat
1652 W Belmont, Ste 1
Chicago, IL 60657
P: (312) 380-7132
mcole@colesadkin.com
dbarakat@colesadkin.com