UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br><br>Defendants. | Case No.: 1:22-cv-00708<br><br>**DEFENDANT FAR AHEAD MARKETING'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Hon. Sara L. Ellis<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

I. **INTRODUCTION**

Through their improperly noticed and filed "Motion to Defer Briefing," Plaintiffs do not make the required *prima facie* showing that Far Ahead Marketing, LLC ("Far Ahead") is subject to the personal jurisdiction of this Court. That showing is necessary for this Court to grant Plaintiff limited jurisdictional discovery. It remains undisputed that Far Ahead is a Wyoming Limited Liability Company with its principal place of business in New York, New York, that it has no members, employees, or contractors who work or have worked in Illinois, and it has never done business in or directed business towards Illinois. Because Plaintiffs have not made the required *prima facie* showing their "Motion" should be denied.

Plaintiffs also do not specifically describe what discovery would allow it to overcome the undisputed facts presented in Far Ahead's motion. Plaintiff simply lists generalized forms of

discovery; however, Plaintiffs cannot explain why that discovery would allow it to establish that Far Ahead is subject to personal jurisdiction in this Court. Plaintiffs' failure arises because no discovery would change where Far Ahead is incorporated, operates, or that it has had no contacts with Illinois, case related or otherwise.

Other than bringing their improper and unsupported motion for discovery, Plaintiffs do not oppose Far Ahead's motion. They do not contest the facts presented by Far Ahead with any evidence and only vaguely claim "material misrepresentation" exist, without stating what those representations are. Thus, there remains no evidence that suggests Far Ahead had any contacts with Illinois, let alone sufficient contacts to establish general jurisdiction or sufficient case related minimum contacts to establish specific jurisdiction. Because Plaintiffs have not opposed Far Ahead's motion, cannot make the required *prima facie* showing, and the only evidence shows that this Court does not have personal jurisdiction over Far Ahead, Far Ahead's 12(b)(2) motion should be granted and the claims against it dismissed.

## II. ARGUMENT

A plaintiff does not have an automatic right to jurisdictional discovery in every case. *Gilman Opco LLC v. Lanman Oil Co., Inc.*, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014), *Marks v. Worldwide Robotic Automated Parking, LLC*, No. 16-cv-8656, at *6 (N.D. Ill. July 13, 2017). Rather, the plaintiff must establish a colorable or *prima facie* showing of personal jurisdiction before discovery is permitted. *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015). Courts generally will grant jurisdictional discovery if the plaintiff "can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) (citation and internal quotation marks omitted). Although "the standard to obtain jurisdictional discovery is low, courts will not permit discovery based only upon bare, attenuated, or unsupported assertions of personal jurisdiction or when a plaintiff's claim appears to be clearly frivolous." *Id.* The Seventh Circuit has cautioned that defendants usually should not be subjected to extensive discovery to determine whether personal jurisdiction over them exists. *Cent. States, Se. & Sw. Areas Pension Fund v.*

*Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000), *Marks*, No. 16-cv-8656, at *6. And when the lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted. *John Crane Inc. v. Bartlett*, No. 16-CV-05918, at *26-27 (N.D. Ill. Mar. 23, 2017).

Here, the record is not ambiguous or unclear on the jurisdictional issue. The only evidence before this Court shows that Far Ahead has no contacts with Illinois, case related or otherwise. (ECF 15-2, Declaration of Joshua Ogle; ECF 15-3, Far Ahead Marketing Articles of Incorporation). Instead of addressing the evidence presented, Plaintiffs present little more than "bare, attenuated, or unsupported assertions" in support of their "Motion to Defer Briefing" and do not directly address or even oppose Far Ahead's challenge to this Court's exercise of personal jurisdiction. Thus, Plaintiffs' "Motion to Defer Briefing" should be denied and Far Ahead's 12(b)(2) motion to dismiss should be granted in its entirety.

### A. *Teamsters Local Union No. 357 v. Republic Airline, Inc.*, Cited By Plaintiffs, is a Subject Matter Jurisdiction Case With No Relevance Here

Instead of addressing the well-established standard for evaluating personal jurisdiction, Plaintiffs rely on *Teamsters Local Union No. 357 v. Republic Airline, Inc.*, an inapposite subject matter jurisdiction case, to suggest they should be provided additional discovery. The standard for evaluating subject matter jurisdiction is fundamentally different than and separate from personal jurisdiction. *See, Woodall v. Janssen Research & Dev., LLC*, No. 3:17-cv-00752-DRH at 6-7 (S.D. Ill. Sep. 22, 2017) (describing the order in which the separate analysis of subject matter jurisdiction and personal jurisdiction should take place). Subject matter jurisdiction examines whether a Court has jurisdiction over the pleaded claims. Personal jurisdiction examines whether the parties have sufficient contacts with the forum court to be haled into that court without violating fundamental notions of due process. The reasons discovery may be necessary in a subject matter jurisdiction case have little bearing on what discovery could be needed in a personal jurisdiction case.

*Republic Airline* illustrates why discovery may be necessary to establish subject matter jurisdiction. In response to the defendants' "factual attack" on the court's subject matter

jurisdiction, the *Republic Airline* court needed to determine whether complaint stated a "major dispute" under the Railway Labor Act subject to court resolution or if it was a "minor dispute" subject to mandatory arbitration. *Republic Airline, Inc.*, No. 1:15-cv-01066-WTL-MJD at *1-2. In arguing that "longstanding unchallenged past practice as well as contract language" showed plaintiffs' claims constituted a "minor dispute," defendants submitted three declarations of defendants' employees and 27 exhibits, constituting over 200 pages of evidence. *Republic Airline, Inc.*, No. 1:15-cv-01066-WTL-MJD at *2. Understandably, plaintiff requested discovery to address defendants' "factual attack" on the nature of the claims that were being brought.

The factual inquiry at issue in *Republic Airlines* into past practice and contract interpretation, and the plaintiffs need for discovery to address those subjects and the 200 pages of evidence submitted by defendants, has little to do with whether Plaintiffs here need discovery to determine whether Far Ahead ever operated in Illinois or otherwise had case related contacts with Illinois. Yet here, after citing *Republic Airlines,* Plaintiffs make the bare, attenuated, and unsupported assertion that "several discrepancies between the assertions in the affidavits and Plaintiffs' prior knowledge" exist. Unlike the plaintiff in *Republic Airlines*, Plaintiff here does not explain what those discrepancies are or how "Plaintiffs' prior knowledge" has anything to do with whether Far Ahead is subject to personal jurisdiction in this Court. Thus, Plaintiffs reliance on *Republic Airlines* is misplaced and does not support their request for additional discovery.

  **B.** **Plaintiff Has Not Made Any Showing That Far Ahead is Subject to Personal Jurisdiction in This Court**

To satisfy the *prima facie* showing requirement, a plaintiff must present evidence of specific facts that, when taken as true, are sufficient to support a finding of personal jurisdiction. *Andersen v. Sportmart, Inc.*, 57 F. Supp. 2d 651, 654 (N.D. Ind. 1999). If a defendant submits affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence. *Purdue Research v. Sanofi-Synthelabo*, S.A, 338 F.3d 773, 783 (7th Cir. 2003). Although factual inferences should be drawn in a plaintiff's favor, where a plaintiff does not refute facts contained in the defendant's affidavit, courts accept

those facts in the affidavit as true. *John Crane Inc. v. Bartlett*, No. 16-CV-05918 (N.D. Ill. Mar. 23, 2017), *Gciu-Employer v. Goldfarb Corp., 565 F.3d 1018*, 1020 n.1 (7th Cir. 2009). Factual assertions that amount only to vague generalizations or unsupported allegations are not enough to make a *prima facie* showing. *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018).

A plaintiffs' "unsupported suspicion" will not support a *prima facie* showing or entitle the plaintiff to additional discovery. *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 783 (N.D. Ill. 2009). In *Ticketreserve*, the key issue for determining whether defendant was subject to personal jurisdiction was whether defendant operated the website viagogo.com. *Id.* Defendant submitted an uncontested declaration denying involvement in the operation of that website. *Id.* Plaintiff responded by submitting evidence that viagogo.com was aimed at Illinois residence; however, they did not submit any evidence that defendant operated that website. Instead, plaintiff provided "noting more than its unsupported suspicion that [defendant] is involved with [the website]." *Id.* Because the plaintiff "provided nothing but its unsupported assertion of personal jurisdiction" over defendant, the court denied plaintiff's request for jurisdictional discovery and granted defendant's motion to dismiss for lack of personal jurisdiction. *Id.*

Here, Far Ahead has submitted a declaration showing that it is a Wyoming LLC with no general or case specific contacts with Illinois. (ECF 15-2, Declaration of Joshua Ogle). Even more extreme than in *Ticketreserve,* Plaintiff here has submitted no evidence in support of their "Motion to Defer Briefing" and have not filed an opposition to Far Ahead's motion. And like plaintiff in *Ticketreserve,* Plaintiffs here present little more than their "unsupported suspicion" that "certain" unidentified "assertions" in Far Ahead's motion "seem to be incorrect." Plaintiffs submit no evidence in support of their suspicion or to otherwise support their assertion that Far Ahead is subject to the jurisdiction of this Court. Because Plaintiffs have not refuted facts the facts contained in Far Ahead's declaration, this Court should accept those facts in the affidavit as true. *John Crane Inc. v. Bartlett*, No. 16-CV-05918 (N.D. Ill. Mar. 23, 2017), *Gciu-Employer v. Goldfarb Corp., 565 F.3d 1018*, 1020 n.1 (7th Cir. 2009). Like *Ticketreserve,* because Plaintiffs provided nothing

but its unsupported of assertion of personal jurisdiction over Far Ahead, Plaintiffs' request for jurisdictional discovery should be denied and Far Ahead's 12(b)(2) motion to dismiss should be granted.

Instead of presenting any evidence in support of its "Motion to Defer Briefing," filing any opposition, or presenting any evidence that would support the exercise of personal jurisdiction over Far Ahead, Plaintiffs have moved for default judgment against an individual who they know has no relation to Far Ahead. Plaintiffs served an individual who lives at 20326 Cohasset St. #3, Winnetka, California 91306. Yet through their Complaint, Plaintiffs acknowledge that Joshua Ogle is a citizen of the State of New York. Complaint ¶ 13. Plaintiffs present no explanation why they served an individual in California when they alleged and know Mr. Ogle is a citizen of New York.

Additionally, counsel for Far Ahead expressly told Plaintiffs' counsel's office[1], in no uncertain terms, that he has no idea who Plaintiff served because Plaintiffs did not serve the Joshua Ogle who is a member of Far Ahead. Far Ahead's counsel told Plaintiffs' counsel that no one associated with Far Ahead lives in California, the Joshua Ogle associated with Far Ahead has not been served, and no one associated with Far Ahead has been personally served with the summons and Complaint in this matter. To Far Ahead counsel's knowledge, Mr. Ogle has not authorized any attorney to accept personal service on his behalf nor has he provided counsel with a physical address. Obviously, Far Ahead's counsel has electronic contact information for Mr. Ogle and has never represented otherwise. Plaintiffs' choice to file for default judgment against an individual who they served in California that they know has no relationship to Far Ahead cannot support a *prima facie* showing that this Court has personal jurisdiction over Far Ahead. Because Plaintiff

---

[1] Counsel for Far Ahead has had one, brief, non-substantive conversation with Plaintiffs' counsel Michael C. Goode when Far Ahead's agent for service of process was served. Since that brief conversation, Mr. Goode has not responded to any of counsel's numerous emails and phone calls requesting a meet and confer conference regarding this motion. Because Mr. Goode did not respond, Far Ahead was forced to file this motion. All communication with Plaintiffs' counsel since filing Far Ahead's motion have been through various members of Mr. Goode's office.

have "provided nothing but its unsupported assertion of personal jurisdiction" over Far Ahead, Far Ahead's motion to dismiss should be granted.

### C. Plaintiff Cannot Describe What Discovery Would Change The Fact that Far Ahead Is Not Subject to General Or Specific Jurisdiction in Illinois

Limited jurisdictional discovery should not be permitted where a plaintiff does not articulate what discovery is sought, why such discovery is necessary, or how such discovery could advance plaintiff's arguments. *See, John Crane Inc. v. Bartlett*, No. 16-CV-05918 (N.D. Ill. Mar. 23, 2017).

Here, Plaintiffs vaguely state that they "require discovery from Defendants in order to adequately respond to the present motions." (ECF 32 at 5). Plaintiffs do explain what discovery they need or why additional discovery is necessary to determine if Far Ahead had general contacts with Illinois or case specific contacts sufficient to subject it to personal jurisdiction of this Court. Plaintiffs' lack of specificity shows their knowledge that there is no discovery that will establish that Far Ahead had sufficient minimum contacts with Illinois. Indeed, as described in Far Ahead's opening brief, through their complaint Plaintiffs even admit that Far Ahead's alleged relationship to this case does involve contacts with Illinois. *See* (ECF Document # 1 "Complaint") ¶¶ 91-106. Plaintiffs admit that Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) retained Far Ahead. Complaint ¶ 95. Plaintiffs cannot explain what additional discovery would contradict their own allegations and create contacts between Far Ahead and Illinois that did not exist. Thus, because Plaintiff does not articulate what discovery they seek or why such discovery is necessary, their motion to defer briefing should be denied.

### D. Plaintiff Has Not Otherwise Opposed Far Ahead's Motion And Has Thus Waived Any Argument that This Court Has Jurisdiction over Far Ahead

When a defendant explicitly challenges jurisdiction and a plaintiff does not respond to defendant's arguments but instead asks for permission to conduct jurisdictional discovery, that plaintiff not only fails to meet its burden regarding jurisdiction, it also waives any argument that the court has jurisdiction of Defendants. *John Crane Inc. v. Bartlett*, No. 16-CV-05918 at * 16

(N.D. Ill. Mar. 23, 2017). In *John Crane,* the defendant explicitly argued that the court did not have general jurisdiction over defendant. *Id.* Instead of responding to that argument, plaintiff asked the court for permission to conduct jurisdictional discovery if the court ruled against the plaintiff on the question of specific jurisdiction. *Id.* The *Crane* court found that, as a result, plaintiff "not only failed to meet it burden regarding general jurisdiction, it has also waived any argument that this Court has general jurisdiction over Defendants." *Id.*

Similarly here, Defendants have not responded to or otherwise opposed Far Ahead's challenge to general and specific jurisdiction. Instead, like plaintiffs in *John Crane,* they simply ask for more discovery, without any evidence supporting that request. Because Plaintiffs have not responded to Far Ahead's challenge to specific and general jurisdiction, they have failed to meet their burden and waived any argument that this Court has jurisdiction over Far Ahead.

### III. CONCLUSION

Because Far Ahead has no contacts with the State of Illinois, related or unrelated to this case, and Plaintiffs' have not responded or otherwise opposed Far Ahead's challenge to specific and general jurisdiction, the complaint against Far Ahead should be dismissed in its entirety for lack of personal jurisdiction.

Dated: July 1, 2022

MORELLO LAW, P.C.

By: /s/ Justin A. Morello
JUSTIN A. MORELLO (CA SB# 239250)

Attorneys Specially Appearing for Defendant
Far Ahead Marketing, Inc.