
FILED
10/7/2022
SMB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
for the
NORTHERN
DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMIETANA<br>SKYCOIN GLOBAL FOUNDATION LIMITED,<br>SYMBOLIC ANALYTICS INC. | ) ) ) ) | Case No.  1:22-cv-00708 |
| *Plaintiff(s)* | ) ) | |
| | ) | Jury Trial: No |
| **-v-** | ) ) ) | |
| BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, et al. | ) ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

**I.    The Parties Filing This Answer to the Complaint**

| | |
|---|---|
| Name | Joel Cuthriell |
| Street Address | 8922 E 49th Pl |
| City and County | Tulsa, Tulsa |
| State and Zip Code | Oklahoma, 74145 |
| Telephone Number | 4055820062 |
| E-mail Address | joel@cuthriell.com |

**II.    The Answer and Defenses to the Complaint**

### Defendant denies the allegations by Plaintiff in 108 through 110
108. The Defendant was not hired to harass Skycoin or otherwise interfere, made no mention of paying journalists, did not pay journalists, and did not discuss false reporting strategies.
109. The Defendant did not orchestrate complaints.
110. The Defendant did not post messages with the phrases "Nice work team" and "PARTY TIME."

### Defendant denies the allegations by Plaintiff in 111 through 136
The Defendant has not participated in coordinated actions against the Plaintiffs properties, nor has the Defendant participated in an "enterprise" to conduct a multi-year campaign to harass the Plaintiff.

### Defendant denies the allegations by Plaintiff in 174 through 188
175. The Defendant did not have any involvement with Skycoin until July 2018.
176. The Defendant has not threatened or harassed the Plaintiff. Nor has he gamed the Plaintiff's reward system by creating multiple accounts.
179. The Defendant has not developed malicious software to defraud the Plaintiff.

### Defendant denies the allegations by Plaintiff in 189 through 194
The Defendant has not coordinated with other defendants to interfere with the Plaintiff's operations.

### Defendant denies the allegations by Plaintiff in 195 through 205
The Defendant has not acted in concert with other defendants to enact "delistings."

### Defendant denies the allegations by Plaintiff in 209 through 212
209. The Defendant isn't aware of *www.skycoin.net* ever being stolen. Nor was there a scheme to extort based off control of the domain.
211. The Defendant never received stolen intellectual property.
212. The Defendant did not scheme to transform Skycoin in to a new company.

### Defendant denies the allegations by Plaintiff in 221 through 229
The Defendant has not stolen, received, or distributed trade secrets, code, or secret company property.

### Defendant denies the allegations by Plaintiff in 231 through 237
The Defendant did provide benefit to the Plaintiff's approval, as was reviewed and paid on a month-by-month basis.

### Defendant denies the allegations by Plaintiff in 270 through 276
No written terms were agreed to or signed, nor was performance disproved of during the Defendant's tenure.

### Defendant denies the allegations by Plaintiff in 277 through 284
The Defendant did not have any involvement with Skycoin until July 2018.
The Defendant did provide benefit to the Plaintiff's approval, as was reviewed and paid on a month-by-month basis.
No written terms were agreed to or signed, nor was performance disproved of during the Defendant's tenure.

## III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 7, 2022

Signature of Defendant: *Joel Cuthriell*

Printed Name of Defendant: Joel Cuthriell