**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br><br>Defendants. | Case No.:   1:22-cv-00708<br><br>**DEFENDANT FAR AHEAD MARKETING, LLC'S POINTS AND AUTHORITIES IN SUPPORT OF ITS RENEWED MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Presentment Date:  October 26, 2022<br>Time:  9:30 a.m.<br>Location:  1403<br><br>Hon. Sara L. Ellis<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I.  INTRODUCTION

Far Ahead Marketing, LLC ("Far Ahead") was and still is a Wyoming Limited Liability Company with its principal place of business in New York, New York. It has no members, employees, or contractors that work in Illinois. It has never done business in or directed business towards Illinois. Through their Second Amended Complaint, Plaintiffs do not allege that Far Ahead had case related contacts with Illinois.

Yet Plaintiffs continue to bring claims against Far Ahead in Illinois; through their Second Amended Complaint under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IX (Unjust Enrichment), and Count XII (Breach of Fiduciary Duty). Notably, Plaintiffs' Second Amended Complaint does not allege new facts that would show Far Ahead has any contacts with this form. And even though this Court

specifically gave Plaintiffs the opportunity to conduct discovery regarding the issues raised through Far Ahead's motion, Plaintiffs chose not to conduct any discovery and simply amended their complaint. Thus, because Far Ahead continues to have no contacts, let alone minimum case related contacts, with this forum, Far Ahead respectfully requests that the Counts raised against it through the Second Amended Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II. ARGUMENT

An action against a party over whom the Court lacks personal jurisdiction must be dismissed. Fed.R.Civ.Proc. 12(b)(2). If a defendant moves to dismiss the complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782 (7th Cir. 2003). And once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783.

Plaintiff's burden depends on whether plaintiff has been given an opportunity for an evidentiary hearing. *Id.* at 782. When, as here, the district court provides plaintiff with the opportunity to conduct discovery and thus to present evidence at a hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.*

Here, on July 14, 2022, this Court held a teleconference hearing regarding, among other things, Far Ahead's original motion to dismiss for lack of jurisdiction. (ECF 15, 43). At that hearing, Plaintiffs requested, and this Court granted Plaintiffs permission to conduct discovery on the jurisdictional issues presented by Far Ahead's first Motion to Dismiss for lack of Personal Jurisdiction. (Minute Order, ECF 43.) Because the Court granted Plaintiffs the opportunity to conduct jurisdictional discovery, the Court denied Far Ahead's motion to dismiss for lack of jurisdiction, without prejudice. (ECF 43.) It has been three months since that hearing and Plaintiffs have chosen not propounded any discovery upon Far Ahead. Thus, Far Ahead renews its FRCP 12(b)2 motion to dismiss for lack of jurisdiction.

In a federal question case, when a defendant has sufficient minimum contacts with the United States to subject itself to the jurisdiction of the United States, however, does not have general or specific contacts sufficient to subject it to jurisdiction in Illinois, the "threshold question" becomes "whether the federal court in Illinois has been authorized to exert the full power of the nation." *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001); *see also Janmark v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (citing *Omni Capital Int'l v. Rudolf Wolff Co.*, 484 U.S. 97 (1987) and FRCP 4(k) to require a district judge to determine whether the state in which the district court tis located is authorized to exercise personal jurisdiction, even in federal question cases). The Defense of Trade Secrets Act does not permit nationwide service and thus does not permit this Court to exert the full power of the nation when determining whether it has personal jurisdiction. 18 U.S.C. § 1831 *et. seq.*

The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILL. COMP. STAT. 5/2-209(c). Thus, here, the state statutory and federal constitutional inquiries merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The key question is therefore whether the defendants have sufficient "minimum contacts" with Illinois such that the maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693, 700-01 (7th Cir. 2010). Each defendant must have purposefully availed itself of the forum state such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzemcz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Personal jurisdiction can be established through general or specific minimum contacts.

A. **Far Ahead Has No Contacts With Illinois**

Often, the minimum contacts analysis can be complicated. Here, it is not. As admitted through the Second Complaint at paragraph 15 (ECF Document No. 49 "SAC"), Far Ahead is a Wyoming Limited Liability Company that maintains its principal place of business in New York, New York. *See also*, Declaration of Joshua Ogle ("Ogle Decl.") ¶ 3. Far Ahead's main office and principal place of business is in New York, New York. Ogle Decl. ¶ 5. Its agent for service of

process is Registered Agents, Inc., a corporation located in Sheridan, Wyoming. Ogle Decl. ¶ 6. As Plaintiffs admit through paragraph 12 of the SAC, Joshua Ogle, a citizen of the state of New York, is a Member of the LLC and its Manager. Ogle Decl. ¶¶ 1, 3; SAC ¶ 12.

Far Ahead does not maintain any offices in Illinois. Ogle Decl. ¶ 7. None of its members live in or are otherwise citizens of Illinois. Ogle Decl. ¶ 7. Far Ahead does not employ anyone in Illinois. Ogle Decl. ¶ 7. It does not and has not contracted for services with any independent contractors in Illinois. Ogle Decl. ¶ 4. It does not advertise for business in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts to perform services in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts to perform services for a company based in Illinois. Ogle Decl. ¶ 7. It has never entered any contracts with an Illinois company for that company to perform services for Far Ahead. Ogle Decl. ¶ 7. It has not knowingly transacted any business with any entity in Illinois. Ogle Decl. ¶ 7.

Far Ahead does not have an agent for service of process designated in Illinois. Ogle Decl. ¶ 8. It does not maintain any bank accounts in Illinois. Ogle Decl. ¶ 8. It has never received funds, including wire transfers, from any entity, including any bank, located in Illinois. Ogle Decl. ¶ 8.

To the extent Far Ahead had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. Ogle Decl. ¶ 9. No representative of Far Ahead ever met with Smietana in Illinois, ever believed they were speaking with Smietana when he was in Illinois, and Far Ahead never entered a contract for services with any Plaintiff while any Plaintiff or Plaintiff representative was known to be in Illinois. Ogle Decl. ¶ 9. Other than Mr. Ogle, Far Ahead has not been engaged by, engaged, or had any relationship, business or otherwise, with any of the other named Plaintiffs. Ogle Decl. ¶ 10.

### B. Plaintiffs Do Not Allege Far Ahead Had Any Contact With Illinois

Indeed, through their SAC, Plaintiffs do not allege that Far Ahead had any contacts, let alone minimum contacts, with Illinois. The SAC acknowledges that Ogle is a citizen of the State of New York. SAC ¶ 12. Plaintiffs allege that Plaintiff Skycoin Global Foundation Limited ("Skycoin") is a company organized under the laws of Singapore with a principal place of business

in Singapore. SAC ¶ 5. Plaintiff Symbolic Analytics ("Symbolic") is alleged to be a Delaware Corporation "in the United States." SAC ¶ 6. And Plaintiff Smietana is simply alleged to be "an individual citizen of the United States" with no state citizenship alleged. SAC ¶ 7. None of these allegations have changed between the Original Complaint (ECF 1) and the SAC (ECF 49).

The allegations in the Complaint that are specific to Far Ahead are contained under the heading "Joshua Ogle." SAC ¶¶ 90-105. Although the paragraphs of these allegations has changed by one number, the substance of these allegations has not changed between the Original Complaint (ECF 1 ¶¶ 91-106) and the SAC (ECF 49 ¶¶ 90-105). Those allegations show that Plaintiffs continue to admit that Far Ahead's alleged relationship to this case does involve contacts with Illinois and there is not discovery that would suggest otherwise. *See* SAC ¶¶ 90-105. Plaintiffs admit that Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) retained Far Ahead. SAC ¶ 94. They do not and cannot allege, and have no evidence to show, that this retention took place in Illinois or otherwise involved any contact with Illinois. *See*, SAC ¶¶ 90-105. Plaintiffs similarly allege that Skycoin paid Far Ahead in Bitcoin. SAC ¶¶ 97, 99, 101-103, 105. Bitcoin payments from a Singaporean Corporation to a Wyoming LLC do not show any contacts with Illinois. Plaintiffs have not and cannot present any evidence to suggest otherwise.

As relevant to Far Ahead, only two locations are mentioned in the SAC, China and New York. Plaintiffs allege that they contracted with FAM "to review its marketing activities in China." SAC ¶ 103, 166. Plaintiffs continue, alleging that Mr. Ogle traveled to China and "reviewed Skycoin's operations" and that Mr. Ogle stated he would need to "fly back to Shanghai." Complaint ¶ 104, 167.

Plaintiffs also admit that their contacts with Far Ahead occurred in "New York in June of 2019." SAC ¶ 163. Setting aside statute of limitations issues raised by such admissions, Plaintiffs go on to admit that the alleged Far Ahead advertising campaign would involve bus stop and subway advertising in New York. SAC ¶ 169. Like the alleged retention and alleged Bitcoin payments, Mr. Ogle's trip to China and the alleged New York meeting and advertisements do not establish minimum contacts with Illinois. Compounding the problem with the admissions in the SAC,

Plaintiffs present this Court with no evidence, let alone a preponderance of the evidence, to support the exercise of personal jurisdiction of Far Ahead. Without such facts, Far Ahead's motion to dismiss for lack of jurisdiction should be granted.

Plaintiffs' general allegations listed under Count V (Civil Conspiracy), Count VI (Tortious Interference), Count VIII (Violations of the Defend Trade Secrets Act), Count IX (Unjust Enrichment), and Count XII (Breach of Fiduciary Duty) also do not suggest Far Ahead had any contact with, let alone minimum contacts with, Illinois. Plaintiffs' allegations contained in Count V (SAC ¶¶ 189-193) are general in nature and do not show that Far Ahead had any contacts with Illinois. Indeed, Far Ahead is mentioned only in the title of Count V and the request for relief following ¶ 194. Plaintiffs do not include any allegations showing when, where, how, or specifically what Far Ahead did anything to engage in a Civil Conspiracy. These general allegations that do not include the time, place, or means for a Conspiracy do not show that Far Ahead had minimum contacts with Illinois. (SAC ¶¶ 189-194).

Similarly, Plaintiffs' allegations contained in Count VI (SAC ¶¶ 195-208) for Tortious Interference are general in nature and do not show that Far Ahead had any contacts with Illinois. Other than lumping Far Ahead together with all other Defendants, Plaintiff's allegations that relate to Count VI do not contain any specific allegations regarding Far Ahead. (SAC ¶¶ 195-208). Plaintiffs do not allege that Far Ahead took any action in Illinois, that Far Ahead's actions affected Illinois in any way, or that Far Ahead was ever present in Illinois. (SAC ¶¶ 195-208). And Plaintiffs cannot present any evidence, let alone a preponderance of evidence, to support the exercise of jurisdiction of Far Ahead.

Continuing a trend, Plaintiffs' allegations contained in Count VIII (SAC ¶¶ 215-229) for Violations of the Defend Trade Secrets Act are also general in nature and do not show that Far Ahead engaged in any trade secret misappropriation let alone engaged in any tortious action in Illinois. Indeed, there are no allegations suggesting that Plaintiffs alleged trade secrets in an open-source project were held, maintained, or otherwise existed in Illinois. (SAC ¶¶ 215-229). Setting aside Plaintiffs' failure to even identify the trade secret in an open-source project that is at issue,

the SAC contains no allegations suggesting Far Ahead should have been named as a Defendant for this Count. (SAC ¶¶ 215-229). As alleged through the SAC, Far Ahead is a marketing firm, its business is unrelated to Plaintiffs' business, and the Complaint contains no allegations that Far Ahead engaged in any actions related to any trade secrets in Illinois.

Plaintiffs' general allegations related to Count IX (SAC ¶¶ 230-237) for unjust enrichment similarly do not implicate any contact between Far Ahead and Illinois. Far Ahead is not even specifically mentioned under this count and the allegations supporting this claim do not appear to be related to Far Ahead. Thus, these general allegations cannot support the exercise of personal jurisdiction over Far Ahead.

Finally, Plaintiff's general allegations regarding Count XII (SAC ¶¶ 269-276) for Breach of Fiduciary Duty do not support the exercise of personal jurisdiction over Far Ahead. Setting aside that the allegations do not suggest that Far Ahead owed any party to this action a fiduciary duty, the allegations do not identify any contracts or relationships arising out of contacts with Illinois. Nor do the allegations specifically state that Far Ahead had any contacts with Illinois. As noted above, the only relationships alleged are between Skycoin (a Singaporean Corporation) and Symbolic (a Delaware Corporation) who retained Far Ahead. Thus, these general allegations cannot support the exercise of personal jurisdiction over Far Ahead.

### III. <u>CONCLUSION</u>

Because Far Ahead has no contacts with the State of Illinois, related or unrelated to this case, and Plaintiffs cannot present any evidence that shows the exercise of personal jurisdiction would be proper, Plaintiffs' complaint against Far Ahead should be dismissed in its entirety for lack of personal jurisdiction.

Dated: October 18, 2022            MORELLO LAW, P.C.

By: /s/ Justin A. Morello
    JUSTIN A. MORELLO (CA SB# 239250)

Attorneys Specially Appearing for Defendant
Far Ahead Marketing, Inc.