UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and ) <br> SKYCOIN GLOBAL FOUNDATION LIMITED, ) <br> a Singapore company, and SYMBOLIC ) <br> ANALYTICS INC. a Delaware Corporation ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> BRADFORD STEPHENS, ) <br> AARON KUNSTMAN, ) <br> HARRISON GEVIRTZ, f/k/a "HaRRo", ) <br> RYAN EAGLE, ) <br> FAR AHEAD MARKETING, ) <br> JOEL WAYNE CUTHRIELL f/k/a "JOEL", ) <br> MORGEN PECK, CATHERINE BYERLY, ) <br> STEVEN LEONARD, JOSHUA OGLE, ) <br> AMERICAN PUBLISHERS, INC. ) <br>  d/b/a CONDÉ NAST, AMERICAN ) <br> PUBLISHERS, INC. d/b/a CONDÉ NAST ) <br> d/b/a THE NEW YORKER ) <br> MAGAZINE, and ) <br> UNKNOWN INDIVIDUALS AND COMPANIES ) <br> ) <br> ) <br> ) <br> Defendants. ) | Case No.: 1:22-cv-00708 <br><br> Honorable Sara L. Ellis |

## JOINT STATUS REPORT

NOW COME the Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA") (collectively "Plaintiffs"), and Defendants, Bradford Stephens, Aaron Kunstman, Harrison Gevirtz f/k/a "HaRRo", Ryan Eagle, Far Ahead Marketing, Joel Wayne Cuthriell f/k/a "JOEL", f/k/a "Caribou", Morgen Peck, Catherine Byerly ,Steven

Leonard, Joshua Ogle, American Publishers, Inc. d/b/a Condé Nast, American Publishers, Inc. d/b/a Condé Nast, Inc. d/b/a The New Yorker Magazine, and *UNKNOWN INDIVIDUALS AND COMPANIES* (collectively "Defendants"), hereby submit this joint initial status report:

1. **NATURE OF THE CASE**

    A. **Contact Information of Attorneys of Record**

*Attorney for Plaintiffs:*
    Michael C. Goode
    111 W. Washington Street, Suite 1750
    Chicago, IL 60602
    (312) 541-1331
    lawoffice_mcgoode@yahoo.com
    Lead Attorney

*Attorney for Defendants Bradford Stephens, Ryan Eagle, and Catherine Byerly:*
    Dean Barakat
    Cole Sadkin, LLC
    165 W. Belmont Ave, Suite 1
    Chicago, IL 60657
    (312) 548-8610
    dbarakat@colesadkin.com
    Lead Attorney

*Attorney for Defendant Far Ahead Marketing:*
    Justin Alan Morello
    Morello Law, P.C.
    317 4th Avenue, Suite 250
    (619) 277-4677
    justin@morellolawpc.com
    Lead Attorney
    Pro Hac Vice

    B. **Nature of Claims**

Plaintiff Brandon Smietana, Chief Software Architect and authorized representative of Plaintiffs Skycoin Global Foundation and Skycoin Symbolic Analytics, brings this suit against Defendants for counts such as racketing, breach of contract, and fraud. The claims arise out of alleged discussions had between Plaintiffs and a marketing firm to develop, launch, and manage a comprehensive marketing program for Skycoin. However, Plaintiffs allege Defendants misrepresented and concealed the fact that per an FTC order, they were prohibited from engaging in such activities. Plaintiffs allege that over the course of the implemented marketing

program, Defendants instigated fraudulent attacks on Plaintiffs in order to receive additional funds.

There have been no counterclaims or third-party claims asserted.

### C. Legal and Factual Issues
*(1) Legal Issues (Plaintiffs' Perspective)*

These are all counts alleged in the amended complaint, however not all counts are against all defendants
- Violations of the Racketeer Influenced and Corrupt Organizations Act (RICO)
- Fraud
- Civil Conspiracy
- Tortious Interference
- Conversion
- Violations of the Defend Trade Secrets Act
- Unjust Enrichment
- Defamation
- Breach of Fiduciary Duty
- Breach of Contract
- Violations of 720 ILCS 5/12-7.1

*(2) Factual Issues*

Factual issues in this case include relationships between the Defendants and their involvements with Plaintiffs. Additional discovery is necessary to solve any factual disputes.

Defendant Stephens denies the factual allegations and pleading and discovery will be necessary to determine the relationships between the plaintiffs and Stephens and actions taken by all parties.

Defendant Eagle denies any involvement whatsoever with plaintiffs and any parties with regard to facts raised in the complaint.

Defendant Far Ahead Marketing asserts that it has not had any contacts with the forum Court and has filed a motion to dismiss for lack of personal jurisdiction.

Defendant Byerly asserts that she has not had any contacts with the forum Court and has filed a motion to dismiss for lack of personal jurisdiction.

### D. Relief Sought
(1) *Relief Sought by Plaintiffs:*

Plaintiffs request permanent injunction against Defendants restraining them from further racketeering activity pursuant to 18 U.S.C. §1964(a), ask that this Court enter judgment against Defendants in excess of $75,000.00 for each count listed in Plaintiffs' Complaint at law, punitive damages, costs, attorneys' fees, and for such other and further relief as this Court may deem just and fair.

2. **JURISDICTION**

   A. **Federal Statutes**

   (1) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) since the district courts have original jurisdiction of all civil actions arising under the laws of the United States and Plaintiff has asserted a claim under federal law, 18 U.S.C. § 1964 (RICO).
   (2) This Court has subject matter jurisdiction over this matter pursuant to Plaintiff's federal trade secret claim pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§1836-39 et seq., and 28 U.S.C. §1331 and §1343.

   B. **Diversity/Supplemental Jurisdiction**
   (1) This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(a)(2) and 1332(a)(3) given that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and in addition thereto, this civil action is between (a) citizens of different States (28 U.S.C. § 1332(a)(1)),(b) citizens of a State and a citizen or subject of a foreign state who are not domiciled in the same state (29 U.S.C. § 1332(a)(2)), and/or (c) citizens of different States and in which a citizen or subject of a foreign state is an additional party (28 U.S.C. § 1332(a)(3)).

   (2) *Citizenship of Each Named Party:*

   Plaintiffs-
   - Skycoin Global Foundation: Singapore Company
   - Symbolic Analytics Inc.: Delaware Corporation
   - Brandon Smietana: Illinois, USA

   Defendants-
   - Bradford Stephens: Illinois, USA
   - Ryan Eagle: Illinois, USA
   - Harrison Gevirtz: New York or California, USA
   - Andrew Young: New York, USA **(DROPPED)**
   - Joshua Ogle: New York, USA
   - Steven Leonard: New York USA
   - Joel Wayne Cuthriell: Oklahoma, USA
   - Far Ahead Marketing: organized under the laws of Wyoming, USA
   - Aaron Kunstman: Wisconsin, USA

- Catherine Byerly: Florida, USA
- Tristian Greene: Illinois, USA **(DROPPED)**
- Bryan Clark: New York, USA **(DROPPED)**
- American Publishers, Inc. d/b/a Condé Nast **(ADDED)**: New York, USA
- American Publishers, Inc. d/b/a Condé Nast d/b/a The New Yorker Magazine **(ADDED)**: New York, USA

3. **STATUS OF SERVICE**

- Alias summons have been issued for Defendant Morgen Peck, Defendant Aaron Kunstman, and Defendant Harrison Gevirtz.
    - Plaintiffs have not been able to serve these Defendants.
- Alternative service must be issued upon Defendant Steven Leonard (located in Singapore), Defendant Aaron Kunstman, Defendant Morgen Peck, and Defendant Harrison Gevirtz.
- Plaintiffs filed a motion for default judgment for Defendant Joshua Ogle, which this Court denied. This Defendant also needs to be served.
- Defendants American Publishers Inc. d/b/a Condé Nast and Condé Nast d/b/a/ The New Yorker Magazine were added to Plaintiffs' Amended Complaint and must be served.

- Responsive pleadings have been filed by:
    - Defendant Joel Wayne Cuthriell
    - Defendant Ryan Eagle
    - Defendant Catherine Byerly
    - Defendant Bradford Stephens
    - Defendant Far Ahead Marketing

4. **CONSENT TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Counsel has advised parties that they may proceed before a Magistrate Judge if they consent unanimously.

5. **MOTIONS**

   A. **Pending Motions**

- Defendant Ryan Eagle filed a Motion to Dismiss on 10/18/22.
- Defendant Catherine Byerly filed a Motion to Dismiss on 10/18/22.
- Defendant Bradford Stephens filed a Motion to Dismiss on 10/18/22.
- Defendant Far Ahead Marketing filed a Motion to Dismiss on 10/18/22.
- Plaintiffs filed a Motion for Leave to Amend New Party Names in the Amended Complaint on 10/19/22.

### B. Defendants' Response to Complaint

- Defendant Joel Wayne Cuthriell filed an Answer to Plaintiffs' Amended Complaint at Law on 10/18/22.

No other Defendants have filed an answer, motion, or other form of responsive pleadings at this time.

### 6. CASE PLAN

**A. Mandatory Initial Discovery Pilot-** Defendants have not yet determined the scope of discovery at this time.

*(1) Jury Trial:*
A Jury Trial has been requested.

### 7. STATUS OF SETTLEMENT DISCUSSIONS

Settlement discussions have not yet begun, pending service and responsive pleadings and discovery commencement.

DATED October 19, 2022                                    Respectfully submitted,


/s/Michael C. Goode
Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
Lawoffice_mcgoode@yahoo.com

ATTORNEY FOR PLAINTIFFS


/s/ Dean Barakat
Dean Barakat
Cole Sadkin, LLC
165 W. Belmont Ave, Suite 1
Chicago, IL 60657
(312) 548-8610
dbarakat@colesadkin.com

/s/   Justin Morello
Justin Alan Morello
Morello Law, P.C.
317 4th Avenue, Suite 250
(619) 277-4677
justin@morellolawpc.com

ATTORNEYS FOR DEFENDANTS