UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:22-cv-00708 |
| v. | ) ) ) | Honorable Sara L. Ellis |
| BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, FAR AHEAD MARKETING, LLC., JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGEN PECK, CATHERINE BYERLY, STEVEN LEONARD, JOSHUA OGLE, AMERICAN PUBLISHERS, INC. d/b/a CONDÉ NAST, AMERICAN, PUBLISHERS, INC. d/b/a CONDÉ NAST d/b/a THE NEW YORKER MAGAZINE, and UNKNOWN INDIVIDUALS AND COMPANIES | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT EAGLE'S MOTION TO DISMISS**

NOW COME Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, and respectfully request this Honorable Court deny Defendant Ryan Eagle's Motion to Dismiss. In support, Plaintiffs state as follows:

**INTRODUCTION**

Defendant Ryan Eagle's ("Eagle") Motion to Dismiss first argues the sufficiency of a federal cause of action pleaded in Plaintiffs' Second Amended Complaint at Law (See Dkt. # 59, hereinafter referenced as "the Complaint" or cited as "Cmplt.") for violations of the Defend Trade

1

Secrets Act. Basing his argument off the failure to meet Rule12(b)(6) pleading standards, Defendant Eagle further argues that the remaining state law claims in Plaintiffs' Complaint must also be dismissed, pursuant to Rule 12(b)(1). Plaintiffs' Complaint, however, sufficiently meets all pleading requirements set forth to properly establish violations of the Defend Trade Secrets Act against Defendant Eagle, and therefore Defendant's Motion must be dismissed. Plaintiffs also met each pleading requirement to properly allege the state law counts against Defendant Eagle for civil conspiracy (Count V), tortious interference (Count VI), unjust enrichment (Count XI), and breach of fiduciary duty (Count XII). Therefore, the Court should also deny Defendants' Motion to Dismiss the remaining state law claims.

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 20-521 (7th Cir. 2001). A pleading must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the motion to dismiss stage, Plaintiffs only need to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, the Court will construe the complaint "in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters*, Local 781, 947 F.3d 464, 469 (7th Cir. 2020). "Plaintiff need not allege every conceivable fact to survive a motion to dismiss." *ABN AMRO, Inc. v. Capital Int'l, Ltd.*, 595 F. Supp. 2d 805, 837 (N.D. Ill. 2008).

## ARGUMENT

I. **Federal Claims**

    A. **Plaintiffs Sufficiently Plead Count VIII for Violations of the Defend Trade Secrets Act.**

Plaintiffs adequately met all pleading requirements supporting their claim for violations of the Defend Trade Secrets Act ("DTSA") (18 U.S.C. § 1832) against Defendant Eagle. To state a valid claim, a plaintiff must allege (1) the ownership of a trade secret and (2) an actionable misappropriation as defined by the Act. *Smart Mortg. Ctrs., Inc. v. Noe*, 2022 U.S. Dist. LEXIS 49580, at 15 (N.D. Ill. Mar. 21, 2022).

Here, Plaintiffs unambiguously alleged the existence of a trade secret several times. Specifically, "hardware and software that worked in conjunction with each other to provide customers with the ability to use and 'mine' Skycoins, while also allowing customers to make initial coin offerings" and "the software and corresponding source codes allowed Plaintiffs network and programs to generate, sell, and distribute their digital assets to customers." (Cmplt. ¶¶ 216, 218, 220, 221, 222, 224). For a DTSA claim to survive a Rule 12(b)(6) motion, a plaintiff must identify the purported trade secrets, but it may do so generally to avoid publicly disclosing the information in its court filings. *Wells Lamont Indus. Grp. LLC v. Mendoza*, 2017 U.S. Dist. LEXIS 119854, at *6 (N.D. Ill. July 31, 2017) (citing *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 920-21 (N.D. Ill. 2016) (holding that a complaint was well-pleaded when it identified the purported trade secrets as including "business models, . . . business plans, and product development plans"); See also *Smart Mortg. Ctrs* (holding that "[T]rade secrets 'need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secrets'"). Here, Plaintiffs repeatedly indicated the trade secrets were confidential, such as when pleading: "The hardware designs were propriety and only known to Skycoin officers" and "Plaintiffs' Trade Secrets were sufficiently secret and maintained so that only Plaintiffs' principal, Brandon Smietana, was privy to each and every trade secret and their collective uses." (Cmplt. ¶¶ 217, 222, 225, 227).

Finally, Plaintiffs established misappropriation of said trade secrets. "Misappropriation includes acquisition of a trade secret by improper means and disclosure or use of a trade secret without express or implied consent. Improper means includes 'theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.'" *Indus. Packaging Supplies, Inc. v. Channell*, 2018 U.S. Dist. LEXIS 93598, at 5 (N.D. Ill. June 4, 2018). Plaintiffs met these requirements by stating: "Defendants violated [the DTSA] by breaking into Plaintiffs' computers without authorization, stealing the source codes for their own use and the hardware designs in hopes of taking over Plaintiffs' business", "Defendants have misappropriated and used Plaintiffs' Trade Secret source code and proprietary software architecture, including without limitation confidential information relating to Plaintiffs' proprietary architecture design, proprietary software, and internal software methodology", and "Defendants violated the [DTSA] by…utilizing Plaintiffs' Trade Secrets in Defendants' products, equipment, and within its industry; Misappropriating Plaintiffs' proprietary hardware designs; Misappropriating Plaintiffs' source code; Divulging Plaintiffs' Trade Secrets to third parties; and using improper means to access and misappropriate Plaintiffs' source code. (Cmplt. ¶¶ 219, 226, 228). The Court in *Bay Fasteners & Components, Inc. v. Factory Direct Logistics, Ld. Liab. Co*, explicitly held that the DTSA's definition of a trade secret is broad and does not have a heightened pleading standard. 2018 U.S. Dist. LEXIS 46155, at 8-9 (N.D. Ill. Mar. 20, 2018); citing to *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 2017 U.S. Dist. LEXIS 207932, 2017 WL 6507110, at *10 (S.D.N.Y. Dec. 18, 2017) (where the Court denied the defendant's motion to dismiss, holding that the plaintiff's allegations that the trade secret "derived economic value from not being generally known to others who could obtain economic value from its disclosure or use," was enough to sufficiently plead a claim for violations of the DTSA).

Defendant Eagle' argument is reaching and is absent any legal authority to support the assertion that Plaintiffs' count is bereft of factual claims. Plaintiffs sufficiently plead violations of the DTSA pursuant to the pleading requirements set forth by FRCP 12(b)(6). Again, this Court should construe the complaint in the light most favorable to plaintiff and accept all well-pleaded facts as true. *Taha v. Int'l Bhd. of Teamsters,* 947 F.3d 464, 469 (7th Cir. 2020). Therefore, Plaintiffs' Count VIII for violations of the DTSA not be dismissed.

## II. State Law Claims

This Court should deny Defendant Eagle' Motion to Dismiss the state law claims irrespective of the Court's ruling on the above-mentioned federal causes of action. A federal district court's decision to exercise subject matter jurisdiction over any pendant state law claims is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639, 173 L. Ed. 2d 843 (2009). Plaintiffs have sufficiently plead each state law claim against Defendant Eagle.

### A. Plaintiffs Sufficiently Plead Count V for Civil Conspiracy.

Defendant Eagle somehow attempts to argue that Plaintiffs' Count V for Civil Conspiracy is void of facts to support the required elements. In Illinois, civil conspiracy consists of "a combination of two or more persons for the purpose of accomplishing, by some collaborating action, either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate Ltd.,* 164 Ill.2d 54, 62-63 (1994); See also *Georgeson v. Dupage Surgical Consultants, LTD*, 2005 U.S. Dist. LEXIS 14901, at 6 (N.D. Ill. July 26, 2005). The first substantive paragraph of Count V outright pleads "Defendants *agreed and conspired* …to defraud Plaintiffs, tortiously interfere with their business relationships, commit various acts of wire fraud, computer fraud, manipulate cryptocurrency market, and covert Plaintiffs' property surreptitiously." (emphasis added) (Cmplt. ¶ 190). Count V realleges the first 111 paragraphs of the Complaint, encapsulating specific facts consisting of fraud. (Cmplt. ¶ 189). Plaintiffs then set forth ten specific instances with extensive

facts to support the showing of tortious acts committed in furtherance Defendants' agreement. (Cmplt. ¶ 191A-F). The Count ends by pleading damages caused from Defendants' conspiracy. (Cmplt. ¶ 194). As evidenced, Plaintiffs have sufficiently plead civil conspiracy to survive Defendant Stephen's 12(b)(6) Motion to Dismiss.

To the extent that Defendant Eagle argues lack of factual allegations against Defendant Eagle, this is not true. The pleadings for Civil Conspiracy reallege paragraphs 1-111 of the Complaint, which identify Defendant Eagle's involvements with Plaintiffs, other Defendants, and the relationship to Count V. The Facts Common to All Counts state Defendant Eagle's relationship with Defendants Stephens and Gevirtz, as well as Defendant Eagle's involvements with Eagle Web Assets ("EWA"). (Cmplt. ¶¶ 19-23, 37). The Complaint then alleges facts in connection with extortions specifically tied to the alleged civil conspiracy count, such as "Defendants Stephens and Gevirtz met Plaintiff Smietana in Shanghai, China, and in association with Defendant Eagle, who was participating by Zoom, threatened to have Skycoin delisted from all exchanges including, for example, Bittrex and Binance, unless Smietana agreed to pay them $30,000,000.00 in Bitcoin and $1,000,000.00 in U.S. Dollars." (Cmplt. ¶¶ 53, 67). Plaintiffs also explicitly plead facts of Defendant Eagle involved in conspiracy with the remaining Defendants by stating, "[o]n or about June 12, 2018, when Smietana refused to succumb to Defendant Stephens' extortion demands, Defendants Stephens, Gevirtz, and Eagle conspired with Yan Xiandong, Li Min, Sam Sing Fond and Sun Fei (hereinafter collectively referred to as the "Assailants") in a plot to kidnap Smietana and his girlfriend, and steal $30,000,000.00 that Stephens claimed he was due from Skycoin." (Cmplt. ¶ 72). For the reasons stated above, Defendant Eagle's Motion to Dismiss Count VI for Civil Conspiracy must be denied.

**B. Plaintiffs Sufficiently Plead Count VI for Tortious Interference.**

Defendant Eagle conveniently ignores the facts set forth in Count VI of the Complaint. Count VI realleges paragraph 1-111 of the Complaint, which detail the foundation for Defendants' involvements with one another, including Defendant Eagle and his involvement in a marketing scheme against Plaintiff. (Cmplt. ¶¶ 41-48). Tortious interference with a business relationship, requires pleading (1) a reasonable expectation of future business with a third party, (2) defendant's knowledge of the prospective business, (3) defendant's purposeful interference to prevent the expectancy from being fulfilled, and (4) resulting damage to the plaintiff. *Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir. 1998). Count VI step by step identifies the elements and facts to support a tortious interference claim. In brief, the Plaintiffs (1) developed relationships with various vendors participated in certain internet exchange markets in order to do business, (2) Defendants were fully aware of that Plaintiffs' Skycoin Tokens must be sold on the internet exchange markets, and (3) Defendants intentionally made public statements harming the reputation of Plaintiffs, including false allegations of drug use and criminal charges against Smietana, resulting in removal of plaintiffs' products from several of the exchanges. (Cmplt. ¶¶ 196, 198-203, 205). In *SC Logistics, Inc. v. Innovative Movements, Inc.*, the Court denied the motion to dismiss the plaintiff's tortious interference claim, reasoning that DSC alleged a reasonable expectation of future business, knowledge by the Defendants of that business expectancy, interference in the form of an email, and damages. 2004 U.S. Dist. LEXIS 1412, at *8 (N.D. Ill. Feb. 4, 2004). Here, Plaintiffs' pleadings have far surpassed those set forth in by the *DSC* Court, therefore Defendant Stephen's Motion to Dismiss Count VI must be denied.

### C. Plaintiffs Sufficiently Plead Count XI for Unjust Enrichment.

Plaintiffs satisfied the standard to state a claim for unjust enrichment, pleading both that Defendants retained a benefit to Plaintiffs' detriment and that the retention of the benefit violates

7

fundamental principles of justice, equity, and good conscience. *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). As Defendant Eagle claims himself, unjust enrichment can be brought about by unlawful or improper conduct, such as fraud, duress, or undue influence. *Alliance Acceptance Co. v. Yale Insurance Agency*, 271 Ill.App. 3d 483, 492, 648 N.E.2d 971 (1st Dist. 1995); See also *West v. Act II Jewelry, LLC*, 2016 U.S. Dist. LEXIS 34963, at 9 (N.D. Ill. Mar. 18, 2016) (where the court upheld plaintiff's unjust enrichment claim stating that the alleged fraud is separate and apart from the alleged contractual relationship). Here, Plaintiffs do just so by pleading that Defendants obtained approximately $2,000,000.00 in Skycoin Tokens through *false reward applications* and that the funds and goods unjustly retained *were stolen by fraudulent means*. (Cmplt ¶¶ 234-235). Plaintiffs then explicitly plead that they received no equivalent value for the retained funds and goods and that it would be "unconscionable and against fundamental principles of justice, equity, and good conscience for Defendants to retain the benefit." (Cmplt. ¶¶ 233, 235, 236).

Finally, as to any contractual allegations mentioned in Defendant Stephen's argument, Plaintiffs mistakenly neglected to plead unjust enrichment in the alternative. This inadvertent oversight can easily be remedied with leave of Court to amend the pleadings. The elements for unjust enrichment have been established and Defendant Eagle' Motion to Dismiss Count IX must therefore be denied.

**D. Plaintiffs Sufficiently Plead Count XII for Breach of Fiduciary Duty.**

Plaintiffs adequately set forth facts and allegations that put Defendant Stephens on notice for breach of fiduciary duty. Under Illinois law, to state a claim for breach of fiduciary duty a plaintiff must plead: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages to the plaintiff as a result of that breach. *Robinson v. SABIS (R) Educ. Sys.*, 2000 U.S. Dist. LEXIS

5797 (N.D. Ill. Mar. 31, 2000). Here, the Complaint pleads the existence of a fiduciary duty created when Plaintiffs hired Defendants as their marketing agency. (Cmplt. ¶¶ 270, 274). *Burdett v. Miller*, 957 F.2d 1375 (7th Cir. 1992) (holding "If a person solicits another to trust him in matters in which he represents himself to be expert as well as trustworthy and the other is not expert and accepts the offer…a fiduciary relation is established"). Count XII properly alleged breach of said duty by the failure to perform marketing services. (Cmplt. ¶ 275). Consequently, the breach resulted in damages to Plaintiffs. (Cmplt. ¶ 276). Again, all well-pleaded allegations by Plaintiffs are to be taken as true and draw reasonable inferences in Plaintiff's favor. *Taha,* 947 F.3d at 469.

## CONCLUSION

WHEREFORE, Plaintiffs, by and through their attorney, request this Honorable Court deny Defendant Bradford Eagle' Motion to Dismiss Plaintiffs' Complaint pursuant to FRCP 12(b)(6) and 12(b)(1), and for any and such other relief this Court deems appropriate.

    Respectfully submitted,

    /s/ Michael C. Goode
    Attorney for Plaintiffs

Dated: February 10, 2023

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, Illinois 60602
Phone: (312) 541- 1331
Lawoffice_mcgoode@yahoo.com

**CERTIFICATE OF SERVICE**

I, Michael C. Goode, state that a true and correct copy of Plaintiffs' Response to Defendant Eagle's Motion to Dismiss was electronically filed with the Clerk of the Court on February 10, 2023, using the CM/ECF system which will send notification of such filings to all attorneys of record. Under penalties of perjury, I certify that the above statements set forth herein are true and correct.

I, Michael C. Goode, state that a true and correct copy of the Notice of Motion was electronically filed with the Clerk of the Court on February 10, 2023, using the CM/ECF system which will send notification of such filings to all attorneys of record. Under penalties of perjury, I certify that the above statements set forth herein are true and correct.

/s/ Michael C. Goode