UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and ) <br> SKYCOIN GLOBAL FOUNDATION LIMITED, ) <br> a Singapore company, and SYMBOLIC ) <br> ANALYTICS INC.   a Delaware Corporation ) <br> ) <br> Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> BRADFORD STEPHENS, ) <br> AARON KUNSTMAN, ) <br> HARRISON GEVIRTZ, f/k/a "HaRRo", ) <br> RYAN EAGLE, ) <br> FAR AHEAD MARKETING, LLC., ) <br> JOEL WAYNE CUTHRIELL f/k/a "JOEL", ) <br> MORGEN PECK, CATHERINE BYERLY, ) <br> STEVEN LEONARD, JOSHUA OGLE, ) <br> AMERICAN PUBLISHERS, INC. d/b/a ) <br> CONDÉ NAST, AMERICAN ) <br> PUBLISHERS, INC. d/b/a CONDÉ NAST d/b/a ) <br> THE NEW YORKER MAGAZINE, and ) <br> UNKNOWN INDIVIDUALS AND COMPANIES ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:22-cv-00708 <br><br> Honorable Sara L. Ellis <br><br> **JURY DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANT FAR AHEAD MARKETING'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW COME Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA"), by and through their attorneys, The Law Office of Michael C. Goode, respectfully requesting that this Honorable Court deny Defendant Far Ahead Marketing's Rule 12(b)(2) Motion to Dismiss, and in support, Plaintiffs state as follows:

1

## INTRODUCTION

Defendant Far Ahead Marketing, LLC's ("FAM") Renewed Motion to Dismiss Under Federal Rule 12(b)(2) for Lack of Personal Jurisdiction argues that Plaintiffs' Second Amended Complaint at Law (See Dkt. # 59, hereinafter referenced as "the Complaint" or cited as "SAC") does not establish sufficient minimum contacts to support a finding of personal jurisdiction to subject Defendant FAM to jurisdiction in Illinois. In support of its Motion, Defendant Fam attaches a declaration signed and sworn to by Defendant Joshua Ogle (Dkt. # 54, Attachment #2) (hereinafter "Declaration"), as a member and manager of Defendant FAM. Plaintiffs' Complaint, however, sufficiently meets all requirements to establish minimum contacts based on specific personal jurisdiction with Illinois. However, in the even this Court does not find itself in agreement with Plaintiffs and this Response, Plaintiffs request leave of Court for time to take the deposition of Defendant Joshua Ogle. This Court should deny Defendant FAM's Motion to Dismiss.

## STANDARD OF REVIEW

A 12(b)(2) motion to dismiss determines a federal court's personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2); *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). In the absence of an evidentiary hearing, a plaintiff must only make *prima facie* showing of personal jurisdiction over the defendants to survive their motion to dismiss." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-34 (7th Cir. 2010). In doing so, the court must resolve all factual disputes in the plaintiff's favor. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.

2003); Although unrefuted facts in the defendant's affidavits are taken as true, in the end courts resolve all facts disputed in the affidavits in the plaintiff's favor. *Id.*

## ARGUMENT

### I. Defendant FAM Has Sufficient Minimum Contacts with Illinois Warranting Specific Personal Jurisdiction.

To establish a court's jurisdiction over a defendant, the court must be authorized by the terms of the forum state's personal jurisdiction statute and must comport with the requirements of the Fourteenth Amendment's Due Process Clause. *Felland,* 682 F.3d at 672 (citing *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010)). In Illinois, a personal jurisdiction determination over a defendant is subject to its long-arm statute. *Hill v. Capital One Bank (USA)*, 2015 U.S. Dist. LEXIS 12342, at 11 (N.D. Ill. Feb. 3, 2015). Although the Defend Trade Secrets Act ("DTSA") does not have nationwide service of process, a court may exercise personal jurisdiction via the state's long-arm statute. *Mission Measurement Corp. v. Blackbaud*, *Inc*., 2018 U.S. Dist. LEXIS 48809 (N.D. Ill. Mar. 26, 2018); (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball*, *Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); Fed.R.Civ.P. 4(k)(1)(C). Thus, the long-arm statute permits a court to exercise personal jurisdiction "on any ... basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id.* 735 ILCS 5/2-209(c). The Seventh Circuit has held that "there is no operative difference between those two constitutional limits," and therefore proceeds to analyze whether the exercise of personal jurisdiction would violate federal due process." *Id* (citing *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.,* 623 F.3d 440, 443 (7th Cir. 2010)). Therefore, the key issue rests on whether the defendant had sufficient "minimum contacts" with the forum state such that "the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.*

Minimum contacts are recognized through general personal jurisdiction or specific personal jurisdiction. For specific jurisdiction the Supreme Court held that due process is satisfied so long as the defendant had "certain minimum contacts" with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Specific personal jurisdiction is applicable and exists where: (1) the defendant's contacts with the forum state show that it "purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state"; (2) the plaintiff's injury arises out of or relates to the defendant's forum-related activities; and (3) the exercise of personal jurisdiction would "comport with traditional notions of fair play and substantial justice." *Hill*, 2015 U.S. Dist. LEXIS 12342, at 11. Here, contrary to its assertion, Defendant FAM has been engaged in relationships, business or otherwise, in connection with Illinois and Plaintiffs.

In the Complaint, Plaintiffs on numerous occasions plead that Defendant Joshua Ogle ("Ogle") is an owner of Far Ahead Marketing, and acts not only individually, but on behalf of Far Ahead Marketing. (SAC ¶¶ 12, 90, 94, 100, 102). Furthermore, Defendant FAM's own Declaration swears that Defendant Ogle is a member and manager of Far Ahead Marketing. (*See* Declaration). Specifically, Plaintiffs plead the following facts in support of its minimum contacts assertion for Defendant FAM:

a) That in 2019, Defendant Ogle conspired with Defendant Stephens, Defendant Gevirtz, and Defendant Kunstman to defraud Skycoin;

b) That Ogle approached Skycoin and Smietana and offered marketing services to restore Skycoin's Wikipedia page, if Skycoin retained Ogle's marketing firm;

4

- c) That in reliance, Plaintiffs retained Defendant Ogle's marketing firm, without knowing his relationship and cooperation with Defendants Stephens, Gevirtz, and Kunstman;

- d) That Defendant Ogle denied at this time having any contact or relationship with Defendants Gevirtz and Kunstman;

- e) That Plaintiffs later discovered Defendant Stephens had previously stated, in writing, that Defendant Gevirtz was "best friends" with Defendant Ogle and that Ogle had made misrepresentations about his personal relationships and conflicts of interest;

- f) That Defendant Ogle knew that Plaintiffs would not have made payments to his marketing firm had he not made these misrepresentations; and

- g) That upon information and belief, Plaintiffs later received communications showing that Defendant Ogle was cooperating and assisting Defendants Kunstman and Stephens in an extortion scheme against Skycoin to convince Plaintiffs to pay extortion demands.

(SAC ¶¶ 92-96) (*See also* SAC ¶¶ 12, 90, 94, 100, 102). These pleadings extensively demonstrate a clear relationship with Defendants who have established relations in the state of Illinois. (SAC ¶¶ 8-9). The considerable number of dealings with Illinois based Defendants inherently subjects Far Ahead Marketing to dealings with Illinois. Therefore, Plaintiffs allegations meet the first prong of asserting specific personal jurisdiction. Next, the injuries claimed throughout the Complaint are heavily caused by the facts described above, therefore relating Plaintiffs' injury to Illinois related activity. *Hill*, 2015 U.S. Dist. LEXIS 12342, at 11.

Finally, subjecting Defendant FAM to personal jurisdiction in Illinois would not offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L.Ed. 2d 528 (1985) ("once plaintiff has made a "threshold showing

of minimum contacts," defendant must present a "compelling" case that other considerations would make jurisdiction unreasonable"). Pertinent factors to make such a determination include (1) the interest of the state in providing a forum to the plaintiff, (2) the interest of the state in regulating the activity involved, (3) the burden of defense in the forum on the defendant, (4) the relative burden of prosecution elsewhere on the plaintiff, (5) the extent to which the claim is related ot the defendant's local activities, and (6) avoidance of multiplicity of suits on conflicting adjudications. *Ty, Inc. v. Baby Me, Inc.*, 2001 U.S. Dist. LEXIS 5861 at 9.

Subjecting Defendant FAM, a U.S. based company, to jurisdiction in Illinois would not be a great burden of defense—nor has Defendant FAM claimed that jurisdiction in Illinois would be burdensome. *Int'l Star Registry*, 2022 U.S. Dist. LEXIS 201295, at 12 (holding that although "the Court recognizes that there may be some burden to the defendants in having to litigate the case in Illinois, particularly for RGIFTS, a UK company…neither defendant has identified any burden that is sufficiently compelling to warrant a different outcome, particularly given that the remainder of the "fair play and substantial justice" considerations weigh in favor of jurisdiction"). Next, Illinois has an interest in adjudicating the matter since several related, and intertwined, Defendants and claims are already subject to jurisdiction in Illinois. This also serves in the best interest of Plaintiffs and efficiently adjudicates the matter, rather than having to bear the burden of prosecuting the case elsewhere. The case at hand is extensive, involving many parties and matters which heavily focuses on the interlaced and entangled matters the claimed instances and defendants all have with another in respect with Plaintiffs. Subjecting the case at hand to multiple adjudications in different states is not convenient for Plaintiffs and places a difficult burden on the interstate judicial system's interest in obtaining the most efficient resolution and relief. When a defendant has purposefully directed his activities at forum residents and seeks to defeat

jurisdiction, it must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Carcharadon, LLC v. Ascend Robotics*, LLC, 2022 U.S. Dist. LEXIS 155534, at *22 (N.D. Ill. Aug. 29, 2022). Defendant FAM has not met this burden. Moreover, Defendant FAM clearly meets the minimum contacts requirements for personal jurisdiction within Illinois and therefore its Motion to Dismiss must be denied.

### A. Count V for Civil Conspiracy Sufficiently Establishes Minimum Contacts.

Plaintiffs again reallege the claims recited above (SAC ¶¶ 12, 90-96, 100, 102) in their Count V for Civil Conspiracy, which establish a showing of minimum contacts. Furthermore, subject to Illinois' long-arm statute, if a defendant was part of an actionable conspiracy, and a coconspirator performed a substantial act in furtherance of the conspiracy in Illinois, then a sufficient basis is asserted for specific personal jurisdiction. *Hollinger Int'l, Inc. v. Hollinger Inc.*, 2005 U.S. Dist. LEXIS 21305; see also *Lakeview Tech., Inc. v. Vision Solutions, Inc.*, 2007 U.S. Dist. LEXIS 133. When determining the sufficiency of a civil conspiracy claim, a court must construe all facts relating to jurisdiction in favor of the plaintiff, including any disputed or contested facts. *Id.*

Here, Defendant FAM subjected itself to personal jurisdiction and availed itself to jurisdiction in Illinois, by continuously engaging, and conspiring, with Defendants who are citizen of Illinois and perform their operations to defraud, extort, or otherwise cause harm to Plaintiffs, based out of Illinois. (SAC ¶¶ 12, 90-96, 100, 102). Due to the extent of interactions and dealings related to Illinois, Defendant FAM should have reasonably anticipated being haled into court in the forum state. *Ty, Inc.*, 2001 U.S. Dist. LEXIS 5861 at 9. Consequently, based on the Illinois long-arm statute since Defendants acted in concert to conspire against Plaintiffs, and such

activities arose to Plaintiffs' injuries, sufficient minimum contacts are established over Defendant FAM. Defendant FAM's Motion to Dismiss must be denied.

### B. The Facts Set Forth in The Complaint Fully Establish Minimum Contacts with Respect to Each Remaining Count Defendant FAM Was Named Party To.

The counts set forth in the Complaint are all closely interrelated. As such, each count fully realleges the first 111 paragraphs of the Complaint, which as explained, indicate Defendant FAM's involvement with Plaintiffs, the other Defendants, and the actions brought forth in the respective counts against Defendant FAM. As previously explained, the allegations against Defendant FAM and Defendant Ogle, acting as an agent of Defendant FAM, meet the minimum contacts standard for specific personal jurisdiction. Plainly put, Defendant FAM is a business operated by Defendant Ogle, who had relations with several of the Defendants to this suit while acting as an agent of Far Ahead Marketing. These Defendants, such as Defendant Stephens and Defendant Eagle, have direct relations to Illinois. Due to the extensiveness of their dealings and business practices with each other in relation to Plaintiffs, many of the occurrences and allegations within the Complaint thus are related to Illinois. By profoundly interacting with the parties to this suit, Defendant FAM purposely availed himself to the laws and courts of Illinois. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d at 1277; see all *Burger King v. Rudzewicz*, 471 U.S. 462, 476.

Plaintiffs' Count VI for Tortious Interference establishes minimum contacts by Defendant FAM. Again, Defendant FAM at all times worked in conjunction with Defendant Ogle, Defendant Stephens, and Defendant Gevirtz to defraud and extort Plaintiffs, who have established and consistent contacts in Illinois. (SAC ¶¶ 12, 90-96, 100, 102). As such, the schemes brought upon by these Defendants subject them, including Defendant FAM to personal jurisdiction in Illinois.

In Count VII for violations of the DTSA, minimum contacts are established based on the incorporated pleadings in paragraphs 12, 90-96, 100, 102 of the Complaint. Defendant FAM's

lengthy involvement working in conjunction with Illinois Defendants in various schemes against Plaintiffs subjects Defendant FAM Illinois' long-arm statute. *Hill*, 2015 U.S. Dist. LEXIS 12342, at 11.

The same is true and established in Count IX for Unjust Enrichment. Count IX is brought against Defendant FAM and alleges unjust enrichment based on stolen and fraudulent means where funds and goods were stolen from Plaintiffs. (SAC ¶235). The fraudulent means identified in this Count are described in the SAC ¶¶ 90-96, 100, 102, which as discussed, have met the minimum contacts test availing Defendant FAM to specific personal jurisdiction in Illinois. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Again, the same reasoning stands true for Count XII for Breach of Fiduciary Duty. Count XII alleges that Defendant FAM along with various other Defendants, were acting as contractors hired by Plaintiffs for marketing services. (SAC ¶ 270). Rather than providing the services, Defendants engaged in schemes to defraud Plaintiffs. (SAC ¶ 272). The pleaded schemes to defraud Plaintiffs are alleged in the Facts Common to All Counts. (SAC ¶¶ 90-96, 100, 102).

As claimed numerous times throughout this brief, the pleadings against FAM sufficiently establish a *prima facie* case personal jurisdiction. *uBID, Inc.*, 623 F.3d at 423-34 (7th Cir. 2010). This Court must deny Defendant FAM's Motion to Dismiss.

## II. Plaintiffs Are Entitled To An Evidentiary Hearing.

The Seventh Circuit instructs that when a dispute over personal jurisdiction is decided on the basis of written materials, rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). On July 14, 2022, this Court allowed Plaintiffs leave to issue limited discovery in the form of five interrogatories and five requests to admit with respect to jurisdiction, which Plaintiffs

issued upon Defendant FAM. Now, Defendant FAM attempts to argue that the *prima facie* standard does not apply to Plaintiffs because "[h]ere, the district court provides plaintiff with the opportunity to conduct discovery and thus to present evidence at a hearing to determine jurisdiction" and therefore Plaintiffs must establish jurisdiction by a preponderance of the evidence. (FAM MTD p. 2). This argument is entirely flawed and incorrect. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (2002) (recognizing the plaintiff's burden depends upon whether an evidentiary hearing has been held)). Although this Court issued Plaintiffs leave to serve limited discovery upon Defendant FAM, it was not ordered by this Court that such discovery would be presented at a hearing, nor has this Court entered any other order pertaining to an evidentiary hearing. (Dkt. # 43). The limited discovery allowed by this Court was simply to determine necessary facts for the purposes of jurisdiction. (Dkt. # 43). A hearing on the presentment of Defendants FAM's Motion to Dismiss remains separate from an evidentiary hearing presenting the answers produced to the limited discovery. Here, Plaintiffs need only make a *prima facie* showing of personal jurisdiction, which they sufficiently done. Therefore, Defendant FAM's Motion to Dismiss must be denied.

**A. Plaintiffs Should Be Granted Leave to Depose Defendant Joshua Ogle.**

In support of its Motion to Dismiss, Defendant FAM attaches a sworn declaration signed by Defendant Joshua Ogle pertaining to Defendant FAM's jurisdictional arguments. Plaintiffs believe the claims and evidence presented above are sufficient to warrant the finding of personal jurisdiction over Defendant FAM. However, to the extent that this Court rules otherwise, Plaintiffs respectfully request leave of Court to depose Defendant Joshua Ogle in order to determine the foundation and veracity of his declared statements. It is crucial that Plaintiffs be

afforded a fair opportunity to fully examine the claims brought forth in Defendant Ogle's declaration, as a member as manager of Defendant FAM.

## **CONCLUSION**

WHEREFORE, Plaintiffs, by and through their attorney, request this Honorable Court deny Defendant Far Ahead Marketing's Motion to Dismiss Plaintiffs' Complaint pursuant to FRCP 12(b)(2) for Lack of Personal Jurisdiction, and for any and such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ Michael C. Goode
    Attorney for Plaintiffs

Dated: February 10, 2023

Michael C. Goode, Esq.
Michael C. Goode & Company
111 W. Washington Street, Suite 1750
Chicago, Illinois 60602
Phone: (312) 541- 1331
Lawoffice_mcgoode@yahoo.com

**CERTIFICATE OF SERVICE**

I, Michael C. Goode, state that a true and correct copy of Plaintiffs' Response to Defendant Far Ahead Marketing's Motion to Dismiss was electronically filed with the Clerk of the Court on February 10, 2023, using the CM/ECF system which will send notification of such filings to all attorneys of record. Under penalties of perjury, I certify that the above statements set forth herein.

/s/ Michael C. Goode