UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br><br>Defendants. | Case No.: 1:22-cv-00708<br><br>**DEFENDANT FAR AHEAD MARKETING, LLC'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**<br><br>Hon. Sara L. Ellis<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

I.     **INTRODUCTION**

Far Ahead Marketing, LLC ("Far Ahead") was and still is a Wyoming Limited Liability Company with its principal place of business in New York, New York. It has no members, employees, or contractors that work in Illinois. It has never done business in or directed business towards Illinois. Through their Second Amended Complaint and their opposition to Far Ahead's motion to dismiss, Plaintiffs do not allege or present any evidence that Far Ahead had case related contacts with Illinois.

Instead of meeting their burden by producing evidence, Plaintiffs simply cite to paragraphs within their own complaint that do not identify any location for the alleged events, let alone show that Far Ahead had case related contacts with this Forum. And even though this Court specifically gave Plaintiffs the opportunity to conduct discovery regarding the issues raised through Far

Ahead's motion, Plaintiffs propounded such discovery, received responses, and chose not to cite to a single discovery response, likely because those responses confirm that Far Ahead has no case related contacts with this Forum. Thus, because Far Ahead continues to have no contacts, let alone minimum case related contacts, with this forum, Far Ahead respectfully requests that the Counts raised against it through the Second Amended Complaint be dismissed for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

II. **ARGUMENT**

Plaintiffs fail to understand their burden in establishing personal jurisdiction. Where, as here, the Court provides plaintiff with the opportunity to conduct discovery and thus to present evidence at a hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. Additionally, even if an evidentiary hearing is not held, after Far Ahead submitted an affidavit in opposition to the exercise of jurisdiction, the Plaintiffs must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 782-783 (7th Cir. 2003).

Here, Plaintiffs have not gone beyond the pleadings. Plaintiffs submit no evidence to support the exercise of jurisdiction. Not a declaration, not a discovery response, not a single shred of evidence to contradict the undisputed fact that Far Ahead has no contacts, case related or not, with this forum. Even the Plaintiffs could not submit a single declaration from themselves showing that they had any case related contacts with Far Ahead and this Forum. Indeed, Plaintiffs' failure to come forward with evidence to rebut or meet their burden to establish personal jurisdiction should lead this Court to properly presume that no such evidence exists. *See*, FRE § 301.

Instead of going beyond the pleadings, Plaintiffs submit nothing more than arguments of counsel. And arguments of counsel are not evidence. The only evidence before the court shows:

- Far Ahead is a Wyoming Limited Liability Company that maintains its principal place of business in New York, New York. See also, Declaration of Joshua Ogle ("Ogle Decl.") ¶ 3.
- Far Ahead's main office and principal place of business is in New York, New York. Ogle Decl. ¶ 5.

- Its agent for service of process is Registered Agents, Inc., a corporation located in Sheridan, Wyoming. It does not have an agent for service of process designated in Illinois. Ogle Decl. ¶¶ 6, 8.

- As Plaintiffs admit through paragraph 12 of the SAC, Joshua Ogle, a citizen of the state of New York, is a Member of the LLC and its Manager. Ogle Decl. ¶¶ 1, 3; SAC ¶ 12.

- Far Ahead does not maintain any offices in Illinois. Ogle Decl. ¶ 7.

- None of its members live in or are otherwise citizens of Illinois. Ogle Decl. ¶ 7.

- Far Ahead does not employ anyone in Illinois. Ogle Decl. ¶ 7.

- It does not and has not contracted for services with any independent contractors in Illinois. Ogle Decl. ¶ 4.

- It does not advertise for business in Illinois. Ogle Decl. ¶ 7.

- It has never entered any contracts to perform services in Illinois. Ogle Decl. ¶ 7.

- It has never entered any contracts to perform services for a company based in Illinois. Ogle Decl. ¶ 7.

- It has never entered any contracts with an Illinois company for that company to perform services for Far Ahead. Ogle Decl. ¶ 7.

- It has not knowingly transacted any business with any entity in Illinois. Ogle Decl. ¶ 7.

- It has never received funds, including wire transfers, from any entity, including any bank, located in Illinois. Ogle Decl. ¶ 8.

- To the extent Far Ahead had any contacts with the Plaintiffs, it was through Brandon Smietana, when Smietana was in China. Ogle Decl. ¶ 9.

- No representative of Far Ahead ever met with Smietana in Illinois, ever believed they were speaking with Smietana when he was in Illinois, and Far Ahead never entered a contract for services with any Plaintiff while any Plaintiff or Plaintiff representative was known to be in Illinois. Ogle Decl. ¶ 9.

- Other than Mr. Ogle, Far Ahead has not been engaged by, engaged, or had any relationship, business or otherwise, with any of the other Parties. Ogle Decl. ¶ 10.

Plaintiffs do not present any evidence to contradict these facts. Instead, they quote allegations from their Complaint that do not mention a single location or connection to this forum, let alone specifically allege that Far Ahead had any contacts with Illinois. If Plaintiffs were able to support personal jurisdiction based on nothing but allegations that do not mention contacts with a

given forum, the requirement that a Defendant have sufficient minimum contacts with the forum and that Plaintiff have a meaningful burden to prove those contacts would be meaningless.

### III. CONCLUSION

Because Far Ahead has no contacts with the State of Illinois, related or unrelated to this case, and Plaintiffs have not and cannot present any evidence that shows the exercise of personal jurisdiction would be proper, Plaintiffs' complaint against Far Ahead should be dismissed in its entirety for lack of personal jurisdiction.

Dated: February 24, 2023

MORELLO LAW, P.C.

By: /s/ Justin A. Morello
JUSTIN A. MORELLO (CA SB# 239250)

Attorneys Specially Appearing for Defendant
Far Ahead Marketing, Inc.