UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMIETANA and ) | | |
| SKYCOIN GLOBAL FOUNDATION LIMITED, ) | | |
| a Singapore company, and SYMBOLIC ) | | |
| ANALYTICS INC. a Delaware Corporation ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | Case No.: 1:22-cv-00708 | |
| ) | | |
| BRADFORD STEPHENS, ) | | |
| AARON KUNSTMAN, ) | | |
| HARRISON GEVIRTZ, f/k/a "HaRRo", ) | Honorable Sara L. Ellis | |
| RYAN EAGLE, ) | | |
| FAR AHEAD MARKETING, ) | | |
| JOEL WAYNE CUTHRIELL f/k/a "JOEL", ) | | |
| MORGAN PECK, CATHERINE BYERLY, ) | | |
| STEVEN LEONARD, JOSHUA OGLE, ) | | |
| AMERICAN PUBLISHERS, INC. d/b/a ) | | |
| CONDÉ NAST, AMERICAN ) | | |
| PUBLISHERS, INC. d/b/a CONDÉ NAST d/b/a ) | | |
| THE NEW YORKER MAGAZINE, and ) | | |
| UNKNOWN INDIVIDUALS AND COMPANIES ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT AMERICAN PUBLISHERS, INC.

NOW COME the Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA") (collectively "Plaintiffs"), by their counsel, and hereby move this Honorable Court to enter Default Judgment against Defendant American Publishers,

1

Inc. d/b/a Conde Nast, d/b/a The New Yorker Magazine ("American Publishers, Inc."). In support of this Motion, Plaintiffs submit the accompanying Memorandum.


DATED April 12, 2023                                    Respectfully submitted,


                                                        /s/      Michael C. Goode
                                                        Michael C. Goode


Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
Lawoffice_mcgoode@yahoo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON SMIETANA and ) | | |
| SKYCOIN GLOBAL FOUNDATION LIMITED, ) | | |
| a Singapore company, and SYMBOLIC ) | | |
| ANALYTICS INC. a Delaware Corporation ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | Case No.: 1:22-cv-00708 | |
| ) | | |
| BRADFORD STEPHENS, ) | | |
| AARON KUNSTMAN, ) | | |
| HARRISON GEVIRTZ, f/k/a "HaRRo", ) | Honorable Sara L. Ellis | |
| RYAN EAGLE, ) | | |
| FAR AHEAD MARKETING, ) | | |
| JOEL WAYNE CUTHRIELL f/k/a "JOEL", ) | | |
| MORGAN PECK, CATHERINE BYERLY, ) | | |
| STEVEN LEONARD, JOSHUA OGLE, ) | | |
| AMERICAN PUBLISHERS, INC. d/b/a ) | | |
| CONDÉ NAST, AMERICAN ) | | |
| PUBLISHERS, INC. d/b/a CONDÉ NAST d/b/a ) | | |
| THE NEW YORKER MAGAZINE, and ) | | |
| UNKNOWN INDIVIDUALS AND COMPANIES ) | | |
| ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AMERICAN PUBLISHERS, INC.**

NOW COME the Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore Company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation ("SA") (collectively "Plaintiffs"), by their counsel and submit the following memorandum in support of its Motion for Entry of Default Judgment under Federal

3

Rule of Civil Procedure 55(b) for Defendant American Publishers, Inc. d/b/a Conde Nast, d/b/a The New Yorker Magazine ("American Publishers, Inc."). In support, Plaintiffs state as follows:

## I. INTRODUCTION

Plaintiffs respectfully request the Court to enter default judgment against the Defaulting Defendant, Josh Ogle, pursuant to Federal Rule of Civil Procedure 55(a), awarding relief to Plaintiffs. The Defendant Ogle was properly served on November 30, 2022. However, Defendant American Publishers, Inc. has failed to answer Plaintiffs' Complaint or to otherwise appear in this action, and the Court should now grant default judgment.

## II. STATEMENT OF FACTS

1. Plaintiffs filed their Complaint at Law on February 8, 2022. (Dkt. No. 1)

2. Plaintiffs filed their Second Amended Complaint at Law on October 19, 2022, adding American Publishers, Inc. as a defendant. (Dkt. No. 59).

3. On or about November 30, 2022, the Summons and Complaint were served upon Defendant American Publishers, Inc. (Dkt. No. 62).

4. Plaintiffs' counsel conducted a diligent search of the court docket and court records, and, as of the date of writing this Motion, Defendant American Publishers, Inc. d/b/a Conde Nast, d/b/a The New Yorker Magazine, has not appeared, answered, or otherwise plead.

## III. ARGUMENT

### A. Jurisdiction and Venue is Proper in this Court.

This Court may properly exercise jurisdiction over Plaintiffs' claims set forth in the Complaint, as those matters arise under federal law as per 18 U.S.C. §§ 1836-39 *et seq.*, and 28

U.S.C. § 1331 § 1343. In addition, this Court may properly exercise jurisdiction over Plaintiffs' claims that arise under Illinois law pursuant to 28 U.S.C. § 1367, as those claims are so tied to Plaintiffs' federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Additionally, venue is proper in this matter pursuant to 28 U.S.C. § 1391(b)(1) because several of the Defendants reside in the Northern District of Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) considering that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in said district. Furthermore, this Court has personal jurisdiction over Defendant American Publishers, Inc since Defendant American Publishers, Inc has had minimum contacts with this judicial jurisdiction.

### B. Law Regarding Default Judgments

Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment." *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 804 (S.D. Ind. 2018) (citing *McCarthy v. Fuller*, 2009 U.S. Dist. LEXIS 100920, 2009 WL 3617740, *1 (S.D. Ind. 2009), *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004)). "First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment." *NCAA*, 304 F. Supp. 3d at 805.

### C. Entry of Default is Proper

Federal Rule of Civil Procedure 55(a) governs the entry of default. Rule 55 states that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a)... refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." *Tygris Asset Fin.,*

*Inc. v. Szollas*, 2010 U.S. Dist. LEXIS 56491, at 4 (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)). Defendant American Publishers, Inc's answers or responses under Fed. R. Civ. P. 12 were due no later January 30, 2023. This deadline has passed, and Defendant American Publishers, Inc. has failed to file an answer or otherwise respond. Furthermore, Defendant American Publishers, Inc. is neither infant, nor incompetent person requiring special service in accordance with Fed. R. Civ. P. 4(g). As such, Plaintiffs are entitled to an entry of default against Defendant American Publishers, Inc.

### D. A Default Judgment is Proper

"As a general rule, a default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint." *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 842 (SDIL 2006) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). In addition, once the court "determines that a defendant is in default, the factual allegations of the Complaint - except those relating to damages - are taken as true and may not be challenged and the defendants are liable as a matter of law as to each cause of action alleged in the complaint." *Deckers Outdoor Corp. v. Doe*, No. 11 C 10, 2011 U.S. Dist. LEXIS 119448, at *6 (N.D. Ill. 2011) (citing Fed. R. Civ. P. 8(b)(6); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)). No responsive pleadings have been filed in this matter by Defendant American Publishers, Inc, making default judgment appropriate. Fed. R. Civ. P. 55(b)(2). The allegations of the Complaint are, therefore, taken as true.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter default judgment against Defendant American Publishers, Inc., d/b/a/ Conde Nast, d/b/a The New Yorker Magazine and enter Plaintiffs' proposed default judgment order.

DATED April 12, 2023                                              Respectfully submitted,

                                                                  /s/ Michael C. Goode
                                                                  Michael C. Goode

Michael C. Goode, Esq.
Michael C. Goode & Company
111 West Washington Street, Suite 1750
Chicago, Illinois 60602
Lawoffice_mcgoode@yahoo.com