UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br>　　　　Plaintiffs,<br>　　v.<br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br>　　　　Defendants. | Case No.:　　1:22-cv-00708<br><br>Hon. Sara L. Ellis |

**DEFENDANT RYAN EAGLES' MOTION TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and 12(b)(1)**

Now Comes defendant RYAN EAGLE, by and through his attorneys Cole Sadkin, LLC and in support of her MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and 12(b)(1) states as follows:

**INTRODUCTION**

Plaintiffs filed suit against Ryan Eagle alleging one federal cause of action Count VIII (Violations of the Defend Trade Secrets Act). In addition, plaintiff alleges state law claims in Count V (Civil Conspiracy), Count VI (Tortious Interference), Count IX (Unjust enrichment). Plaintiffs Third Amended Complaint does not include Count XI (Breach of Fiduciary Duty) against Ryan Eagle. There are changes to Count VIII (Violations of the Defend Trade Secrets Act), the remaining allegations are substantially similar to the Second Amended Complaint.

Should the Court dismiss the federal cause of action, it can and should relinquish supplemental jurisdiction of the remaining state law claims.

## ARGUMENT

### A. Standard for Rule 12(b)(6) Motion

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Federal Claims

### COUNT VIII DEFEND OF TRADE SECRETS ACT

Plaintiffs' Federal cause of action is based upon violations of the Defend Trade Secrets Act 18 U.S.C. sec. 1836. In order to state a claim, plaintiff must allege a trade secret, which owner has taken steps to keep confidential, a misappropriation of those trade secrets. *Smart Mortg. Ctrs., Inc. v. Noe,* 2022 U.S. Dist. LEXIS 49580, 13. It is not enough to point to broad areas of technology and assert it is secret. *Id*. At 17. Furthermore, it is necessary to set forth that the trade secret was used or disclosed. *Molon Motor & Coil Corp. v. Nidec Motor Corp.,* 2017 U.S. Dist. LEXIS 71700, 12. Finally, something does not qualify as a trade secret if it is

generally known in an industry. *Sirius Computer Solutions, Inc. v. Sachs,* 2021 U.S. Dist. LEXIS 77595, 8.

Plaintiffs' prior attempts to set forth a claim under the Defense of Trade Secrets Act were classic threadbare recitals of the elements of a cause action, supported by mere conclusory statements, which are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs' Third Amended Complaint still fails to meet the elements required under the Defense of Trade Secrets Act. As previously noted Plaintiff must set forth facts which support an actual trade secret, for which steps were taken to maintain confidentiality and a misappropriation of those trade secrets. Plaintiffs' Third Amended Complaint fails to meet any of the required elements.

### No Facts Setting Forth a Trade Secret

Initially, plaintiffs do not set forth sufficient facts regarding any trade secrets. Plaintiffs "trade secrets" consist of "crypto currency wallets" ( See paragraphs 222-226 of Plaintiffs Third Party Complaint) and software (see paragraphs 227-229 of Plaintiffs Third Party Complaint). Plaintiffs facts are mere generic descriptions of widely used technology. Plaintiffs allege that the hardware wallets, wallet casings, and physical components constitute the alleged trade secret. (see paragraphs 224 of Plaintiffs Third Party Complaint). Similarly plaintiffs allege that the software and corresponding source codes allowed them to generate, sell, and distribute their digital assets to customers. (See paragraphs 231 of Plaintiffs Third Party Complaint) However, the plaintiff's description of the alleged trade secret is vague and generic. It merely referenced the technology used in the entire cryptocurrency sector, specifically the "crypto wallet." Plaintiffs merely alleging the hardware and software designs are "trade secrets" or "propriety"( See paragraphs 229-230 and 235 of Plaintiffs Third Party Complaint) is not enough. Similarly merely

providing descriptions of products, processes and technology that is widely known and available throughout the industry fails to adequately state a claim. *Sirius Computer Solutions, Inc. v. Sachs*, 2021 U.S. Dist. LEXIS 77595, 8.

### No Steps Taken to Keep Safeguard the Alleged Trade Secret

In order to have a Trade Secret, there must be steps taken to safeguard the alleged trade secret. *Smart Mortg. Ctrs., Inc. v. Noe,* 2022 U.S. Dist. LEXIS 49580, 13. Plaintiffs' only allegation that Plaintiffs took any steps to safeguard the alleged trade secrets is that they were only known to Skycoin Officers. ( See paragraph 231 of Plaintiffs Third Party Complaint). This sole allegation does not meet the requirement that Plaintiffs took adequate steps to safeguard the trade secret.

### No Disclosure or Use of Alleged Trade Secret

In order to properly plead a violation of the Defense of Trade Secrets Act, there must be a misappropriation and that the trade secret was used or disclosed. To properly allege misappropriation, the complaint must specify the improper means employed, such as theft, bribery, misrepresentation, breach of duty, or espionage through electronic or other means with particularity. *Global Charter Services v. Larocca*, No. 22 C 1849, 2023 U.S. Dist. LEXIS 79350. Additionally, it's crucial to demonstrate that the trade secret was used or disclosed, as outlined in *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 2017 U.S. Dist. LEXIS 71700, 12.

Plaintiffs' complaint fails to properly meet either prong of this element. Plaintiffs' allegations regarding improper means to obtain the information consists of mere speculation, conjecture and conclusion. Plaintiffs allege that "defendants" attempted to obtain the information. ( See paragraph 234 a-f of Plaintiffs' Third Party Complaint). Plaintiffs' allegations fail to provide sufficient facts regarding any defendants actually obtaining any alleged Trade

Secrets. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## No Use or Disclosure of Trade Secrets

Finally, Plaintiffs must properly allege use or disclosure of any alleged Trade Secret. There are no factual allegations of any disclosure or use of the alleged Trade Secrets. Plaintiffs merely assert that defendants "used", "misappropriated" and "divulged" the alleged Trade Secret for "personal gain". These self serving conclusory allegations are bereft of any actual details or facts with regard to the use or disclosure of the alleged Trade Secrets. There is no identification as any individual defendant using or disclosing the information. Plaintiffs merely use the words required for the cause of action without any actual facts regarding the use or disclosure of the trade secrets. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* There are not sufficient allegations that any trade secrets were disclosed or used. Plaintiffs' complaint merely makes general, vague statements about defendants (without specifying which of the defendants performed any activity) used the trade secrets. Merely using the word "misappropriate" does not rise to the level of stating a claim. Plaintiff similarly asserts that Defendants were fully aware that the products were trade secrets were secret and confidential.

Finally, the assertion and assumption that an off the shelf, open source product is a trade secret, is erroneous and defeats this claim.

## State Court Claims

In the event this Court dismisses Plaintiffs' Defense of Trade Secret Act Claims this Court should also relinquish supplemental jurisdiction over the state law claim. A district court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *Energy Labs, Inc. v. Edwards Engineering, Inc.,* No. 14 C 7444, 2017 U.S. Dist. LEXIS 29818, at *5-6 (N.D. Ill. Mar. 2, 2017) (internal citations omitted). "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). In this case, in the event this Court dismisses the federal claims, there is no compelling reason for this court to depart from the usual practice of also dismissing the supplemental state law claim.

In the event this Court entertains the remaining State court claims, they should also be dismissed as well.

## COUNT V CIVIL CONSPIRACY

Plaintiffs' essentially state, with no particularity or support, that all the defendants met to commit wire fraud, computer fraud in general. (See complaint para 191). That is literally the allegation, there are no elements or additional facts to support these claims. Plaintiff also asserts

that defendants worked "in concert" based upon their acts and various communications. (See complaint para 192). There are no facts to support these allegations.

To state a claim for civil conspiracy, a plaintiff must allege an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, a tortious act committed in furtherance of that agreement and an injury caused by defendant. *Merrilees v. Merrilees,* 2013 IL App (1st) 121897, at 49. An agreement is an essential element. *Id.* at 50. The complaint must do more than characterize a series of acts as a conspiracy. *Id.* Civil conspiracy is not an independent tort, plaintiff must state an independent cause of action underlying the conspiracy. *Id.* at 49. Finally, as plaintiff alleges fraud, there is the heightened pleading requirement pursuant to Fed.R.Civ. 9(b). Allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ 9(b) which requires the plaintiff to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Plaintiff fails to set forth facts to state a claim for civil conspiracy, specifically an agreement, specific acts as well as the elements for the underlying causes of action, which are merely stated by name with nothing further.

## COUNT VI TORTIOUS INTERFERENCE

Plaintiffs allege that they do business with various exchanges and that the defendants interfered with their ability to conduct business on those exchanges. Under Illinois law, to state a claim for tortious interference a plaintiff must plead facts to plausibly set forth a reasonable expectation of a business relationship, defendants' knowledge of the relationship/expectancy, an intentional and unjustified interference by defendants that caused a termination of that relationship resulting in damages to plaintiff. *TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, 2012 U.S. Dist.1677991, at 16, 17.

The allegations against the defendants collectively are that "they orchestrated various schemes to undermine the reputation of Plaintiffs and cause these internet exchange markets… to remove Plaintiffs' products from their exchanges, (See Complaint para 201) and that the Defendants acted in concert to cause these internet exchange markets to remove Plaintiffs' Skycoin products from those markets (See Complaint para. 206). Yet again, these allegations do not rise to the level of stating a claim. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## COUNT IX UNJUST ENRICHMENT

To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 131 Ill. 2d 145, 160, 545 N.E.2d 672 (1989). Unjust enrichment is not an independent cause of action. Martis v. Grinnell Mut. Reinsurance Co., 388 Ill. App.3d 1017, 1024, 905 N.E.2d 920 (3rd Dist. 2009). Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence. Alliance Acceptance Co. v. Yale Insurance Agency, 271 Ill.App. 3d 483, 492, 648 N.E.2d 971 (1st Dist. 1995), or, alternatively, it may be based on contracts which are implied in law Perez v. Citicorp Mortgage, Inc., 301 Ill. App. 3d 413, 425, 703 N.E.2d 518, 234 Ill. Dec. 657 (1st Dist. 1998).

This theory is inapplicable where an express contract, oral or written, governs the parties' relationship. *Id.* In the present case Plaintiffs have alleged an agreement with Defendant Stephens and other defendants as well as pleading a breach of contract claim. A plaintiff is permitted to plead breach of contract claims in addition to unjust enrichment. Bureau Service Co., v. King, 308 Ill.App.3d 835, 721 N.E.2d 159 (3rd Dist. 1999) (a complaint may properly plead alternative theories of recovery despite their apparent inconsistency). Thus, although a plaintiff may plead claims alternatively based on express contract and an unjust enrichment, the unjust enrichment claim cannot include allegations of an express contract. Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575, 604, 836 N.E.2d 681 (1st Dist. 2005). In the present case paragraph 230 of plaintiffs' complaint alleges an agreement of money for marketing, advertising and web design services. So the plaintiff is essentially including contract allegations, nor does it indicate they are pleading in the alternative.

In addition, no recovery under an unjust enrichment theory is permitted unless the plaintiff demonstrates that the defendant has voluntarily accepted the benefits plaintiff purportedly conferred. Premier Electrical Construction Co. v. La Salle National Bank 132 Ill. App. 3d 485, 496 (1st Dist. 1984) A party is not entitled to compensation based on an unjust enrichment claim if he receives from the other that which it was agreed between them the other should give in return. La Throp v. Bell Federal Savings & Loan Association, 68 Ill. 2d 391 (1977).

Wherefore, defendant Ryan Eagle, by and through his attorneys, Cole Sadkin, LLC, requests this Honorable Court dismiss all counts against defendant Ryan Eagle pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) for failure to state a cause of action or any other relief this Court deems appropriate.

COLE SADKIN, LLC


By: /s/ Dean Barakat
    DEAN BARAKAT
    Attorneys for Defendant Ryan Eagle



Dated:    October 20, 2023




**COLE SADKIN LLC**
Mason S. Cole
Dean Barakat
1652 W Belmont, Ste 1
Chicago, IL 60657
P: (312) 380-7132
mcole@colesadkin.com
dbarakat@colesadkin.com