UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br>          Plaintiffs,<br><br>      v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br>          Defendants. | Case No.:     1:22-cv-00708<br><br>Hon. Sara L. Ellis |

**DEFENDANT BRADFORD STEPHEN'S MOTION TO DISMISS PLAINTIFFS THIRD AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and 12(b)(1)**

Now Comes defendant BRADFORD STEPHENS, by and through his attorneys Cole Sadkin, LLC and in support of her MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), and 12(b)(1) states as follows:

## INTRODUCTION

Plaintiffs' filed suit against Bradford Stephens alleging two federal causes of action Count I (Civil RICO) and Count VIII (Violations of the Defend Trade Secrets Act). In addition, plaintiff alleges state law claims in Count II and IV(Fraud) Count V (Civil Conspiracy), Count VI (Tortious Interference), Count IV (Unjust enrichment), and Count XI (Breach of Fiduciary Duty) and finally Count XIII (violations of 720 ILCS 5/12-71.) Should the Court dismiss the federal causes of action, it can and should relinquish supplemental jurisdiction of the remaining

state law claims

## II. <u>ARGUMENT</u>

A. **Standard for Rule 12(b)(6) Motion**

To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Federal Claims**

**Count I Civil RICO Cause of Action**

As previously noted Plaintiffs allege two federal causes of action. The first federal claim is Count I, alleging a Civil RICO cause of action against defendant Stephens, Gervitz, Kuntsman and Cuthriell. The elements of a civil Rico claim are conduct, of an enterprise through a pattern of racketeering activity. *Gamboa v. Velez*, 457 F.3d 703,705 (7th Cir. 2006) Allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ 9(b) which requires plaintiff to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). In addition, when plaintiff's predicate acts rely on mail and wire fraud, the heightened pleading requirements are applicable. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir

2019). Plaintiffs must plead the what, when, where, and how. *Id*. The use of mail and wire fraud to establish a pattern is not looked upon favorably. *Id*.

Plaintiffs' Third Amended complaint in paragraph 134 mentions fraud through wire transactions. This is clearly inadequate and does not meet the heightened pleading requirements, specifically the who, what when, where, and how. Plaintiff fails to properly plead a pattern based upon wire fraud.

Plaintiffs' civil RICO count also includes several allegations based on "knowledge and belief"(See para. 121 of Third Amended complaint). These are classic threadbare recitals of the elements of a cause action, supported by mere conclusory statements, which are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Insufficient Allegations to Prove Continuity**

The elements of a civil Rico claim are the conduct of an enterprise through a pattern of racketeering activity. *Gamboa v. Velez*, 457 F.3d 703,705 (7th Cir. 2006) Allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ 9(b), which requires plaintiff to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). In addition, when plaintiff's predicate acts rely on mail and wire fraud, the heightened pleading requirements are applicable. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019). Plaintiffs must plead the what, when, where, and how. *Id*. The use of mail and wire fraud to establish a pattern is not looked upon favorably. *Id*.

**No allegations of Conduct Constituting Continuity**

The plaintiffs must meet the "continuity plus relationship" standard to establish a pattern. This standard requires them to show that instances of racketeering activity are connected (the relationship prong) and pose a risk of ongoing criminal behavior (the continuity prong). According to *Jennings v. Auto Meter Prods., Inc*., 495 F.3d 466, 473 (7th Cir 2007), and *Menzies*, 943 F.3d at

337, both prongs must be satisfied. However, the Plaintiff's' Third Amended complaint fails to allege the continuity prong adequately. Plaintiffs' Third Amended Complaint only states that the alleged conduct constitutes a pattern of racketeering because "it is the regular way the Defendants and the Enterprise do business and will not stop without judicial intervention" (See paragraph 137 of Plaintiffs' Third Amended Complaint). This assertion is insufficient to establish a threat of continuity, as pointed out by *Menzies,* 943 F.3d at 343. They note that a threat of continuity cannot be based on bald assertions. Similarly, in *Gamboa v. Velez*, 457 F.3d 703, 709 (7th Cir. 2006), it was held that the plaintiff cannot rely upon an unsupported assertion of future criminal activity.

**No Threat of Repetition**

The plaintiff's allegation that the conduct is "still ongoing" lacks substantiation. The Racketeer Influenced and Corrupt Organizations Act (RICO) applies solely to schemes that persist over time rather than one-off crimes. *Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 828 (7th Cir. 2016). Courts have established that schemes lacking open-ended continuity possess a natural ending point. *Vicom*, 20 F.3d at 783

For example, in *Vicom*, a fraudulent scheme to inflate a company's value was deemed to lack open-ended continuity because it had a natural ending point - the sale of the company. Similarly, in *Menzies*, 943 F.3d at 343, the plaintiff is obligated to demonstrate a threat of repetition extending indefinitely into the future to establish open-ended continuity.

The Plaintiffs' Third Amended Complaint fails to allege inherent conduct to the enterprise, demonstrating a specific threat of repetition. Despite the alleged extortion of the plaintiffs on multiple occasions, there are no allegations that the defendants intend to perform extorting acts repetitively over a period of time. Instead, the only allegations are that the alleged enterprise aims to destroy Skycoin or pay the alleged extortion demands. To establish open-ended continuity, the

plaintiff must allege "a threat of repetition extending indefinitely into the future." *Menzies*, 943 F.3d at 343

The plaintiff's claim cannot be upheld under RICO, as the scheme has a natural endpoint and fails to satisfy the open-ended continuity requirement. As a result, the defendants cannot be held liable under RICO, and the plaintiff's claim must be dismissed.

### COUNT VIII DEFEND OF TRADE SECRETS ACT

Plaintiff's Federal cause of action is based upon violations of the Defend Trade Secrets Act 18 U.S.C. sec. 1836. In order to state a claim, plaintiff must allege a trade secret, which owner has taken steps to keep confidential, a misappropriation of those trade secrets. *Smart Mortg. Ctrs., Inc. v. Noe,* 2022 U.S. Dist. LEXIS 49580, 13. It is not enough to point to broad areas of technology and assert it is secret. *Id*. At 17. Furthermore, it is necessary to set forth that the trade secret was used or disclosed. *Molon Motor & Coil Corp. v. Nidec Motor Corp.,* 2017 U.S. Dist. LEXIS 71700, 12. Finally, something does not qualify as a trade secret if is generally known in an industry. *Sirius Computer Solutions, Inc. v. Sachs,* 2021 U.S. Dist. LEXIS 77595, 8.

Plaintiffs' prior attempts to set forth a claim under the Defense of Trade Secrets Act were classic threadbare recitals of the elements of a cause action, supported by mere conclusory statements, which are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs Third Amended Complaint still fails to meet the elements required under the Defense of Trade Secrets Act. As previously noted Plaintiff must set forth facts which support an actual trade secret, for which steps were taken to maintain confidentiality and a misappropriation of those trade secrets. Plaintiffs' Third Amended Complaint fails to meet any of the required elements.

**No facts setting forth a Trade Secret**

Initially, plaintiffs do not set forth sufficient facts regarding any trade secrets. Plaintiffs "trade secrets" consist of "crypto currency wallets" ( See paragraphs 222-226 of Plaintiffs Third Party Complaint) and software (see paragraphs 227-229 of Plaintiffs Third Party Complaint). Plaintiffs facts are mere generic descriptions of widely used technology. Plaintiffs allege that the hardware wallets, wallet casings, and physical components constitute the alleged trade secret. (see paragraphs 224 of Plaintiffs Third Party Complaint). Similarly plaintiffs allege that the software and corresponding source codes allowed them to generate, sell, and distribute their digital assets to customers. (See paragraphs 231 of Plaintiffs Third Party Complaint) However, the plaintiff's description of the alleged trade secret is vague and generic. It merely referenced the technology used in the entire cryptocurrency sector, specifically the "crypto wallet." Plaintiffs merely alleging the hardware and software designs are "trade secrets" or "propriety"( See paragraphs 229-230 and 235 of Plaintiffs Third Party Complaint) is not enough. Similarly merely providing descriptions of products, processes and technology that is widely known and available throughout the industry fails to adequately state a claim. *Sirius Computer Solutions, Inc. v. Sachs*, 2021 U.S. Dist. LEXIS 77595, 8.

**No steps taken to keep safeguard the alleged trade secret**

In order to have a Trade Secret, there must be steps taken to safeguard the alleged trade secret. *Smart Mortg. Ctrs., Inc. v. Noe,* 2022 U.S. Dist. LEXIS 49580, 13. Plaintiffs only allegation that Plaintiffs took any steps to safeguard the alleged trade secrets is that they were only known to Skycoin Officers. ( See paragraph 231 of Plaintiffs Third Party Complaint). This sole allegation does not meet the requirement that Plaintiffs took adequate steps to safeguard the trade secret.

**No disclosure or Use of Alleged Trade Secret**

In order to properly plead a violation of the Defense of Trade Secrets Act, there must be a a misappropriation and that the trade secret was used or disclosed. To properly allege

misappropriation, the complaint must specify the improper means employed, such as theft, bribery, misrepresentation, breach of duty, or espionage through electronic or other means with particularity. *Global Charter Services v. Larocca*, No. 22 C 1849, 2023 U.S. Dist. LEXIS 79350. Additionally, it's crucial to demonstrate that the trade secret was used or disclosed, as outlined in *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 2017 U.S. Dist. LEXIS 71700, 12.

Plaintiffs complaint fails to properly meet either prong of this element. Plaintiffs allegations regarding improper means to obtain the information consists of mere speculation, conjecture and conclusion. Plaintiffs allege that "defendants" attempted to obtain the information. ( See paragraph 234 a-f of Plaintiffs Third Party Complaint). The only allegation specific to Bradford Stephens is that he falsely portrayed the COO of Skycoin to attempt to obtain information. (See paragraph 234 D of Plaintiffs Third Party Complaint). Plaintiffs allegations fail to provide sufficient facts regarding any defendants actually obtaining any alleged Trade Secrets. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**No Use or Disclosure of Trade Secrets**

Finally, Plaintiffs must properly allege use or disclosure of any alleged Trade Secret. There are no factual allegations of any disclosure or use of the alleged Trade Secrets. Plaintiffs merely assert that defendants "used", "misappropriated" and "divulged" the alleged Trade Secret for "personal gain". These self serving conclusory allegations are bereft of any actual details or facts with regard to the use or disclosure of the alleged Trade Secrets. There is no identification as any individual defendant using or disclosing the information. Plaintiffs merely use the words required for the cause of action without any actual facts regarding the use or disclosure of the trade secrets. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* There are not sufficient allegations that any trade secrets were disclosed or used. Plaintiffs' complaint merely makes general, vague statements about defendants (without specifying which of the defendants performed any activity) used the trade secrets. Merely using the word "misappropriate" does not rise to the level of stating a claim. Plaintiff similarly asserts that Defendants were fully aware that the products were trade secrets were secret and confidential.

Finally, the assertion and assumption that an off the shelf, open source product is a trade secret, is erroneous and defeats this claim.

**State Court Claims**

In the event this Court dismisses Plaintiffs' RICO and Defense of Trade Secret Act Claims this Court should also relinquish supplemental jurisdiction over the state law claim. A district court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *Energy Labs, Inc. v. Edwards Engineering, Inc.*, No. 14 C 7444, 2017 U.S. Dist. LEXIS 29818, at *5-6 (N.D. Ill. Mar. 2, 2017) (internal citations omitted). "[I]t is the well-established law of this circuit that the

usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). In this case, in the event this Court dismisses the federal claims, there is no compelling reason for this court to depart from the usual practice of also dismissing the supplemental state law claim.

In the event this Court entertains the remaining State court claims, they should also be dismissed as well.

**Count II Fraud**

Plaintiff alleges fraud based upon representations by Defendant Stephens and others who were to perform marketing and web design services. There are essentially two categories of allegations. Plaintiffs alleges that Defendants agreed to provide web design, marketing and other related services, which plaintiff alleges were not provided. This is not fraud, but rather a breach contract claim.

The next set of allegations involve alleged lawsuits and litigation by various defendants that were not disclosed to plaintiffs. Allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ 9(b) which requires plaintiff to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). The pleadings must have specificity, certainty and particularity including what misrepresentations were made, by whom, when they made and to whom. *Board of Education v. A, C & S, Inc.,* 131 Ill.2d 428, 457 (1989) Plaintiffs are essentially alleging fraudulent misrepresentation. Successfully stating a claim requires a false statement of material fact, knowledge that the statement was false by the party making it, intention to induce the other party to act, action by the other party in reliance on the statements and damages. *Id.* at 452. As noted, there are elements of a breach of contract action, with no additional facts rising to fraud.

Finally, plaintiff does not plead with any particularity or specificity any misrepresentations of material facts. The material facts would relate to the web design and marketing and the specific actors making such material misrepresentations. Plaintiffs' fraud count is vague, contains generalities and facts that are not material to providing web design and marketing services.

**Count IV Fraud**

In Count IV, plaintiffs set forth another cause of action for fraud against Stephens, Gervitiz and other defendants. Plaintiffs similarly set forth an agreement to perform marketing services, with no written agreement or particulars as to the alleged oral agreement. The crux if this allegation is that Stephens and others developed software to defraud Plaintiff Symbolic Analytics. The allegations are all speculative and contain no facts to support the allegations. There is absolutely no support for the alleged actions and misrepresentations alleged in this count. The same analysis applies to this count as to the prior count.

**Count V Civil Conspiracy**

Plaintiffs' essentially state, with no particularity or support that all the defendants met to commit wire fraud, computer fraud in general. (See complaint para 191). That is literally the allegation, there are no elements or additional facts to support these claims. Plaintiff also asserts that defendants worked "in concert" based upon their acts and various communications. (See complaint para 192). There are no facts to support these allegations.

To state a claim for civil conspiracy, a plaintiff must allege, an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, a tortious act committed in furtherance of that agreement and an injury caused by defendant. *Merrilees v. Merrilees,* 2013 IL App (1st) 121897, at 49. An agreement is an essential element. *Id.* at 50. The complaint must do more than characterize a series of acts as a conspiracy. *Id.* Civil conspiracy is not an independent

tort, plaintiff must state an independent cause of action underlying the conspiracy. *Id.* at 49. Finally, as plaintiff alleges fraud, there is the heightened pleading requirement pursuant to Fed.R.Civ. 9(b). Plaintiff fails to set forth facts to state a claim for civil conspiracy, specifically an agreement, specific acts as well as the elements for the underlying causes of action, which are merely stated by name with nothing further.

**Count VI Tortious Interference**

Plaintiffs allege that they do business with various exchanges and that the defendants interfered with their ability to conduct business on those exchanges. Under Illinois law, to state a claim for tortious interference a plaintiff must plead facts to plausibly set forth a reasonable expectation of a business relationship, defendants' knowledge of the relationship/expectancy, an intentional and unjustified interference by defendants that caused a termination of that relationship resulting in damages to plaintiff. *TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, 2012 U.S. Dist.1677991, at 16, 17.

The allegations against the defendants collectively are that "they orchestrated various schemes to undermine the reputation of Plaintiffs and cause these internet exchange markets… to remove Plaintiffs' products from their exchanges, (See Complaint para 201) and that the Defendants acted in concert to cause these internet exchange markets to remove Plaintiffs' Skycoin products from those markets (See Complaint para. 206). Yet again, these allegations do not rise to the level of stating a claim. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Threshold recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Count IX Unjust Enrichment**

To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 131 Ill. 2d 145, 160, 545 N.E.2d 672 (1989). Unjust enrichment is not an independent cause of action. Martis v. Grinnell Mut. Reinsurance Co., 388 Ill. App.3d 1017, 1024, 905 N.E.2d 920 (3rd Dist. 2009). Rather, it is condition that maybe brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence. Alliance Acceptance Co. v. Yale Insurance Agency, 271 Ill.App. 3d 483, 492, 648 N.E.2d 971 (1st Dist. 1995), or, alternatively, it may be based on contracts which are implied in law Perez v. Citicorp Mortgage, Inc., 301 Ill. App. 3d 413, 425, 703 N.E.2d 518, 234 Ill. Dec. 657 (1st Dist. 1998).

This theory is inapplicable where an express contract, oral or written, governs the parties' relationship. *Id.* In the present case Plaintiffs have alleged an agreement with Defendant Stephens and other defendants as well as pleading a breach of contract claim. A plaintiff is permitted to plead breach of contract claims in addition to unjust enrichment. Bureau Service Co., v. King, 308 Ill.App.3d 835, 721 N.E.2d 159 (3rd Dist. 1999) (a complaint may properly plead alternative theories of recovery despite their apparent inconsistency). Thus, although a plaintiff may plead claims alternatively based on express contract and an unjust enrichment, the unjust enrichment claim cannot include allegations of an express contract. Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575, 604, 836 N.E.2d 681 (1st Dist. 2005). In the present case paragraph 230 of plaintiffs' complaint alleges an agreement of money for marketing, advertising and web design services. So plaintiff is essentially including contract allegations, nor does it indicate they are pleading in the alternative.

In addition, no recovery under an unjust enrichment theory is permitted unless the plaintiff demonstrates that the defendant has voluntarily accepted the benefits plaintiff purportedly conferred. <u>Premier Electrical Construction Co. v. La Salle National Bank</u> 132 Ill. App. 3d 485, 496 (1ˢᵗ Dist. 1984) A party is not entitled to compensation based on an unjust enrichment claim if he receives from the other that which it was agreed between them the other should give in return. <u>La Throp v. Bell Federal Savings & Loan Association</u>, 68 Ill. 2d 391 (1977).

**Count XI Breach of Fiduciary Duty**

Count XI of Plaintiffs' complaint is titled a Breach of Fiduciary duty. The allegations in this cause of action are:

that the defendants were hired as contractors to "perform certain duties". (See Complaint para. 245), that defendants were to adhere to the terms of agreements. (See Complaint para. 246), Defendants had a duty to adhere to the terms of the agreements (See Complaint para. 249), Defendants breached that duty by failing to adhere to the terms of the agreements (See Complaint para. 250)

Plaintiffs do not attach, nor reference any written agreements. Plaintiffs are alleging agreements plural, it is unclear if there is more than one agreement with an individual or they are referencing a separate agreement with each defendant. There is no more specificity than the agreements were to "perform certain duties". There are no other terms referenced. Plaintiff does allege that defendants had a duty to adhere to the terms of the agreements, which are not actually set forth. Plaintiff then alleges that defendants breached their duty to adhere to the terms of the agreements. Plaintiff does not allege these agreements created a fiduciary duty on behalf of defendants. The actual cause of action alleges a duty pursuant to the agreements and a breach of that duty.

It is unclear if this is a breach of contract claim or a breach of fiduciary duty claim. In either instance, it is factually deficient on its face. In order to state a claim for fiduciary duty, the complaint must set forth that a fiduciary duty exists, it was breached and was the proximate cause of plaintiffs' damages. *Avila v. CitiMortgage, Inc.,* 2015 U.S. App. LEXIS 15779, at 7 (7th Cir. 2015). While plaintiffs style this cause of action, breach of fiduciary duty, they do not set forth any facts or allegations that state a cause of action for breach of fiduciary duty. In fact, plaintiffs do not set forth facts or allegations that create any duty and a breach of duty. Plaintiffs fail to state a cause of action.

**Count XII Breach of Contract**

Plaintiffs claim to state a cause of action for breach of contract. There is no written document, nor is a written contract referenced or alleged. Plaintiffs allege an agreement to provide marketing services. This count alleges that defendants did not provide the contracted services, that plaintiffs performed all their obligations under the agreements. Furthermore, plaintiffs allege that Smolder LLC is a defendant and breached a contract with Plaintiffs.

Plaintiffs do not allege any written agreement. Plaintiffs fail to allege who the actual parties are to any alleged agreement. The allegation is Plaintiffs collectively entered into an agreement with defendants, Stephens, Gervitz, Kuntsman, Cuthriell and Smolder LLC (not a party to the litigation). Plaintiff does not set forth any of the terms of the agreement, the rights and responsibilities of all the parties. Plaintiff makes conclusory allegations that Plaintiffs performed all their obligations. Despite not setting forth any actual terms, plaintiffs, again allege that defendants collectively breached the terms of the contract without providing a written agreement or setting forth the terms of the alleged contract.

Plaintiffs fail to set forth sufficient facts to prove a contract, the terms of the contract and, a breach of the contract, plaintiff performed the conditions required of the contract and damages

as a result of the breach *Sirius Computer Solutions, Inc. v. Sachs,* 2021 U.S. Dist. LEXIS 77595 at 5. Plaintiff has failed to set forth allegations and facts to state a claim for breach of contract.

**Count XIII: Violations of 720 ILCS 5/12-7.1**

Plaintiff seeks to state a cause of action under Illinois Hate Crimes Statute. A plaintiff states a claim if he alleges injury resulting from an assault or battery that was motivated because of his actual or perceived race, ancestry, or national origin. Lee v. Radulovic, 1994 U.S. Dist. LEXIS 9871, *3, No. 94 C 930, 1994 WL 384010, at *5 (N.D. Ill. 1994). This is a two step analysis: 1) Plaintiff must show that the motivating factor for an action was hate based upon race, religion, etc. and 2) that a crime was committed under that motivation (ie. Assault, battery, etc.). Plaintiffs allege "on information and belief" that defendants made antisemitic statements on the internet and in person. These are not facts, but conclusions. Plaintiff Smietana should know if these statements were made to him in person. Secondarily, he should have a record of same or specific knowledge of any internet statements if he is aware of them. There are not sufficient facts to state a claim. Finally, there is not the second necessary step for a claim pursuant to the statute, a crime was committed that was motivated by hate based upon his ethnic heritage. Plaintiff fails to state a claim pursuant to the statute.

Wherefore, defendant Bradford Stephens, by and through his attorneys, Cole Sadkin, LLC, requests this Honorable Court dismiss all counts against defendant Bradford Stephens pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) for failure to state a cause of action or any other relief this Court deems appropriate.

COLE SADKIN, LLC


By: /s/ Dean Barakat  DEAN BARAKAT
Attorneys for Defendant Bradford Stephens

Dated: October 20, 2023

**COLE SADKIN LLC**
Mason S. Cole
Dean Barakat
1652 W Belmont, Ste 1
Chicago, IL 60657
P: (312) 380-7132
mcole@colesadkin.com
dbarakat@colesadkin.com