UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES,<br><br>Defendants. | Case No. 1:22-cv-00708<br><br>Honorable Sara L. Ellis<br><br>**JURY DEMANDED** |

## PLAINTIFFS' COMBINED RESPONSE TO DEFENDANT BRADFORD STEPHENS', RYAN EAGLE'S, AND CATHERINE BYERLY'S MOTIONS TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

NOW COME Plaintiffs, BRANDON SMIETANA ("Smietana"), SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore corporation ("Skycoin"), and SYMBOLIC ANALYTICS, INC., a Delaware corporation ("SA"), by and through their attorneys, Michael C. Goode & Company and Barney & Karamanis, LLP, and respectfully request that this Honorable Court deny Defendant BRADFORD STEPHENS' ("Stephens"), RYAN EAGLE'S ("Eagle"), AND CATHERINE BYERLY'S ("Byerly") Motions to Dismiss Plaintiffs' Third Amended Complaint Under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) ("Motion to Dismiss"). In support of this Motion, Plaintiffs state as follows:

1

## INTRODUCTION

Defendants three Motions to Dismiss are nearly identical with the exception of Defendant Stephen's Motion to Dismiss, which attacks additional counts. Each of these motions to dismiss attack the sufficiency of two federal causes of action pleaded in Plaintiffs' Third Amended Complaint at Law ("Complaint") (Dkt. # 100). Defendants argue that the remaining state law claims in the Complaint must also be dismissed pursuant to Rule 12(b)(1) in the federal causes of action are dismissed, while also arguing that Plaintiffs failed to meet Rule 12(b)(6) pleading standards for those state law claims.

Plaintiffs' Complaint sufficiently meets all pleading requirements set forth to properly establish an action for Civil RICO and violations of the Defend Trade Secrets Act against Defendants. Plaintiffs also meet each pleading requirement to properly allege the state law counts against Defendants. Therefore, this Court should deny Defendants' Motion to Dismiss Plaintiffs' federal and state claims.

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 20-521 (7th Cir. 2001). A pleading must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the motion to dismiss stage, Plaintiffs only need to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, the Court will construe the complaint "in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters*, Local 781, 947 F.3d 464,

469 (7th Cir. 2020). "Plaintiff need not allege every conceivable fact to survive a motion to dismiss." *ABN AMRO, Inc. v. Capital Int'l, Ltd.*, 595 F. Supp. 2d 805, 837 (N.D. Ill. 2008).

"A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If a defendant challenges the facial sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Trio v. Turing Video, Inc.,* No. 1:21-cv-04409, 2022 U.S. Dist. LEXIS 173465, at *5-6 (N.D. Ill. Sep. 26, 2022). "The party asserting federal jurisdiction has the burden of proving jurisdiction is proper." *Heiderman v. United States,* No. 20 C 7579, 2021 U.S. Dist. LEXIS 241311, at *4 (N.D. Ill. Dec. 17, 2021).

## **ARGUMENT**

### I. FEDERAL CLAIMS

#### A. Plaintiffs Sufficiently Plead Count I for Civil RICO.

Plaintiffs sufficiently plead all elements for a RICO cause of action, including meeting the heightened pleading requirements for fraud. To plead RICO pursuant to 18 U.S.C. § 1962(c), a plaintiff must allege a (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Vulcan Golf, LLC v. Google Inc.*, 2008 U.S. Dist. LEXIS 60608, at 6-8 (N.D. Ill. July 31, 2008) (citing *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777 (7th Cir. 1999)). The statute must be given the broad effect that is required by its plain language: to provide a short and plain statement of the claim and to present each averment of the pleading in a simple, concise, and direct manner. *Starfish Inv. Corp. v. Hansen*, 370 F. Supp. 2d 759, 763 (N.D. Ill. 2005).

The RICO Act defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The formality of the enterprise does not matter, so long as

there is some type of organizational structure. *Vulcan Golf*, 2008 U.S. Dist. at 6-8 (citing *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673 (7th Cir. 2000)). Plaintiffs met this standard by pleading that over a four-year period, "[t]he Enterprise, including Defendants Kunstman, Stephens, and associates, approached Skycoin's competitors…and received money to fund a full-time harassment and extortion operation," (Cmplt. ¶ 118-119). Plaintiffs further plead, "[t]his operation included up to eight persons who were full-time staff, up to 50 persons recruited on a 'per task' basis for specific operations, and dedicated IT managers for operation of 'bot nets' of hundreds of computer accounts…" (Cmplt. ¶ 121). Plaintiffs clearly describe "an ongoing 'structure' of persons, associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision making." *Id* (citing *Jennings v. Emry,* 910 F.2d 1434, 1440 (7th Cir. 1990)). By additionally pleading that "the enterprise was operated as a full-time 'marketing operation' as a method of generating income and paying a salary for its members," the Complaint further establishes a hierarchy within the enterprise and indicates that its members were joined in purpose by being compensated for their involvements to achieve a common goal. The Supreme Court has held that an association-in-fact enterprise is simply a continuing unit that functions with a common purpose. *Boyle v. United States,* 556 U.S. 938, 948 (2009). An enterprise does not need to have a hierarchical structure, decisions may be made on an *ad hoc* basis, and members of the group need not have fixed roles and may perform different roles at different times. *Id.*

Plaintiffs sufficiently plead a pattern of racketeering activity, meeting the heightened pleading standard for allegations of fraud pursuant to Fed. R. Civ. 9(b) and the continuity plus relationship test. *See Menzies v. Seyfarth Shaw Ltd. Liab. P'ship*, 943 F.3d 328, 332 (7th Cir. 2019). In paragraphs 1-111 of their Complaint, Plaintiffs list with sufficient particularity the numerous fraudulent activities and purposeful misrepresentations by Defendant Stephens, including but not

limited to internet spam attacks on Skycoin's website, falsifying invoices for marketing services, invoicing Plaintiffs for unapproved and non-business related costs and cash expenses for which Stephens could provide no ATM receipts and/or cash payment receipts, invoicing Plaintiffs for unapproved subcontractors, invoicing Plaintiffs at full-time cost for part-time subcontractors, invoicing Plaintiffs for invalid date periods and work that pre-dated and post-dated the period in which the parties were working together, invoicing Plaintiffs for unapproved events and costs, and collecting payment and failing to provide agreed-upon marketing services (See Cmplt. ¶ 48, 51, 80, 83-90). Plaintiffs allege acts of violence and extortion in direct violation of the Hobbs Act as well as theft of trade secrets through extortion and violence, in violation of the Defend Trade Secrets Act. Plaintiffs plead these activities in detail in addition to the wire and mail fraud alleged in Count I.

In RICO cases based on mail or wire fraud, "the plaintiff must, within reason, describe the time, place, and content of the mail and wire communications, and it must identify the parties to these communications." *Kim v. Fayazi*, 1998 U.S. Dist. LEXIS 16544, at 10-11 (N.D. Ill. Oct. 8, 1998). The Complaint dedicates several paragraphs to meet the heightened pleading standard of Rule 9(b), including (1) naming the Enterprise as part of the wire fraud scheme, (2) describing the implementation of the scheme through the fake Marketing Program and concealing the status of an FTC order prohibiting marketing activities, (3) describing how the Defendants and the Enterprise utilized wire transfers to further their schemes, (4) indicating the fraud occurred via interstate commerce through Illinois, Wisconsin, Nevada, California, Singapore, and China, and (5) establishing that the purpose of the scheme was to defraud Plaintiffs for money (Cmplt. ¶¶ 134A-E).

The continuity plus relationship test can involve the showing of a series of closed-ended conduct existing over an extended period that a threat of future harm is implicit (closed-ended continuity), or short-lived open-ended series of conduct that show clear signs of threatening to continue into the future (open-ended continuity). *Id.* See also *Starfish Inc.*, 370 F. Supp. 2d at 763. Here, the Complaint explicitly meets the open-ended continuity pleading requirement. Plaintiffs plead several times that the activities of the Enterprise lasted over a span of four years and involved conduct of fraud, extortion, violent threats, extensive scams, and criminal acts of violence and theft all directed against Plaintiffs (Cmplt. ¶¶ 118-120, 126-129, 131). Plaintiffs plead that these acts are still on-going, obviating the existence of current and future harm (Cmplt. ¶ 132A-J); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 250 (1989) (finding pattern of racketeering activity where plaintiffs alleged six-year scheme in which defendants frequently bribed public officials). Plaintiffs' pleadings clearly demonstrate a threat of repetition that extends indefinitely into the future sufficient to establish open-ended continuity. *Menzies,* 943 F.3d at 343.

It is evident that Plaintiffs went well beyond pleading "threadbare recitals of elements and mere conclusory statements" and, rather, sufficiently met the required pleading standard to survive a Rule 12(b)(6) motion to dismiss. For all of these reasons, Defendant's Motion to Dismiss as to Count I must be denied.

### B. Plaintiffs Sufficiently Plead Count VIII for Violations of the Defend Trade Secrets Act.

Plaintiffs adequately met all pleading requirements supporting their claim for violations of the Defend Trade Secrets Act ("DTSA") (18 U.S.C. § 1832) against Defendant Stephens, Eagle, and Byerly. To state a valid claim, a plaintiff must allege (1) the ownership of a trade secret and (2) an actionable misappropriation as defined by the Act. *Smart Mortg. Ctrs., Inc. v. Noe*, 2022 U.S. Dist. LEXIS 49580, at 15 (N.D. Ill. Mar. 21, 2022).

Here, Plaintiffs unambiguously allege the existence of a trade secret. Specifically, "hardware and software that worked in conjunction with each other to provide customers with the ability to use and 'mine' Skycoins, while also allowing customers to make initial coin offerings" and "the software and corresponding source codes allowed Plaintiffs network and programs to generate, sell, and distribute their digital assets to customers," (Cmplt. ¶¶ 221, 224, 227, 229, 231). The trade secret alleged is plead with sufficient detail to establish it as secret and not generally known in the industry (Cmplt. ¶¶ 221, 224, 227, 229, 231, 238, 239). Further, Plaintiffs repeatedly indicate the trade secrets were confidential and detail steps taken to safeguard the trade secrets. "The hardware designs were propriety and only known to Skycoin officers" and "Plaintiffs' Trade Secrets were sufficiently secret and maintained so that only Plaintiffs' principal, Brandon Smietana, was privy to each and every trade secret and their collective uses," (Cmplt. ¶¶ 230, 237, 239, 240, 242). "Whether the measures taken by a trade secret owner satisfy the Act's reasonableness standard ordinarily is a question of fact for the jury and not one to be decided at the pleading stage." *Dick Corp. v. SNC-Lavalin Constructors, Inc.,* No. 04 C 1043, 2004 U.S. Dist. LEXIS 26767, at *30-31.

Plaintiffs are required to identify purported trade secrets but may do so in broad or general terms in order to avoid disclosing said trade secrets in its court filings. *Wells Lamont Indus. Grp. LLC v. Mendoza*, 2017 U.S. Dist. LEXIS 119854, at *6 (N.D. Ill. July 31, 2017) (citing *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 920-21 (N.D. Ill. 2016) (holding that a complaint was well-pleaded when it identified the purported trade secrets as including "business models, . . . business plans, and product development plans"); See also *Smart Mortg. Ctrs* (holding that "[T]rade secrets 'need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the

7

purported trade secrets'"). Plaintiffs therefore sufficiently identify and describe their claimed trade secrets (*See* Cmplt. ¶¶ 220-244).

Plaintiffs have also established misappropriation of said trade secrets. "Misappropriation includes acquisition of a trade secret by improper means and disclosure or use of a trade secret without express or implied consent. Improper means includes 'theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means.'" *Indus. Packaging Supplies, Inc. v. Channell*, 2018 U.S. Dist. LEXIS 93598, at 5 (N.D. Ill. June 4, 2018). Plaintiffs met the requirements by stating: "Defendants violated [the DTSA] by breaking into Plaintiffs' computers without authorization, stealing the source codes for their own use and the hardware designs in hopes of taking over Plaintiffs' business", "Defendants have misappropriated and used Plaintiffs' Trade Secret source code and proprietary software architecture, including without limitation confidential information relating to Plaintiffs' proprietary architecture design, proprietary software, and internal software methodology", and "Defendants violated the [DTSA] by…utilizing Plaintiffs' Trade Secrets in Defendants' products, equipment, and within its industry; Misappropriating Plaintiffs' proprietary hardware designs; Misappropriating Plaintiffs' source code; Divulging Plaintiffs' Trade Secrets to third parties; and using improper means to access and misappropriate Plaintiffs' source code (Cmplt. ¶¶ 234A-F, 243A-E). The Court in *Bay Fasteners & Components, Inc. v. Factory Direct Logistics, Ld. Liab. Co*, explicitly held that the DTSA's definition of a trade secret is broad and does not have a heightened pleading standard. 2018 U.S. Dist. LEXIS 46155, at 8-9 (N.D. Ill. Mar. 20, 2018); citing to *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 2017 U.S. Dist. LEXIS 207932, 2017 WL 6507110, at *10 (S.D.N.Y. Dec. 18, 2017) (where the Court denied the defendant's motion to dismiss, holding that the plaintiff's allegations that the trade secret "derived

economic value from not being generally known to others who could obtain economic value from its disclosure or use," was enough to sufficiently plead a claim for violations of the DTSA).

Defendant' arguments are baseless and without any legal authority to support the assertion that Plaintiffs' count is bereft of factual claims. Plaintiffs sufficiently plead violations of the DTSA, and therefore Defendants' Motions to Dismiss as to Count VIII should be denied.

## II. STATE LAW CLAIMS

This Court should deny Defendants' Motion to Dismiss the state law claims irrespective of the Court's ruling on the above-mentioned federal causes of action. A federal district court's decision to exercise subject matter jurisdiction over any pendant state law claims is purely discretionary. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 173 L. Ed. 2d 843 (2009). Moreover, Plaintiffs have sufficiently plead each state law claim against Defendant Stephens, Eagle, and Byerly, and for the following reasons, Defendants' motion to dismiss should be summarily denied as to the state law claims.

### A. Plaintiffs Sufficiently Plead All Counts of Fraud

To state a claim for fraud, Plaintiffs must allege: "(1) [Defendants] made a false statement of material fact; (2) which [Defendants] knew or believed to be false; (3) with the intent to induce [Plaintiffs] to act; (4) the [Plaintiffs] justifiably relied on the statement; and (5) the [Plaintiffs] suffered damage from such reliance." *Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 866 (7th Cir. 2020). For common law fraud a complaint must plead that Defendants knew the alleged misrepresentations were false, and that Plaintiffs in turn relied on the false statements. *Biesterfeld v. Ariosa Diagnostics, Inc.*, 2022 U.S. Dist. LEXIS 59944, at 11 (N.D. Ill. Mar. 31, 2022); See also *Castlerigg Master Invs., Ltd. v. Abbvie, Inc.*, 2021 IL App (1st) 200527, 191 N.E.3d 121, 2021 WL 1213171, at *4 (2021). As previously discussed, allegations of fraud are also subject to

9

FRCP 9(b)'s heightened pleading standard of stating the claims with particularity. Court must still accept the plaintiffs' factual allegations as true and draw all reasonable inferences in their favor. *Borsellino v. Goldman Sachs Grp., Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). Furthermore, courts have held that a plaintiff has more leeway when the facts supporting the allegations are in the exclusive knowledge of the defendant. *Colman v. Greenfield*, 2005 U.S. Dist. LEXIS 23498, at 16 (N.D. Ill. Oct. 11, 2005).

    i.   <u>Count II</u>

Defendant Stephens wrongly attempts to argue that Count II is a breach of contract claim, rather than fraud. However, the facts plainly describe instances of fraud and Plaintiffs establish each element of fraud throughout the count, *with particularity*. First, the Complaint states that the named Defendants in the claim, including Defendant Stephens, represented themselves as a legitimate advertising and marketing firm that would provide services such as web designs and various forms of advertising, and that these statements "were false when made," (Cmplt. ¶¶ 143, 145, 147, 152, 156).

Next, the Complaint pleads Defendants' knowledge of the false claims: "these representations were knowingly false when made; In fact… [the defendants] had been named in multiple lawsuits and were subject to an FTC injunction for fraudulent marketing practices," (Cmplt. ¶¶ 152-153). Plaintiffs then continue to describe Defendants' intent to induce payments and to solicit money from Plaintiffs based on the fraudulent statements made (Cmplt. ¶¶ 155, 157). Plaintiffs relied on the above statements and hired Defendants for their "marketing services."

To plead the final element for fraud, Plaintiffs exhibit several detailed accounts of damage from their reliance on Defendants' fraud. The Complaint indicates an initial payment by Plaintiffs of $800,000.00, followed by an additional $60,000.00. (Cmplt. ¶ 154). Then, allegations describe

that Defendants created scenarios orchestrating fraudulent crises and numerous misrepresentations to solicit money, which Plaintiffs justifiably relied on. (Cmplt. ¶ 158A-G, 159). The instances include: lying about, concealing and denying history of litigation against Defendants' associates, business partners, and former corporations; failing to inform Plaintiffs of the FTC Order and government sanctions against their former company, even when explicitly asked about any history of litigation prior to payment and contract negotiations; falsely representing that an unknown third party was targeting Skycoin by linking pornographic blogs and other harmful spam content to Skycoin's website; falsely agreeing to seek written pre-approval from the Company for incurred expenses; falsely representing that Defendants would provide marketing, advertising, and web design services to Plaintiffs; and falsely representing the expenses and costs of said marketing and advertising services. Due to these acts, Plaintiffs allege substantial economic loss through the loss of business, revenue, contacts, market visibility, and damage to reputation (Cmplt. ¶ 158A-G; *see also* ¶¶ 36-111, "Facts Common to All Counts"). The Complaint contains detailed facts spanning over twelve (12) pages to support Plaintiffs' allegations of fraud, making Defendant Stephen's assertion that Plaintiff's count is general and vague entirely baseless. It is very clear from the alleged facts that this fraud extends well beyond any breach of contract and strikes at the heart of every interaction between Plaintiffs and Defendant Stephens before, during, and after any agreement was made regarding marketing. For these reasons, this Honorable Court should deny the motion to dismiss as to Count II.

    ii.    <u>Count IV</u>

Defendant Stephens continues to make meritless arguments against Plaintiffs' claims for fraud. In Count IV, Plaintiffs once more allege fraud by pleading each element with particularity. The heightened pleading standard, in short, includes pleading "the who, what, when, where, and

11

how." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012). To meet the "who" element, Plaintiffs plead that Defendants Stephens, Gevirtz, Kunstman, and Cuthriell entered into an oral agreement with Plaintiffs (Cmplt. ¶ 180). The oral agreement was for Defendants' marketing services, which was entered into on or about January 8, 2018, thus satisfying the "what" and "when" prongs (Cmplt. ¶ 180). Finally, Plaintiffs deep dive into the "how" details, explaining the existence of a Rewards Program offered by Plaintiffs, which Defendants developed a hacking software running "over 300 nodes on a physical computer" to defraud the Rewards Program and fraudulently obtaining between two to four million dollars (Cmplt ¶¶ 182-185). Plaintiffs alleged all elements of fraud, showing that the representations made by Defendants were false, that Defendants knew they were false when making them with the intent to induce Plaintiffs, that Plaintiffs relied on the statements and were in turn damaged (Cmplt. ¶¶ 185-189). *Smart Oil*, 970 F.3d at 866. Defendant Stephens' Motion to Dismiss Count IV must be denied as it undoubtedly meets the heightened pleading standard.

### B. Plaintiffs Sufficiently Plead Count V for Civil Conspiracy.

Defendant Stephens, Eagle, and Byerly somehow attempt to argue that Plaintiffs' Count V for Civil Conspiracy is void of facts to support the required elements. In Illinois, civil conspiracy consists of "a combination of two or more persons for the purpose of accomplishing, by some collaborating action, either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate Ltd.,* 164 Ill.2d 54, 62-63 (1994); See also *Georgeson v. Dupage Surgical Consultants, LTD*, 2005 U.S. Dist. LEXIS 14901, at 6 (N.D. Ill. July 26, 2005). The first substantive paragraph of Count V outright pleads "Defendants *agreed and conspired* …to defraud Plaintiffs, tortiously interfere with their business relationships, commit various acts of wire fraud, computer fraud, manipulate cryptocurrency market, and covert Plaintiffs' property

12

surreptitiously," (emphasis added) (Cmplt. ¶ 195). Count V realleges the first 111 paragraphs of the Complaint, encapsulating specific facts consisting of fraud (Cmplt. ¶ 194). Plaintiffs then set forth ten specific instances with extensive facts to support the showing of tortious acts committed in furtherance Defendants' agreement. (Cmplt. ¶ 196A-F). The Count ends by pleading damages caused from Defendants' conspiracy. (Cmplt. ¶ 199). As evidenced, Plaintiffs sufficiently plead civil conspiracy to survive the three Defendants' 12(b)(6) Motion to Dismiss.

### C. Plaintiffs Sufficiently Plead Count VI for Tortious Interference.

Defendants conveniently ignore the facts set forth in Count VI of the Complaint. Count VI realleges paragraph 1-111 of the Complaint, which detail the foundation for Defendants' involvements with one another, including Defendant Stephens, Byerly, and Eagle and their involvement in a marketing scheme against Plaintiff (Cmplt. ¶¶ 45-52). Tortious interference with a business relationship, requires pleading (1) a reasonable expectation of future business with a third party, (2) defendant's knowledge of the prospective business, (3) defendant's purposeful interference to prevent the expectancy from being fulfilled, and (4) resulting damage to the plaintiff. *Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir. 1998). Count VI step by step identifies the elements and facts to support a tortious interference claim. In brief, the Plaintiffs (1) developed relationships with various vendors participated in certain internet exchange markets in order to do business, (2) Defendants were fully aware of that Plaintiffs' Skycoin Tokens must be sold on the internet exchange markets, and (3) Defendants intentionally made public statements harming the reputation of Plaintiffs, including false allegations of drug use and criminal charges against Smietana, resulting in removal of plaintiffs' products from several of the exchanges (Cmplt. ¶¶ 201, 203-208, 210). In *SC Logistics, Inc. v. Innovative Movements, Inc.*, the Court denied the motion to dismiss the plaintiff's tortious interference claim, reasoning that DSC alleged a

reasonable expectation of future business, knowledge by the Defendants of that business expectancy, interference in the form of an email, and damages. 2004 U.S. Dist. LEXIS 1412, at *8 (N.D. Ill. Feb. 4, 2004). Here, Plaintiffs' pleadings have far surpassed those set forth in by the *DSC* Court, therefore Defendants' Motion to Dismiss Count VI must be denied.

### D. Plaintiffs Sufficiently Plead Count IX for Unjust Enrichment.

Plaintiffs satisfied the standard to state a claim for unjust enrichment, pleading both that Defendants retained a benefit to Plaintiffs' detriment and that the retention of the benefit violates fundamental principles of justice, equity, and good conscience. *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). As Defendants' claim themselves, unjust enrichment can be brought about by unlawful or improper conduct, such as fraud, duress, or undue influence. *Alliance Acceptance Co. v. Yale Insurance Agency*, 271 Ill.App. 3d 483, 492, 648 N.E.2d 971 (1ˢᵗ Dist. 1995); See also *West v. Act II Jewelry, LLC*, 2016 U.S. Dist. LEXIS 34963, at 9 (N.D. Ill. Mar. 18, 2016) (where the court upheld plaintiff's unjust enrichment claim stating that the alleged fraud is separate and apart from the alleged contractual relationship). Here, Plaintiffs do just so by pleading that Defendants obtained approximately $2,000,000.00 in Skycoin Tokens through *false reward applications* and that the funds and goods unjustly retained *were stolen by fraudulent means* (Cmplt ¶¶ 249-250). Plaintiffs then explicitly plead that they received no equivalent value for the retained funds and goods and that it would be "unconscionable and against fundamental principles of justice, equity, and good conscience for Defendants to retain the benefit," (Cmplt. ¶ 251)

Finally, as to any contractual allegations mentioned in Defendants' arguments, the unjust enrichment allegations are not fully tied to the terms of any agreements between Plaintiff and Defendants, especially the fraudulently obtained $2,000,000.00 worth of Skycoin Tokens. Nonetheless, it was Plaintiffs intention to plead unjust enrichment in the alternative from any

contract claims. If this Court finds it necessary, this oversight can easily be remedied with leave of Court to amend the pleadings on their face and add that Count IX is pleaded in the alternative. As to the sufficiency, Plaintiff has alleged sufficient facts to satisfy the elements for unjust enrichment, and Defendant Stephens' Motion to Dismiss Count IX must therefore be denied.

### E. Plaintiffs Sufficiently Plead Count XII for Breach of Fiduciary Duty.

Plaintiffs adequately set forth facts and allegations that put Defendant Stephens on notice for breach of fiduciary duty. Under Illinois law, to state a claim for breach of fiduciary duty a plaintiff must plead: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages to the plaintiff as a result of that breach. *Robinson v. SABIS (R) Educ. Sys.*, 2000 U.S. Dist. LEXIS 5797 (N.D. Ill. Mar. 31, 2000). "A fiduciary duty arises either as a matter of law or by special circumstances." *Autotech Technology Ltd. partnership v. Automationdirect.com,* 471 F.3d 745, 748 (7th Cir. 2006). "To determine if special circumstances exist, courts consider the degree of kinship between the parties; the disparity in age, health, mental condition, education, and business experience between the parties; and the extent to which the servient party entrusted his business affairs to the dominant party and placed trust and confidence in it." *Autotech Technology Ltd. partnership v. Automationdirect.com,* 471 F.3d at 749.

Here, the Complaint pleads the existence of a fiduciary duty created when Plaintiffs hired Defendants as their marketing agency (Cmplt. ¶ 285). Plaintiff entrusted the marketing of Skycoin to Defendant based largely upon Defendants' fraudulent representations, and then relied upon and trusted Defendants' expertise in this particular field. Count XII properly alleged breach of said duty by the failure to perform marketing services (Cmplt. ¶¶ 287-290). Consequently, the breach resulted in damages to Plaintiffs (Cmplt. ¶ 291). Again, all well-pleaded allegations by Plaintiffs are to be taken as true and draw reasonable inferences in Plaintiff's favor. *Taha v. Int'l Bhd. of*

*Teamsters*, 947 F.3d 464, 469 (7th Cir. 2020). For those reasons, Defendants' Motions to Dismiss should be denied as to Count XII.

### F. Plaintiffs Sufficiently Plead Count XIII for Breach of Contract.

Count XIII sets forth each of the four elements required to satisfy a breach of contract claim, which include (1) the existence of a valid and enforceable contract; (2) plaintiff's performance of all required contractual conditions; (3) defendant's breach of the terms of the contract; and (4) damages resulting from the breach." *Lindy Lu LLC v. Ill. Cent. R.R. Co.*, 984 N.E.2d 1171, 1175 (Ill. App. Ct. 2013). Defendant Stephens bases his argument on the premise that Plaintiffs do not allege a written contract. However, in the Facts Common to All Counts (realleged in Count XIII), Plaintiffs clearly establish the existence of an oral agreement between the parties (including Defendant Stephens) where the terms included payments from Plaintiffs in return for marketing services performed by the named defendants (Cmplt. ¶¶ 36-42). Plaintiffs then indicate the performance of their contractual duties by making an initial agreed upon payment of $107,948.00, followed by a list of exact payments rendered for different services per the oral agreement. (Cmplt. ¶¶ 43, 44, 47, 49A-E). The Complaint then alleges that Defendants, including Stephens, breached their contract with Plaintiffs by failing to provide any marketing services for Plaintiffs, while still being paid for those services. (Cmplt. ¶¶ 49E, 297, 298A-G). Finally, Plaintiffs plead damages caused by Defendants' breach, including refusing to provide Plaintiffs with a refund for the payments rendered. (Cmplt. ¶¶ 61, 299).

Furthermore, should this court find that an express contract was not sufficiently plead, the facts asserted in the Complaint still successfully plead the breach of an implied-in-fact contract. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 883 (7th Cir. 2022 (holding that an implied-in-

16

fact contract must contain all the elements of an express contract, but unlike an express contract or other contracts, its terms are inferred from the conduct of the parties).

Moreover, Defendant Stephens asserts that Smolder LLC was included in the allegations for breach of contract, which is not true. Smolder LLC is not named in this Count or referenced as a party to the oral agreement. Plaintiffs have sufficiently plead breach of contract. Defendants' Motion to Dismiss Count XIII must be dismissed.

### G. Plaintiffs Sufficiently Plead Count XIV for Violations of 720 ILCS 5/12-7.1.

Finally, Plaintiffs sufficiently met the two-step analysis for pleading violations of the Illinois Hate Crimes Statue ("IHCA"), 720 ILCS 5/12-7.1. Defendant Stephens, on the other hand, conveniently ignores the pleadings along with the the several pages of *records* attached in Appendix D of the Complaint, detailing multiple occurrences of hate speech and slurs based on Plaintiffs' ancestry, national origin, and religion. First, Plaintiffs indicate that Defendants made numerous antisemetic statements and "threats of death, kidnapping, and other acts of violence of violence against Plaintiff Brandon Smietana, based on his religion and Jewish heritage. (Cmplt. ¶¶ 301-303). Next, Plaintiffs plead that Defendants acted on those threats through a home invasion where Plaintiff Smietana and his pregnant girlfriend were beat and tortured for approximately six hours. (Cmplt. ¶ 305). In *Abdoh v. City of Chi*, the Court denied the defendant's motion to dismiss that claimed the pleadings for violations of the IHCA lacked factual support and claimed only "conclusory allegation[s] of a violation" of the Illinois Hate Crime." 930 F. Supp. 311, 313 (N.D. Ill. 1996). The *Abdoh* Court held that no such detail is required at this stage, so long as the defendants were given minimal notice of the claim. *Id*; (citing to Jackson, 66 F.2d at 153-54; Palmer, 46 F.3d at 688; *Viero v. Bufano*, 901 F. Supp. 1387, 1394 n.9 (N.D. Ill. 1995)). Here, the allegations in Count III, when combined with those in the remainder of the complaint, are adequate

to put the defendants on notice of the claim. Accordingly, we deny the motion to dismiss Count III. Defendant Stephens' Motion to Dismiss Count XIV must be denied because Plaintiffs have met their pleading requirements.

## CONCLUSION

WHEREFORE, Plaintiffs, BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore corporation, and SYMBOLIC ANALYTICS, INC., a Delaware corporation, by and through their attorneys, request this Honorable Court deny Defendant Bradford Stephens', Ryan Eagle's, And Catherine Byerly's Motions to Dismiss Plaintiffs' Third Amended Complaint Under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), and for any and such other relief this Court deems appropriate.

Respectfully submitted,

**BRANDON SMIETANA, SKYCOIN GLOBAL FOUNDATION LIMITED, and SYMBOLIC ANALYTICS, INC.**

By: /s/James A. Karamanis
    One of Plaintiffs' Attorneys

DATED: December 11, 2023

James A. Karamanis
BARNEY & KARAMANIS, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: (312) 553-5300
james@bkchicagolaw.com

Michael C. Goode
MICHAEL C. GOODE & COMPANY
111 W. Washington Street, Suite 1750
Chicago, Illinois 60602
Tel.: (312) 541-1331
lawoffice_mcgoode@yahoo.com