UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDON SMIETANA and SKYCOIN GLOBAL FOUNDATION LIMITED, a Singapore company, and SYMBOLIC ANALYTICS INC. a Delaware Corporation<br>　　　　　Plaintiffs,<br>　　v.<br>BRADFORD STEPHENS, AARON KUNSTMAN, HARRISON GEVIRTZ, f/k/a "HaRRo", RYAN EAGLE, ANDREW YOUNG, FAR AHEAD MARKETING, JOEL WAYNE CUTHRIELL f/k/a "JOEL", MORGAN PECK, TRISTAN GREENE, BRYAN CLARK, CATHERINE BYERLY, STEVEN LEONARD, JOSH OGLE, and UNKNOWN INDIVIDUALS AND COMPANIES<br>　　　　　Defendants. | Case No.:　　　1:22-cv-00708<br><br>Hon. Sara L. Ellis |

**DEFENDANTS BRADFORD STEPHENS, RYAN EAGLE, AND CATHERINE BYERLY'S COMBINED REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

NOW COMES Defendants, BRADFORD STEPHENS, RYAN EAGLE, and CATHERINE BYERLY, by and though their undersigned attorneys, Cole Sadkin, LLC, reply in support of their Motions to Dismiss Plaintiffs' Third Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) as follows:

**ARGUMENT**

**FEDERAL CLAIMS**

**COUNT I: CIVIL RICO CAUSE OF ACTION**

   a. **Plaintiffs fail to meet the heightened pleading requirements.**

When a plaintiff's predicate acts rely on mail and wire fraud, the heightened pleading requirements are applicable. *See Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019). Plaintiffs are required to plead the who, what, where, when, and how. *See id*. Plaintiffs' Third

Amended Complaint does not meet this burden as to pleading the who, what, where, when, and how. Therefore, Plaintiffs' RICO claim must fail.

### b. Plaintiffs fails to allege conduct constituting continuity.

Plaintiffs fail to allege conduct constituting continuity. To establish a pattern, the plaintiffs must meet the "continuity plus relationship" standard. Plaintiff's' Third Amended complaint fails to sufficiently allege the continuity prong. In their Response, Plaintiffs argue that they had sufficiently pled open-ended continuity by pleading that the activities of the enterprise lasted over a span of four years and involved conduct of fraud, extortion, threats, scams, and acts of violence and theft against Plaintiffs. These allegations are not only generic, bald assertions, but these allegations are insufficient to establish a threat of continuity. "A threat of continuity cannot be found from bald assertions." *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 783. Because of this, Plaintiffs' claim must fail.

Furthermore, Plaintiffs' Third Amended Compliant fails to allege inherent conduct to the enterprise which demonstrates a specific threat of repetition. Courts have established that schemes lacking open-ended continuity possess a natural ending point. *See Vicom*, 20 F..3d at 783. Beyond conclusive pleading that the acts were still on-going, Plaintiffs fail to plead any further specificity to this allegation. A threat of repetition extending indefinitely into the future is required to be pled in order to establish open-ended continuity. *See Menzies*, 943 F.3d at 343. Because Plaintiffs have not sufficiently pled a threat of repetition, Plaintiffs' RICO Claim must fail.

Because the alleged scheme has a natural endpoint and Plaintiff's Third Amended Complaint fails to satisfy the open0ended continuity requirement, the defendants cannot be held liable under RICO. As this is Plaintiffs' Third Amended Complaint, it is clear that Plaintiffs can never plead a cause of action for civil RICO; Plaintiff's Count I must be dismissed with prejudice.

**COUNT VIII: DEFEND TRADE SECRETS ACT**

   a. **Plaintiffs fail to allege facts setting forth a trade secret.**

Plaintiffs do not set forth sufficient facts regarding any trade secret. Plaintiffs must do more than merely allege "hardware and software" or "source code" in general. *See AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 920-21 (N.D. Ill. 2001) (internal citations and quotations omitted). A "plaintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definitions." *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002).

In the Third Amended Complaint, Plaintiffs attempt to plead the existence of a trade secret but fall short. Plaintiffs' descriptions of the "trade secrets" are vague and generic and merely reference technology used throughout the entire cryptocurrency sector. Mere descriptions of products, processes, and technology that are widely known and available throughout the industry fail to adequately state a claim. *See Sirius computer Solutions, Inc. v. Sachs*, 2021 U.S. Dist. LEXIS 77595, 8. Because Plaintiffs plead no more than generic and vague descriptions such as "hardware and software that worked in conjunction with each other," Plaintiffs fail to set forth sufficient facts to establish a trade secret.

   b. **Plaintiffs fail to allege facts setting forth steps taken to safeguard any alleged trade secret.**

In their Third Amended Complaint, Plaintiffs' only allegation that Plaintiffs took any steps to safeguard the alleged trade secrets is that they were only known to Skycoin Officers. Compl. ¶ 230. This sole allegation does not meet the requirement that Plaintiffs took adequate steps to safeguard the trade secret.

    c. **Plaintiffs fail to allege disclosure or use of any alleged trade secret.**

Plaintiffs do not plead any factual allegations stating that any disclosure or use of the alleged trade secret occurred. Beyond conclusory allegations such as defendants "used," "misappropriated," or "divulged" the alleged trade secret, the Third Amended Complaint is bereft of any specific allegations or facts. Plaintiffs simply parrot the elements of a cause of action under the Defend Trade Secrets Act without including sufficient allegations that any trade secrets were disclosed or used. Therefore, Plaintiffs fail to allege the disclosure or use of any alleged trade secret; Count VIII must be dismissed.

As this is Plaintiffs' Third Amended Complaint, it is clear that Plaintiffs can never plead a cause of action under the Defend Trade Secrets Act; Plaintiff's Count VIII must be dismissed with prejudice.

**STATE COURT CLAIMS**

**COUNT II: FRAUD**

Allegations of fraud are subject to the heightened pleading standard of Fed.R.Civ.P. 9(b) which requires a plaintiff to plead fraud with particularity. *Slaney v. The Intl. Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Successfully stating a claim requires a false statement of material fact, knowledge that the statement was false by the party making it, intention to induce the other party to act, action by the other party in reliance on the statements and damages. *Board of Education v. A, C & S, Inc.,* 131 Ill.2d 428 452 (1989). Plaintiffs do not plead with any particularity or specificity any misrepresentations of material facts. Plaintiffs' fraud count is vague, contains generalities and facts that are not material to providing web design and marketing services. Therefore, Count II must be dismissed.

**COUNT IV: FRAUD**

Similar to Count II, the allegations contained within Count IV fail to meet the heightened standard to plead fraud. The allegations are all speculative and contain no factual support. Therefore, Count IV should be dismissed.

**COUNT V: CIVIL CONSPIRACY**

To state a claim for civil conspiracy, a plaintiff must allege an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means, a tortious act committed in furtherance of that agreement, and an injury caused by defendant. *Merrilees v. Merrilees,* 2013 IL App (1st) 121897 at 49. Civil conspiracy is not an independent tort; a plaintiff must state an independent cause of action underlying the conspiracy. *Id.* When a plaintiff alleges fraud, there is the heightened pleading requirement pursuant to Fed.R.Civ.P. 9(b).

Plaintiffs fail to plead specific facts which set forth a claim for civil conspiracy, specifically an agreement, specific acts, or the elements of the underlying causes of action which are merely stated by name with no additional allegations. All pleading is conclusory and devoid of factual allegations. Therefore, Count V must be dismissed.

**COUNT VI: TORTIOUS INTERFERENCE**

Under Illinois law, to state a claim for tortious interference, a plaintiff must plead facts to plausibly set forth a reasonable expectation of a business relationship, defendants' knowledge of the relationship/expectancy, and an intentional and unjustified interference by defendants that caused a termination of that relationship resulting in damages to plaintiff. *TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, 2012 U.S. Dist. 1677991, at 16, 17. Once again, the allegations contained within Plaintiffs' Third Amended Complaint do not rise to the level of stating a claim. Therefore, Count VI must be dismissed.

**COUNT IX: UNJUST ENRICHMENT**

To state a claim for unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989). Unjust enrichment does not apply where an express contract, oral or written, governs the parties' relationship. *See Perez v. Citicorp Mortgage, Inc.*, 301 Ill. App. 3d 413, 425 (1st Dist. 1998). Because Plaintiffs allege an agreement of money for marketing, advertising, and web design services, Plaintiffs plead themselves out of court as they do not plead in the alternative. Therefore, Count IX should be dismissed.

**COUNT XI: BREACH OF FIDUCIARY DUTY**

Plaintiffs fail to state a claim for breach of fiduciary duty. Plaintiffs fail to plead what agreement (agreements) is being referenced. It is unclear what the alleged "certain duties" of Defendant even are. Plaintiffs fail to set forth any facts, whatsoever, which state a cause of action for breach of fiduciary duty or even facts which allege that a duty existed between Defendants and Plaintiffs.

**COUNT XII: BREACH OF CONTRACT**

Plaintiffs fail to plead a cause of action for breach of contract. In their Third Amended Complaint, Plaintiffs do not plead the terms of the agreement or the rights or responsibilities of the parties to the agreement. Despite alleging that Plaintiffs performed their obligations, Plaintiffs do not plead what these obligations were. Finally, Plaintiffs do not plead sufficient facts to indicate

a breach of the contract or damages caused as a result of any alleged breach of the contract. Therefore, Count XII must be dismissed.

**COUNT XIII: VIOLATIONS OF 720 ILCS 5/12-7.1**

Plaintiffs fail to make a claim under 720 ILCS 5/12-7.1 (the Illinois Hate Crimes Statute). A plaintiff states a claim if he alleges injury resulting from an assault or battery that was motivated because of his actual or perceived race, ancestry, or national origin. *Lee v. Radulovic*, 1994 U.S. Dist. LEXIS 9871, *3 (N.D. Ill. 1994). Plaintiffs allege, upon information and belief, that defendants making antisemitic statements on the internet or in person, but these are solely conclusions. These statements are not sufficient to state a claim under 720 ILCS 5/12-7.1. Furthermore, no crime was committed which was motivated because of any actual or perceived race, ancestry, or national origin. Therefore, Count XIII should be dismissed.

## CONCLUSION

This is Plaintiffs' fourth attempt at filing a complaint against Defendant. To date, Plaintiffs have failed to state a claim for a single cause of action against Defendants. This is because the facts do not exist where Plaintiffs would be able to state a cause of action against Defendants. At this point, additional attempts would be futile.

WHEREFORE, Defendants, BRADFORD STEPHENS, RYAN EAGLE, and CATHERINE BYERLY, respectfully request that this Honorable Court dismiss all counts against them pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure and for any such further relief as this Honorable Court deems appropriate.

Dated: January 12, 2024                                  Respectfully submitted,

                                                         BRADFORD STEPHENS,
                                                         RYAN EAGLE, and
                                                         CATHERINE BYERLY

                                                  */s/ Dean Barakat*
                                                  One of their attorneys

**COLE SADKIN, LLC**
Mason S. Cole (ARDC No. 6307727)
Dean Barakat (ARDC No. 6255594)
1652 W Belmont, Ste 1
Chicago, IL 60657
P: (312) 380-7132
mcole@colesadkin.com
dbarakat@colesadkin.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2024, he electronically filed the aforementioned documents, pleadings, or papers with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all CM/ECF participants.

                                                  */s/ Dean Barakat*